Christopher A. Seeger (admitted *pro hac vice*)
Daniel R. Leathers (admitted *pro hac vice*)
Scott A. George (admitted *pro hac vice*)
SEEGER WEISS LLP
77 Water Street, 26th Floor
New York, NY 10005
Tel: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
DLeathers@seegerweiss.com
sgeorge@seegerweiss.com

James E. Cecchi (admitted *pro hac vice*)
Lindsey H. Taylor (admitted *pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

Steve W. Berman (admitted *pro hac vice*)
Catherine Y.N. Gannon (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

Roland Tellis (SBN 186269)
Mark Pifko (SBN 228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Tel: (818) 839-2320
Fax: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LINDSEY ABERIN, RON ALUL, DON AWTREY, DANIEL CRINER, JARED CROOKS, REBECCA GRAY, MARK GERSTLE, JOHN KELLY, YUN-FEI LOU, JORDAN MOSS, DONALD TRAN, ARPAN SRIVASTAVA, DONALD TRAN, and MELISSA YEUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 3:16-cv-04384-JST<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Complaint filed: August 3, 2016**<br><br>**[N.D. CAL. L.R. 7-11]**<br><br>Judge: Hon. Jon S. Tigar |

010622-11 917793 V1

## I. INTRODUCTORY STATEMENT

As required by the October 12, 2016 Clerk's Notice in *Ron Alul et al v. American Honda Motor Company, Inc.*, 3:16-cv-04384-JST (N.D. Cal.), counsel for Plaintiffs in the above-captioned action and Defendant American Honda Motor Company, Inc., ("AHM," and with Plaintiffs, the "Parties") respectfully submit this Joint Case Management Conference Statement. Plaintiffs and AHM submit this statement in the event the Court denies transfer of the case back to the Central District of California.

## II. JOINT CASE MANAGEMENT CONFERENCE STATEMENT

### A. Jurisdiction and Service

The Court has subject matter jurisdiction over this case as it is based on diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs served AHM on August 11, 2016. All Parties have agreed to accept service via electronic means to the electronic mail addresses provided by the Parties' counsel to the Court.

### B. Relevant Factual Background

#### 1. Summary of Plaintiffs' Allegations

Acura is the luxury vehicle marque of Japanese automaker AHM. By the mid-2000s, the popularity of mobile devices made it increasingly necessary for manufacturers equip their luxury cars with "hands-free" calling, where owners "pair" cell phones with the car using Bluetooth® technology. AHM was in the lead of this cutting edge technology, being the first to offer "hands-free" calling with its HandsFreeLink™ system starting with 2004 model year Acura vehicles ("Class Vehicles").

Unfortunately, the HandsFreeLink™ system has been defective from the beginning. The feature will get stuck "on" even if not in use and even after the car's ignition switch is turned off. Once stuck "on," the HandsFreeLink™ system creates a constant and substantial parasitic electric drain on the electric system, leading to drained and dead batteries, recurring battery replacement, and premature failure of other essential electric components such as alternators. Owners of Class Vehicles with the HandsFreeLink™ system find themselves with cars that will not start after a

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT- 1
3:16-cv-04384-JST
010622-11 917793 V1

short period of non-use and electrical systems prone to fail even when the car is in operation. Ultimately, these owners find themselves with cars that are less valuable than comparable cars with properly functioning "hands-free" systems.

Defendant admitted as such as early as June 29, 2005 in an internal Technical Service Bulletin ("TSB") (distributed only to Acura dealers). Entitled TSB 05-20 "HandsFreeLinkTM (HFL System Does Not Work")", it noted that the HandsFreeLink™ system will get "locked up" in an "on" position. Defendant also stated in that Service Bulletin that the HandsFreeLink™ system staying "on" may cause a dead or low battery while the vehicle's ignition switch is off. Defendant provided no special warranty coverage for replacement of the HandsFreeLink™ system and directed dealers to use the same type of HandsFreeLink™ system for replacement. AHM issued at least two modifications to TSB-08-057. One was dated January 6, 2010 and the other on March 30, 2012. To date, AHM has not disclosed this defect, directly to owners or lessees with the HandsFreeLink feature, nor has the Company facilitated a meaningful solution.

Acura owners are now faced with the choice of expensive replacement of the HandsFreeLink™ system (in excess of $1,000.00)—with no promise that the replacement also will not get stuck "on,"—or disabling the HandsFreeLink™ system by disconnecting the HandsFreeLink™ system from the car, thereby foreclosing on Plaintiffs' ability to use the feature they originally paid for. AHM concealed this defect and has refused to repair or replace the HandsFreeLink™ unit free of charge outside of the warranty periods despite its existence at the time of sale or lease of the Class Vehicles. As a result of AHM's unfair deceptive and/or fraudulent business practices, and its failure to disclose defects in the HandsFreeLink™ system, owners and/or lessees of the Class Vehicles have suffered losses in money and/or property. Had Plaintiffs and the other Class members known of the defects in the HandsFreeLink™ system at the time they purchased or leased their vehicles, they would not have purchased or leased those vehicles, or would have paid substantially less for the vehicles than they did.

