UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON ALUL, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>        Defendant. | Case No.16-cv-04384-JST<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>Re: ECF No. 30 |

      Before the Court is American Honda Motor Company, Inc.'s ("Honda") Motion to Transfer Venue. ECF No. 30. For the reasons below, the Court denies the motion.

### I.    Background

      On August 8, 2016, Plaintiffs Ron Alul, Mark Gerstle, William Kenar, Yn-Fei Lou, Apran Srivastava, and Melissa Yeung ("Plaintiffs") filed this putative class action against Honda. ECF No. 1. Plaintiffs allege that Honda equipped its Acura vehicles with a defective HandsFreeLink™ system that "strains the electric system" of its host vehicle, leading to "cars that do not start reliably, failed electrical components requiring expensive repairs and replacements, and compromised electric components that can fail even when the vehicles are in operation." Id. ¶ 59. Pursuant to stipulation, Plaintiffs amended their complaint on October 17, 2016, adding several additional named Plaintiffs. ECF No. 29. Relevant to this motion, several of the named Plaintiffs reside in the Northern District of California, purchased their defective vehicles in this district, and had those vehicles serviced here. ECF No. 33 at 7.

      Before Plaintiffs filed the instant action, a different, but similar, putative class action was filed in the Central District of California. Pfeiffer v. American Honda Motor Co., Inc., Case No.

16-cv-4507 (the "Pfeiffer action"). The Pfeiffer action also alleged defects in Honda's HandsFreeLink system and sought to certify essentially an identical class, although it "broadened the geographic scope of the claims and added several new alternate sub-classes." ECF No. 30 at 8, 10.[1] Although the named plaintiffs were different in the Pfeiffer action, they were represented by the same three firms representing Plaintiffs in this case. Id. at 7. Initially, the Pfeiffer action was assigned to Judge Cristina Snyder, but Judge Snyder subsequently recused herself and the matter was reassigned to Judge Real on July 2, 2016. Id. Honda claims that, unlike Judge Snyder, Judge Real "is known to vigorously enforce" a local rule in the Central District that requires the proponent of a class action to file a class certification motion within 90 days after service of a pleading. Id. at 8. Plaintiffs dispute this characterization. ECF No. 33 at 8-9. On July 12, 2016, the Pfeiffer plaintiffs voluntarily dismissed their case. ECF No. 30 at 8. This action was filed one month later.

## II. Requests for Judicial Notice

Honda filed a request for judicial notice accompanying its reply brief. ECF No. 34-1. The request seeks judicial notice of a number of publicly-filed documents and ECF reports related to cases in the Central District involving Plaintiffs' counsel and Judge Real. Under Federal Rule of Evidence 201, courts may take into account matters of public record, as long as they are not subject to reasonable dispute. The Court grants the request for judicial notice because all of the documents are properly a matter of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

## III. Legal Standard

### A. Transfer of Venue under 28 U.S.C. § 1404(a)

A court may transfer an action to another district: (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a). An action may not be transferred to a district where venue would have been improper if it originally had been filed there. Id.; Van Dusen v. Barrack, 376 U.S. 612, 613 (1964).[2] The Ninth Circuit

---

[1] The instant action includes in the class individuals who leased an Acura, while the Pfeiffer action includes only purchasers. Id.
[2] Here, there is no dispute that that venue would be proper in either the Northern or Central

requires that courts consider a variety of factors in determining whether to transfer an action. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. Barnes & Noble v. LSI Corp., 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). District courts have broad discretion to consider convenience and justice factors on a case-by-case basis. Jones, 211 F.3d at 498 (citation and internal quotation marks omitted). The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for the defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from one party to another. Van Dusen, 376 U.S. at 645–46.

### B.    First–to–File Rule

The well-established "first-to-file" rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court. Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.3d 622, 623 (9th Cir. 1991). A district court examines three threshold factors in deciding whether to apply the first to file rule: the chronology of the two actions, the similarity of the parties, and the similarity of the issues. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); Alltrade, 946 F.2d at 625–26.

While the first-to-file rule "should not be disregarded lightly," Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979), district courts can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity. Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). The "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 9595 (9th Cir. 1982).

---

District.

3

**IV.  Analysis**

Honda argues that transfer is appropriate under section 1404(a) and under the first-to-file rule.

