Livia M. Kiser (SBN 285411)
lkiser@sidley.com
Michael C. Andolina (admitted *pro hac vice*)
mandolina@sidley.com
Andrew J. Chinsky (admitted *pro hac vice*)
achinsky@sidley.com
Kristen E. Rau (*pro hac vice* to be filed)
krau@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6666
Fax: (213) 896-6600

*Attorneys for Defendant American
Honda Motor Co. Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LINDSEY ABERIN, RON ALUL, DON AWTREY, DANIEL CRINER, JARED CROOKS, REBECCA GRAY, MARK GERSTLE, JOHN KELLY, YUN-FEI LOU, JORDAN MOSS, DONALD TRAN, ARPAN SRIVASTAVA, and MELISSA YEUNG individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 3:16-cv-04384-JST<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S REPLY IN FURTHER SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: February 23, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor, Phillip Burton Federal Building<br>The Hon. Jon S. Tigar |

## I. PLAINTIFFS HAVE NO REASONABLE BASIS TO OBJECT TO THE COURT TAKING JUDICIAL NOTICE OF THE LIMITED, WRITTEN NEW VEHICLE EXPRESS WARRANTIES APPLICABLE TO THEIR CARS

Plaintiffs allege in multiple counts in the Amended Class Action Complaint ("Complaint") that Acura breached its limited, written new vehicle express warranties (collectively, the "Warranty Booklets") with Plaintiffs and members of the proposed classes. Even though they expressly reference the Warranty Booklets, Plaintiffs claim that the Court cannot take judicial notice of them because (according to Plaintiffs) the only relevant bit in the Warranty Booklets is the term of 4 years/50,000 miles, which they have alleged in their pleading. Pls.' Opp. to AHM's Request for Judicial Notice ("RJN Opp.") (ECF No. 57) at 2. This argument is unavailing. Courts have rejected plaintiffs' attempts to parse documents on which they rely in their pleadings, including specifically in connection with warranty claims. *Kirsopp v. Yamaha Motor Co.,* Case No. CV 14-00496 BRO (VLKx), 2015 WL 11197829, at *3 (C. D. Cal., Jan. 7, 2015) (rejecting plaintiffs' argument that because "the First Amended Class Action Complaint referred to different sections" of the warranties, complete copies of the written warranties could not be judicially noticed.); *see also In re Tibco Software Secs. Litig.,* 2006 U.S. Dist. LEXIS 36666, *47-48 (N.D. Cal., May 25, 2006) (a court may take judicial notice of documents upon "which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint"); *Keegan v. Am. Honda Motor Co.,* 838 F. Supp. 2d 929, 936 n.38 (C.D. Cal. 2012) (holding the existence of the contents of a warranty is properly the subject of judicial notice.).

The existence and contents of the Warranty Booklets are thus properly judicially noticed regardless of whether Plaintiffs attach them or allege every jot and tittle of their contents. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1131 (N. D. Cal. 2010) (considering "the actual terms of [defendant's] one-year limited warranty … under the incorporation by reference doctrine").

## II. THE WARRANTY BOOKLETS ARE PLAINLY RELEVANT

Judicial notice of the Warranty Booklets applicable to the named plaintiffs' vehicles is appropriate. Plaintiffs admit they specifically reference the warranties and they pursue no fewer than 29 claims alleging breaches of both express and implied warranties. *See, e.g.*, "National Class"

Counts at Counts IV-VI; "Alternate California" Class Counts IV-VI; "Alternate Delaware Class" Counts at Counts III-V; "Alternate Florida Class" Counts III-V; "Alternate Kansas Class" Counts III-IV; "Alternate New Hampshire Class" Counts III-V; "Alternate New York Class" Counts III-V; "Alternate Ohio Class" Counts III-V; "Alternate Texas Class" Counts III-V; "Alternate Virginia Class" Counts III-V.[1] The terms of the warranties as set forth in the Warranty Booklets are, therefore, squarely in issue in the case. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (taking judicial notice of document because Plaintiffs' claims necessarily "depend[ ] on the contents"); *Seifi v. Mercedes-Benz USA, LLC*, No. C12-5493 TEH, 2013 WL 2285339, at *1 n.1 (N. D. Cal., May 23, 2013) (in considering a motion to dismiss, court took judicial notice of excerpts of warranty submitted by defendant because warranty was incorporated into complaint); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 2591445, at *1 n.3 (N. D. Cal., Aug. 21, 2009) (in considering a motion to dismiss, court took judicial notice of express warranty because the "complaints reference the warranty and resolution of the claims for relief will depend at least in part on the enforceability of the express warranty.").

As is evident from the foregoing, Plaintiffs' argument that the Warranty Booklets are "not relevant" to AHM's motion (RJN Opp. at 3), is unpersuasive. *Compare*, *e.g*., Compl. ¶¶ 12, 30, 42, 54 (alleging Plaintiffs' HandsFreeLink units are "defectively designed") *with* RJN Ex. 1 at 11 (specifying that the new vehicle limited warranty covers only defects "in material or workmanship under normal use" during the warranty period – *not* design defects). Plaintiffs' express warranty claims based on a "design defect," therefore, fail as a matter of law. *Sater v. Chrysler Grp. LLC*, No. EDCV 14-00700-VAP (DTBx), 2015 WL 736273, at *4-5 (C.D. Cal. Feb. 20, 2015) (construing very similar warranty language to exclude alleged design defects); *Clark v. LG Electronics U.S.A., Inc.*, No. 13-cv-485 JM (JMA), 2013 WL 5816410, at *7-8 (C.D. Cal. Oct. 29, 2013) (same); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (applying rule to documents "crucial to the

---

[1] Plaintiffs have voluntarily abandoned their "Alternate North Carolina Class" claims. *See* Pls.' Opp. to AHM's Motion to Dismiss Certain Counts in Pls.' Compl. (ECF No. 56) at 13 n.6. On February 2, 2017, Plaintiffs voluntarily dismissed the claims of their Missouri Plaintiff, Ron Alul. (ECF No. 58). Accordingly, the claims of the "Alternate Missouri Class" (all of which were brought by Mr. Alul in both his individual and his purported representative capacity (Counts VII-IX)) have been dismissed. *Id.*

plaintiff's claims" to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."). On the other hand, Plaintiffs' characterization of the warranties and what they purportedly mean (RJN Opp. at 3-4) is completely immaterial to the Court's determination of the meaning and significance of the limited, written new vehicle express warranties *vis-à-vis* this lawsuit. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015). There is no reason the Court should not consider the actual text of the Warranty Booklets given they form the bedrock of a great many of Plaintiffs' claims. They are properly judicially noticed. *Kirsopp,* 2015 WL 11197829, at *3.

### III. CONCLUSION

For the foregoing reasons, AHM respectfully requests that the Court take judicial notice of the Acura Warranty Booklets applicable to Plaintiffs' vehicles. AHM requests such other, further relief the Court deems appropriate.

Dated: February 3, 2017

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Livia M. Kiser
Livia M. Kiser (SBN 285411)
lkiser@sidley.com
Michael C. Andolina (admitted *pro hac vice*)
mandolina@sidley.com
Andrew J. Chinsky (admitted *pro hac vice*)
achinsky@sidley.com
Kristen E. Rau (*pro hac vice* to be filed)
krau@sidley.com
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6666
Fax: (213) 896-6600

*Attorneys for Defendant American Honda Motor Co. Inc.*

ACTIVE 219770444