2. **Defendant's Statement Regarding Plaintiffs' Allegations**

Defendant denies Plaintiffs' allegations and further states this action is without merit.

Defendant expressly denies that it violated consumer protection statutes, breached express and implied warranties (and the Magnuson-Moss Warranty Act), committed fraud by concealment, and was unjustly enriched. Defendant specifically denies that the allegations in the complaint present "safety concerns," and further states that the Court should defer to the jurisdiction of the National Highway Traffic Safety Administration (NHTSA) as it is the agency charged with making such determinations. Defendant denies that Plaintiffs are entitled to any relief. Defendant denies that this case is amenable to class treatment regardless of how the proposed classes are defined. Defendant contends this case should be transferred back to the Central District of California, where Plaintiffs' counsel first filed it.

**C.    Legal Issues**

The Parties anticipate the following disputed points of law, among others, will arise in this case:

- Whether Plaintiffs have adequately pleaded causes of action for violation of the Magnuson-Moss Warranty Act (MMWA), state warranty laws, and state consumer protection statutes, including under the pleading requirements set forth in *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544 (2007) and its progeny and, even if so, whether Plaintiffs' claims are nevertheless barred as a matter of law on other grounds;

- Whether Plaintiffs have properly pleaded a MMWA claim on behalf of any proposed class of persons where the MMWA specifically requires the number of named plaintiffs in a proposed class action to be greater than 100 (15 U.S.C. § 2310 (2015)).

- Whether Plaintiffs' claims are sufficiently common and otherwise satisfy the requirements of Fed. R. Civ. P. 23 such that an aggregated proceeding is both manageable and comports with due process;

- Whether California law can lawfully be applied to the claims of all Plaintiffs and members of their proposed "nationwide" class, where many such persons have no connection whatsoever to California, and are neither residents of California nor purchased their vehicles in California;

- Whether each (or any) of Plaintiffs' vehicles presents a safety risk as a result of the alleged problems the vehicles have with their HandsFreeLink™ systems, such that Plaintiffs are entitled to obtain injunctive relief in the form of a court-ordered recall and as otherwise may affect entitlement to relief;

- The impact of lack of privity with AHM on the claims of certain Plaintiffs and members of the proposed classes;

- Whether Plaintiffs are entitled to punitive, actual, and statutory damages, costs, attorneys' fees, pre- and post-judgment interest, declaratory relief, equitable relief, and any other relief provided for by federal and state law;

- Whether AHM is entitled to costs and any other relief the Court deems appropriate;

- Whether certain of Plaintiffs' requests for relief are barred by the primary jurisdiction doctrine;

- Whether certain causes of action are barred by applicable statutes of limitation; and

- The legal impact of the fact that many Plaintiffs and members of the proposed classes admit to have purchased their vehicles used from third parties.

**D.    Motions**

There is currently one motion pending in this action. On October 26, 2016 AHM moved, pursuant to 28 U.S.C. § 1404(a), and the first-to-file rule, for an order transferring this case to the United States District Court for the Central District of California, Dkt. No. 30. On November 9, 2016, Plaintiffs responded to AHM's motion. Dkt. No. 33. On November 16, 2016, AHM replied in support of their motion. Dkt. No. 34.

Should the case proceed in this Court, the Parties currently anticipate the filing of at least the following pretrial motions: Defendant's Motion to Dismiss, and Plaintiffs' Motion for Class Certification.

**E.    Amendment of Pleadings**

Plaintiffs filed the Amended Complaint on October 17, 2016. Dkt. No. 29.

**F.    Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken reasonable and proportionate steps to preserve relevant evidence relevant to the issues reasonably evident in this action. The Parties are continuing to meet and confer regarding the Checklist for ESI Meet and Confer.

**G.    Disclosures**

Plaintiffs propose exchange of initial disclosures within 14 days of when an order is entered resolving AHM's pending motion to transfer. The burdens posed by Initial Disclosures are slight and the Rules require response within 14 days of the Rule 26 regardless of the pendency of a motion to dismiss which Defendant has represented will only be seeking dismissal of certain aspects of the action.