### A.  Section 1404(a) Analysis

#### 1.  Plaintiff's Choice of Forum

Plaintiffs have chosen the Northern District as the forum for their lawsuit.  "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  Decker Coal Co., 805 F.2d at 843.  When, as here, "an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  See, e.g., Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  Nevertheless, particularly because several named Plaintiffs reside in the Northern District or purchased their Acuras here, Plaintiffs' "choice of forum is [still] entitled to deference, even though this factor is accorded less weight in a class action context."  Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund, No. 14-CV-05596-JST, 2015 WL 1738269, at *3 (N.D. Cal. Apr. 9, 2015); see also Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 544 (N.D. Cal. 2005) ("In class actions, this deference is reduced *where a plaintiff lacks contacts with the chosen district*.") (emphasis added); Lucas v. Daiichi Sankyo Co., No. C 11-0772 CW, 2011 WL 2020443, at *3 (N.D. Cal. May 24, 2011) ("Lucas's choice of forum in this action is entitled to reduced deference because he seeks to represent a class and he has filed his complaint in a district *outside of the district in which he is domiciled*.") (emphasis added).  Such deference is warranted because the named Plaintiffs, if they serve as class representatives, will "bear a great deal of responsibility," while the other putative class members will not likely "need to appear in this action."  Reyes, 2015 WL 1738269, at *3 (citing David v. Alphin, No. 06–cv–04763–WHA, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007).

The fact that not all the named Plaintiffs have a connection to this district "does not undermine the weight to be given plaintiffs' choice of forum."  Lax v. Toyota Motor Corp., 65 F. Supp. 3d 772, 778 (N.D. Cal. 2014).  And although Honda is headquartered in Torrance, California, Honda does not dispute that it maintains dealerships and serve centers in this district as well, has a "connection to this forum on issues (sales, service) related to the allegations of the

complaint." Id.  The fact that both parties have "significant contacts with the forum related to the claims in the Complaint give[s] weight to plaintiff's choice of forum, despite the fact that this is a class action." Id.  In other words, Plaintiffs' choice of the Northern District of as their forum is still presumptively the proper one.

"Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum." Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007).  Honda claims that Plaintiffs' dismissal of the Pfeiffer action so soon after the reassignment to Judge Real and only weeks before they filed their case in this Court demonstrates forum-shopping that justifies disregarding their choice of forum.

The Court acknowledges that Honda's characterization of Plaintiffs' actions is plausible and that another district court in this Circuit transferred a case under similar circumstances.  See, e.g., Alvarado v. Bank of Am., N.A., No. CIV S-08-2862 LKK/DA, 2009 WL 720875 (E.D. Cal. Mar. 17, 2009).  Nonetheless, the Court is ultimately swayed by Plaintiffs' argument that the lack of any unfavorable ruling in the Pfeiffer case casts serious doubt on any allegation of forum-shopping.  Nothing prohibits a law firm (or group of law firms) from "pursu[ing] the same claim in multiple courts . . . particularly when the cases are filed by different plaintiffs." True Health Chiropractic Inc. v. McKesson Corp., No. 13-CV-02219-JST, 2013 WL 6000539, at *3 (N.D. Cal. Nov. 12, 2013).[3]  "[A]ttempting to achieve tactical advantage in the choice of a forum . . . is a perfectly legitimate goal in an adversarial system of justice," so long as Plaintiffs are not trying to "escap[e] a prior unfavorable ruling in its own case." Id. (citing Sorensen v. Phillips Plastics Corp., No. 08–cv–03094–MHP, 2008 WL 4532556, at *3 (N.D. Cal. Oct. 9, 2008).  Because the Pfeiffer plaintiffs dismissed their case in the Central District before any decision issued, Honda cannot demonstrate that Plaintiffs in this case "chose the forum to escape an unfavorable ruling in a different district," which would undoubtedly raise an inference of forum-shopping. Cadenasso v. Metropolitan Life Insurance Co., No. 13-CV-05491-JST, 2014 WL 1510853, at *5 (N.D. Cal.

---

[3] Honda argues in reply that True Health is inapposite because it involves forum shopping, rather than judge shopping, but Honda also argues in its motion papers that "Plaintiffs' brazen forum shopping compels transfer." ECF No. 30 at 13.

1   Apr. 15, 2014).

2         The cases Honda cites in its transfer motion do not control the result here.  In <u>Forrand</u>, the
3   court granted the motion to transfer after explaining that, "*[m]ost significantly*, the timing between
4   Judge Fischer's *unfavorable ruling* . . . and the filing of this case strongly indicates a causal
5   relationship between the two."  <u>Forrand v. Fed. Exp. Corp.</u>, No. C07-4674 TEH, 2008 WL
6   276389, at *3 (N.D. Cal. Jan. 31, 2008).[4]  As noted above, no such unfavorable ruling exists in
7   this case.  Honda also points to <u>Emerson</u> as a similar case where this Court granted a motion to
8   transfer on forum-shopping grounds.  <u>Emerson v. Toyota Motor N. Am., Inc.</u>, No. 14-CV-02842-
9   JST, 2014 WL 6985183, at *1 (N.D. Cal. Dec. 9, 2014).  But there, it was the *same* plaintiff who
10  had brought the earlier-filed action in the different district.  <u>Id</u>.[5]  In sum, the Court does not
11  conclude that Honda's forum shopping allegations require it to disregard Plaintiffs' choice of
12  forum.