Defendant proposes exchange of initial disclosures within 14 days of when an order is

entered resolving AHM's forthcoming motion to dismiss. Defendant proposes this because Plaintiffs claim that *every Acura with a HandsFreeLink system ever made* is "defective," which means that dozens and dozens of makes and models are implicated (*i.e.*, from 2004-present, more than twelve years of vehicles, comprising many, many different models and trim levels), as well as different HandsFreeLink systems. In the event the Court rules favorably on AHM's motion to dismiss, the number of makes and models in issue will be significantly reduced. In short, it will be extremely burdensome for AHM to create initial disclosures and produce documents in connection with the initial disclosures, so AHM would like to avoid having to undertake such a burden if it's not actually necessary for AHM to do so.

In the event the Court is inclined to require AHM to provide initial disclosures and documents prior to the Court's ruling on AHM's pending motion to dismiss, AHM respectfully requests the Court allow AHM to provide initial disclosures for the vehicles and claims not subject to dismissal by the motion and then permit AHM to supplement its disclosures as appropriate after the Court rules on the pending motion to dismiss.

**H.     Discovery**

No discovery has been taken. The Parties have already begun to meet and confer on their preservation responsibilities and the production of ESI. The Parties agree to use good faith efforts to respond in writing to discovery requests by no later than the date required by the Federal Rules of Civil Procedure, with the Parties having ninety days to respond to initial discovery requests. The Parties further state if additional time to respond proves necessary to any given discovery request, to meet and confer in good faith to determine reasonable, alternative dates by which to respond.

Rolling productions will be permitted.

The Parties anticipate that they will file a Stipulated Protective Order to govern issues such as the production of confidential and sensitive information, with heightened tiers of protection as appropriate for competitively sensitive information.

**I.     Class Action**

**1.     Plaintiffs' Statement**

Plaintiffs will file a motion to certify classes pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3) substantially similar to the classes defined in the Amended Complaint and for the reasons set forth therein.  Plaintiffs anticipate the need for a further scheduling conference to address the dates for briefing surrounding Plaintiffs' Class Certification motion(s) and ESI status; but, estimate that they will move for class certification 9-10 months after the initial case management conference.  In an effort to streamline the class certification motion practice in this litigation, Plaintiffs may propose a "bellwether" or test case approach to class certification, whereby the parties would agree to initially engage in class certification motion practice with respect to a small subset of the states implicated in this litigation.

### 2. Defendant's Statement

Defendant denies that Plaintiffs have satisfied the Court's requirements for this section of the Joint Case Management Statement, including because they have failed to (1) describe the class or classes in whose behalf the action is brought and (2) identify facts showing that they are entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b).

AHM further states that Plaintiffs' claims are not amenable to class treatment including because (among other reasons): there is not just one "HandsFreeLink system" installed in all Acura vehicles since 2004 as Plaintiffs contend; many Plaintiffs' vehicles have been driven (and the HandsFreeLink system fully utilized) well beyond the vehicles' useful lives; the various HandsFreeLink systems installed in Acura vehicles are not defective; Plaintiffs cannot establish a causation between their alleged complaints regarding their vehicles' "electrical systems" and the HandsFreeLink systems in their vehicles; significant differences in the laws of the states and how they apply to the differently-situated Plantiffs and members of the proposed classes operate to defeat the Rule 23 factors (including commonality and predominance) as a matter of law.

AHM contends that a "bellweather" or "test case" approach would be inappropriate in this case given (among other things) the lack of predominance of common issues of fact and law.

**J.     Related Cases**

To the best of the Plaintiffs' knowledge, there are no other related cases pending in the any other district or state court.  AHM is unaware of any cases that are currently pending aside from this one, but states that there would be an earlier-filed, pending case had Plaintiffs not voluntarily dismissed it prior to filing this case in this Court.   Relief

**K,     Relief**

   **1.     Plaintiffs' Statement**

Plaintiffs seek:

- certification of the proposed classes;
- appointment of class representatives and Class Counsel;
- an order temporarily and permanently enjoining AHM from continuing the unfair business practices;
- injunctive relief in the form of a recall or free replacement program;
- costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;
- an order requiring AHM to pay both pre- and post-judgment interest on any amounts awarded;
- an award of costs and attorneys' fees; and
- such other or further relief as may be appropriate.

   **2.     Defendant's Statement**

AHM denies Plaintiffs are entitled to any relief whatsoever, including without limitation the relief sought in the complaint.  AHM seeks recoverable attorneys' fees and costs and such further and other relief as deemed just and proper by the Court.

**L.     Settlement and ADR**

The Parties met and conferred regarding ADR and have reached a stipulation pursuant to Civil L.R. 16-18 and ADR L.R. 3-5. The Parties have agreed to participate in the private ADR option, specifically mediation by a JAMS Mediator to be agreed upon by the Parties. The deadline requested by the Parties is August 1, 2017. This Court entered the Order Selecting ADR Process, as outlined above, on November 18, 2016 Dkt. No. 40.