### 2. Convenience Factors

14        The convenience of the parties, convenience of non-party witnesses, and access to
15  evidence are all relevant factors in considering a motion to transfer.
16        Here, the Court agrees that the Central District would be a more convenient venue for
17  Honda.  Honda is headquartered in the Central District and has identified several key party
18  witnesses who reside there.[6]  ECF No. 30 at 12.  But "the convenience of a litigant's employee

---

[4] Nor does the Court place much weight in Honda's claims that Plaintiffs' counsel have "consistently and affirmatively [] sought to avoid Judge Real."  ECF No. 24 at 7.  For example, the fact that Mr. Berman once dismissed a case in front of Judge Real and once sought to remand a case that he originally filed in state court is hardly a consistent record of avoidance.  <u>Id.</u>

[5] The parties spend several pages debating whether the <u>Pfeiffer</u> plaintiffs initially continued to litigate their case after the reassignment to Judge Real, which would weigh against a claim of forum shopping.  Plaintiffs note that Pfeiffer filed a proof of service of summons *after* the reassignment to Judge Real, while Honda points out that the proof of service listed Judge Snyder's initials, not Judge Real's.  The Court is not convinced that either fact is particularly relevant.  For example, Pfeiffer may have simply made a mistake in her case caption.  As a result, the Court declines to wade into this factual debate.

[6] It is true that Honda could have provided more information about the content of the testimony it anticipates from these witnesses.  ECF No. 33 at 12-13.  Defendant's supporting declaration and motion list the five anticipated individuals and their titles, but do not "specify the nature of the testimony that his witnesses will provide."  <u>Sloan v. Pfizer, Inc.</u>, No. C 08-1849 SBA, 2008 WL 4167083, at *5 (N.D. Cal. Sept. 8, 2008)  That said, the Court disagrees with Plaintiffs that this is

1  witnesses are entitled to little weight because litigants are able to compel their employees to testify
2  at trial, regardless of forum." Lax, 65 F. Supp. 3d at 779[7] (quoting SkyRiver Tech. Solutions,
3  LLC v. OCLC Online Computer Library Ctr., Inc., No. 10–03305 JSW, 2010 WL 4366127, *3
4  (N.D. Cal. 2010). The convenience to Plaintiffs is neutral. Although several Plaintiffs "live,
5  purchased their vehicles, and had their vehicles serviced at Defendant's dealerships" in the
6  Northern District, ECF No. 33 at 11, the rest are scattered in other districts. When balancing these
7  considerations, the Court is cognizant of the fact that "a transfer is not appropriate merely to shift
8  the inconvenience from one party to another." Sloan, 2008 WL 4167083, at *4 (citing Van Dusen
9  v. Barrack, 376 U.S. 612, 646 (1964)). Therefore, Honda's convenience warrants some, but little,
10 weight in favor of transfer.

11 "The convenience of non-party witnesses is a more important factor than the convenience
12 of party witnesses." Metz v. U.S. Life Ins. Co., 674 F.Supp.2d 1141, 1147 (C.D. Cal.2009).
13 Honda has identified one non-party witness who resides in the Central District. ECF No. 30 at 17.
14 Plaintiffs respond that a third party component part supplier of the HandsFreeLink system is
15 another likely third party witness, who Plaintiffs believe to be located in Milwaukee, Wisconsin.
16 ECF No. 33 at 14. Given that Honda's declaration in support of its motion says that "the HFL
17 units at issue were developed by a third party component part supplier," Honda hyperbolizes when
18 it claims Plaintiffs' have "engaged in rife speculation" about third party witnesses. ECF No. 34 at
19 14. In any event, even if the Court disregards Plaintiffs' claim, a single third-party witness in a
20 class action case of this size weighs only slightly in favor of transfer.

---

grounds to deny Honda's motion, although it does mean "the convenience of such witnesses is entitled to less weight." Id.

[7] Honda argues that Plaintiffs overstate Lax's importance. ECF No. 34 at 16. For support, Honda first claims that the Lax court held that "that the CDCA 'would be more convenient'" but denied transfer on other grounds. Id. (quoting Lax, 65 F. Supp. 3d at 779). In so arguing, Honda conveniently leaves out the rest of the quoted text, which reads "the Central District would be more convenient *to defendants*, plaintiff Lax's choice of forum is entitled to substantial weight, particularly since many of the underlying facts in her case occurred here." Lax, 65 F. Supp. 3d at 779 (emphasis added). The Court does not dispute that the Central District would be more convenient for *Honda*, but that fact makes this case analogous to Lax, not distinguishable from it. Second, Honda argues against reliance on Lax because there was "not even a suggestion of forum or judge-shopping." ECF No. 34 at 17. But given that this Court rejected Honda's forum shopping argument here, that difference is of no importance.