**M.     Consent to Magistrate Judge For All Purposes**

The Parties do not consent to a Magistrate Judge for all purposes.

**N.     Other Reference**

To the extent not handled by this Court, discovery matters should be referred to a Magistrate Judge of this Court.

**O.     Narrowing of Issues**

The Parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial, as the deadline for AHM to respond to Plaintiffs' Amended Complaint has not yet passed.  The Parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**P.     Expedited Trial Procedure**

The Parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**Q.     Scheduling**

**1.     Plaintiffs' Statement**

Plaintiffs propose that written discovery requests can be issued after the completion of the initial case management conference. Plaintiffs estimate that the production and review of the written discovery requests would take approximately six months. During this time Plaintiffs will make available their vehicles for inspection and submit to depositions. After the six month document review period, Plaintiffs estimate taking selected 30(b)(6) depositions and also take several fact witness depositions.

 If there are no unexpected delays in production or the scheduling of witnesses, Plaintiffs estimate at this time moving for class certification 9-10 months after the initial case management conference.  While Plaintiffs propose that a complete schedule be agreed to between the parties and presented to the court within seven (7) following the decision on the pending motion to transfer, the following milestone dates are provided for the Court's consideration

- Document production period begins – January 2017

- Discovery cutoff – September 2017
- Designation of experts – September 2017
- Class Certification motion – October 2017
- Last day to hear dispositive motions – February 2018
- Pretrial conference date – April 2018
- Trial – July 2018

### 2. Defendant's Statement

In the event the case is not transferred back to the Central District of California, AHM believes it makes sense to submit a proposed schedule to the Court within seven (7) days after the Court rules on AHM's motion to dismiss given the scope of the case will vary considerably depending on the outcome of AHM's motion. AHM further states that discovery will likely not be limited to named plaintiffs, and it may make sense to stagger fact and expert discovery and to also set dates for rebuttal and reply expert reports.

In the event the case is transferred to the Central District of California, the Parties intend to meet and confer to prepare a Joint Case Management Conference statement in accordance with the requirements of that Court.

## R. Trial

Plaintiffs have demanded a jury trial of their claims against Defendant. The parties respectfully submit that it is premature to estimate an expected length of the trial.

## S. Disclosure of Non-party Interested Entities or Persons

### 1. Plaintiffs' Statement

Plaintiffs do not believe they would be required to file a statement pursuant to Local Rule 3-16 because Plaintiffs are not associated with persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (a) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**2. Defendant's Statement**

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, Defendant AHM has filed its "Certification of Interested Entities or Persons." ECF No. 16. AHM stated the following:

> Pursuant to Federal Rule of Civil Procedure 7.1 and Civil L.R. 3-15 of the United States District Court for the Northern District of California, Defendant American Honda Motor Co., Inc., certifies that it is a California corporation with its principal place of business in California. It is a wholly-owned subsidiary of Honda Motor Co., Ltd., a publicly-held company in Japan. Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the parties named herein, there is no other interest to report.

**T.    Professional Conduct**

All attorneys of record for the parties can certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**U.    Other Matters**

The parties do not believe any other matters are appropriate for discussion at this time.

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger (admitted *pro hac vice*)
Daniel R. Leathers (admitted *pro hac vice*)
Scott A. George (admitted *pro hac vice*)
SEEGER WEISS LLP
77 Water Street, 26th Floor
New York, NY 10005
Tel: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
DLeathers@seegerweiss.com
sgeorge@seegerweiss.com

Steve W. Berman (admitted *pro hac vice*)
Catherine Y.N. Gannon (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

James E. Cecchi (admitted *pro hac vice*)
Lindsey H. Taylor (admitted *pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

/s/ Livia M. Kiser
Livia M. Kiser (SBN 285411)
lkiser@sidley.com
Michael C. Andolina (admitted *pro hac vice*)
mandolina@sidley.com
Andrew J. Chinsky (admitted *pro hac vice*)
achinsky@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853.7000
Fax: (312) 853.7036

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6666
Fax: (213) 896-6600

*Attorneys for Defendant American Honda Motor Co., Inc.*

Dated: November 28, 2016

5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

Roland Tellis (SBN 186269)
Mark Pifko (SBN 228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Tel: (818) 839-2320
Fax: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

*Attorneys for Plaintiffs and the Proposed Classes and Subclasses*


Dated: November 28, 2016

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT- 11
3:16-cv-04384-JST
010622-11  917793 V1

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation. In compliance with Civil Local Rule 5.1(i)(3), I hereby attest that the signatory has concurred in this filing.

Dated: November 28, 2016                                    By: /s/ *Christopher A. Seeger*
                                                                   Christopher A. Seeger

INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT- 12
3:16-cv-04384-JST
010622-11  917793 V1