Finally, Honda asserts that "the documents and evidence are largely located in the Central District of California (with the rest of them mostly in Ohio)." ECF No. 30 at 18. Courts have differing opinions on the continuing relevance of this factor in the digital age. One court in this district explained, for example, that "where electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of the information." Lax, 65 F. Supp. 3d at 780. A different court in this district determined that "while technological developments have reduced the burden of retrieving and transporting documents, and diminished the weight of this factor in the transfer determination, this factor nonetheless weighs in favor of transfer." Roe v. Intellicorp Records, Inc., No. 12-CV-02567-YGR, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012). Like the non-party witnesses, the Court finds this factor tips slightly in favor of transfer.

### 3.     Other section 1404(a) Factors

The other factors in the section 1404(a) analysis are largely neutral. As Honda concedes, both forums are familiar with the applicable law, the feasibility of consolidation with other claims is irrelevant because no other cases have been filed, and both districts are congested. ECF No. 34 at 15-16. Honda, citing a decision of this Court, argues that the Central District "has a greater interest in the present controversy because the action involves a business that is headquartered in that district and that employs residents of that district." Pierce-Nunes v. Toshiba Am. Info. Sys., Inc., No. 14-CV-00796-JST, 2014 WL 4674666, at *6 (N.D. Cal. Sept. 15, 2014). But in Pierce, none of the named plaintiffs lived or purchased the allegedly defective produce in the Northern District. Id. at *3. Here, by contrast, the Central District has an interest based on Honda being headquartered there, but so does the Northern District given that several of the named Plaintiffs reside or purchased their vehicles here.

Considering the weight given to Plaintiffs' choice of forum, the slight weight given to the convenience of Honda, and the relative neutrality of the other section 1404(a) factors, the Court finds that Honda has not demonstrated that balance of convenience and interests of justice factors clearly favor transfer.

### B. First-to-File Rule

Separate from the section 1404(a) analysis, Honda argues that transfer is required under the first-to-file rule. ECF No. 30 at 19. The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc., 678 F.2d at 94-95.

Honda argues that the first-to-file rule requires transfer to the Central District because the Pfeiffer case involved the same allegations as this case and was filed first in that district. ECF No. 30 at 19. Plaintiffs respond that the first-to-file rule does not apply where, as here, the earlier case is no longer pending and did not result in any unfavorable rulings while active. ECF No. 33 at 19.

The Court agrees with Plaintiffs. "[A] suit dismissed without prejudice . . . leaves the situation the same as if the suit had never been brought in the first place. Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959). Therefore, when a plaintiff voluntarily dismisses a case, the action terminates and has "no effect on the priority of filing of" other related actions. Com Sys., Inc. v. Nahmad, 924 F.2d 1062, 1991 WL 7602 at *4 (9th Cir. 1991). That is the situation here, where the Pfeiffer case was voluntarily dismissed before the court had issued any order at all.

The contrary authority Honda cites is unpersuasive. Honda principally relies on Cadenasso, in which this Court transferred a putative class action to the Southern District of Florida, where a similar case had previously been filed. 2014 WL 1510853, at *5. But as Plaintiffs note, in Cadenasso, the earlier-filed case was still pending in Florida district court when the motion to transfer was made. Moreover, the district court in Florida had issued substantive rulings on class certification. Id. Indeed, this Court transferred the case to Florida in part because it predicted that the judge in charge of the earlier filed case there might be assigned the transferred case and then consolidate the two. Id. at *11. The same considerations do not apply here, where there is no active case in the Central District and where no substantive rulings were ever issued.[8]

---

[8] The convoluted procedural history of the second case Honda cites makes it similarly unhelpful. See Heartland Payment Sys., Inc. v. Verifone Israel Ltd., No. C 10-0654 MHP, 2010 WL 1662478 (N.D. Cal. Apr. 22, 2010). Both Plaintiffs and Honda recite language from the Heartland opinion in support of their arguments. But the key fact in that case, like Cadenasso, was that the court

1   At bottom, the Court does not believe the first-to-file rule applies to the situation it faces here. It would not serve the purpose of "sound judicial administration," Pacesetter Sys., Inc., 678 F.2d at 9595, to send this case to a district where no similar case is pending.

**CONCLUSION**

Neither section 1404(a) nor the first-to-file rule requires transfer of this case to the Central District. Honda's motion to transfer venue is denied.

IT IS SO ORDERED.

Dated: December 7, 2016



JON S. TIGAR
United States District Judge

---

ultimately transferred the case to a district where a similarly filed case was still pending. Id. Moreover, it did so under section 1404(a), not the first-to-file rule.

10