UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GERSTLE, et al., | Case No. 16-cv-04384-JST |
| Plaintiffs, | **AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**[1] |
| v. | |
| AMERICAN HONDA MOTOR COMPANY, INC., | Re: ECF Nos. 42, 44, 59 & 65 |
| Defendant. | |

Before the Court is Defendant American Honda Motor Co., Inc.'s Motion to Dismiss Certain Counts in Plaintiffs' Complaint and Defendant's Requests for Judicial Notice. ECF Nos. 42, 44, 59. Plaintiffs oppose both the motion to dismiss and Defendant's first request for judicial notice.[2] ECF No. 56 & 57. The Court will grant the motion to dismiss in part and deny it in part, and grant the requests for judicial notice.

I.    FACTUAL BACKGROUND

In this purported class action, twelve named plaintiffs[3] (collectively "Plaintiffs") allege that they purchased new or used Acura vehicles manufactured by Defendant American Honda Motor

---

[1] This order amends and supersedes the order issued April 25, 2017. ECF No. 81.

[2] Plaintiffs filed a request to file a motion to dismiss Defendant's sur-reply and requested to file their own sur-reply to address several "new" arguments Defendant allegedly makes in its Reply. ECF No. 65 at 2. The Court denies this request. With regards to issues 1 and 4, the Defendant did not raise any new arguments, ECF No. 42 at 2, 22-23. The Court does not reach the argument of whether the alleged defect was covered by AHM's express warranty, and does not rely on the role of dealerships in its analysis of fraudulent concealment.

[3] Originally, thirteen plaintiffs consolidated their suit before this Court, but the Plaintiffs timely dismissed Plaintiff Alul. ECF No. 58.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Company, Inc. ("AHM" or "Honda" or "Acura").  ECF No. 29.[4]  Their Acura vehicles were

2    equipped with a defective Bluetooth system, the Hands Free Link ("HFL") system, which caused a

3    "parasitic drain" on their electrical systems.  Id.  The system was advertised as a convenient and

4    safe way for a driver to connect her phone to the vehicle and enjoy hands-free phone calls and

5    other advantages.  Id. ¶ 194.  Plaintiffs bought AHM's vehicles based on Acura's reputation for

6    luxury and paid a premium for the HFL system.  Id. ¶ 196.

7         Within a few years of purchase, Plaintiffs began to experience electronic issues with their

8    vehicles.  See Id. ¶ 206.  Most frequently, Plaintiffs experienced premature battery death.  Id.

9    Plaintiffs were forced to purchase several new batteries at their own expense, as well as make

10   other costly repairs.  Unbeknownst to the Plaintiffs, their electronic systems were failing because

11   the HFL system drained the battery at an unusually high rate and affected other electronic devices,

12   such as the alternator.  Id. ¶ 198.  Since at least 2005, consumers such as Plaintiffs purchased

13   Defendant's vehicles without knowing that they were defective and posed a safety hazard.  Id. ¶¶

14   206-207, 210.

15        Defendant, however, was aware of the defect in the HFL's design.  Id. ¶ 199.  On June 29,

16   2005, AHM issued an internal Technical Service Bulletin ("TSB") to dealers that stated that the

17   HFL system "does not work."  Id.  The TSB stated that the HFL system may cause a dead or low

18   battery.  Id.  While it was clear there was a defect, it "effectively elude[d] diagnosis."  Id. ¶ 200.

19   "Once the HandsFreeLink™ defect compromises the battery, the system can 'reset,' hiding the

20   problem until the system gets stuck again."  Id.  In 2008 and 2012, AHM issued similar TSBs

21   notifying dealers that the HFL system did not function properly.  Id. ¶ 202- 203.  The only "fix"

22   was to replace the HFL system, but that did not solve the problem because the new system might

23   have had the same defect.  Id. ¶ at 207.  Defendant did not disclose the defect to Plaintiffs.

24   Because the HFL system often went unidentified as the cause for the hastened drain on Plaintiffs'

25   electrical systems, Plaintiffs allege they paid for new batteries and other electronic parts more

26

27   ───────────────────
     [4] The Court takes the facts from the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir.
28   2001).

2

1 | frequently than they otherwise would have.  Id. ¶ 209.

2 |       Plaintiffs also allege that in some circumstances the defect caused a safety hazard.  Id. ¶

3 | 210.  For instance, Plaintiff Gerstle's 2004 Acura TL stopped operating while he was on a

4 | highway about to enter a tunnel.  Id. ¶ 168.  Numerous complaints have been lodged with the

5 | National Highway Transportation Safety Administration ("NHTSA"), alleging that the defect

6 | caused vehicles to stop operating while on the road.  Id. ¶ 213.

7 |       Plaintiffs allege they did not know that the cause of their problems was the HFL system.

8 | Id. ¶ 8-185.  If they had known of the problem, they would not have purchased their vehicles or

9 | would have paid less for them.  Id.

10 | **II.     PROCEDURAL BACKGROUND**

11 |       Plaintiffs filed this putative class action against Defendant on August 3, 2016.  ECF No. 1.

12 | Plaintiffs subsequently filed a first amended complaint ("FAC") on October 17, 2016, alleging

13 | sixty-nine counts under eleven states' laws related to the defective HFL in their vehicles.  ECF

14 | No. 29.  Generally, Plaintiffs' claims relate to state consumer protection statutes, fraudulent

15 | concealment, breaches of express and implied warranty pursuant to state and federal laws, and

16 | unjust enrichment.  Defendant previously filed a motion to transfer venue, which the Court denied.

17 | See ECF No. 48.  Defendant now moves to dismiss all of Plaintiffs' claims brought as a national

18 | class, Plaintiffs' request for injunctive relief, most of Plaintiffs' claims brought under different

19 | statutory laws, and breaches of contract claims because they are untimely or fail as a matter of

20 | law.  ECF No. 42.

21 | **III.    JUDICIAL NOTICE**

22 |       Defendant requests the Court take judicial notice of the Acura Warranty Booklets

23 | applicable to Plaintiffs' vehicles and copies of the TSBs that Plaintiffs referred to in their FAC.

24 | ECF No. 44 & 59.  A court may take judicial notice of documents whose contents are alleged in

25 | the complaint and whose authenticity no party questions.[5]  Branch v. Tunnell, 14 F.3d 449, 454

26 |

27 | ───────────────

28 | [5] Plaintiffs filed an Opposition to Defendant's Motion for Judicial Notice, but they do not question the authenticity of the documents.  ECF No. 44.

United States District Court
Northern District of California

(9th Cir.1994).  A court may also take judicial notice of documents incorporated by reference in the complaint, but which are not physically attached to the pleading.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) ("The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material.").

Plaintiffs argue that the warranties do not fall under the incorporation doctrine and are not relevant or necessary.  ECF No. 44 at 2.  The Court disagrees.  The warranties are relevant because they detail the terms of the warranty presented to Plaintiffs at the time they purchased their vehicles.  The TSBs contain the same language Plaintiffs have quoted or referred to in their FAC.  The Court may consider the terms of the express warranties where those terms are not in dispute, See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001), particularly given that Plaintiffs have brought claims for breach of express warranty.  See ECF No. 29 at 69.[6]

## IV.    LEGAL STANDARD

Claims of fraud are subject to a heightened pleading standard.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Defendant moves under Federal Rules of Civil Procedure Rule 9(b) to dismiss Plaintiffs' fraudulent concealment claims, California Consumer Legal Remedies Act ("CLRA") claims and Unfair Competition Law ("UCL") claims, on the basis that they fail to allege any factual circumstances with the required specificity.  See ECF No. 42.  To satisfy Rule 9(b), a complaint must supply "the circumstances constituting the alleged fraud" with a description "'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

"[I]ntent, knowledge, and other conditions of a person's mind" need not be stated with particularity, and "may be alleged generally."  Fed. R. Civ. P. 9(b).  Fraud claims must allege "an

---

[6] The Court refers to the page numbers affixed by the Court's electronic case filing system and not the internal pages on the document.

account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted); see also Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." (internal quotation marks omitted)). "Plaintiff[s] need not provide every factual detail supporting [their] fraud claim.  Instead, a plaintiff must set forth what is false or misleading about a statement, and why it is false."  In re GlenFed, Inc. Securities Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharmaceutical Corp., 927 F. Supp. 1297, 1309 (C.D. Cal. 1996).

Defendant also argues that Plaintiffs fail to state a claim under Federal Rules of Civil Procedure 12(b)(6).  While the Court accepts the material facts alleged in the complaint, along with all reasonable inferences to be drawn from those facts, as true, Navarro, 250 F.3d at 732, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To be entitled to the presumption of truth, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## V.       DISCUSSION

### A.       Application of California Law

Defendant argues that the presumption against extraterritoriality and conflict of law principles should preclude Plaintiffs from applying California law to its nationwide claims.  ECF No. 42 at 17-20.  Plaintiffs counter that California law should be applied to the nationwide class because Defendant is located in California and has violated various California consumer protection laws and warranties governed by California law.  ECF No. 29 ¶¶ 186, 240-346.  The Court concludes that the presumption against extraterritorial application of California law does not govern and that a conflict of law analysis is premature.

United States District Court
Northern District of California

5

1        **1.        Presumption Against Extraterritorial Application of California Law**

2            Defendant argues that a nationwide class cannot rely on California law because not all

3    Plaintiffs purchased their vehicles in California.  ECF No. 42 at 17.

4            While California has a presumption against extraterritorial application of its own law,

5    Sullivan v. Oracle Corp., 51 Cal.4th 1191, 1207 (2011), "state statutory remedies may be invoked

6    by out-of-state parties when they are harmed by wrongful conduct occurring in California." TRC

7    & Assocs. v. NuScience Corp., No. 2:13-CV-6903-ODW CWX, 2013 WL 6073004, at *5 (C.D.

8    Cal. Nov. 18, 2013), quoting Tidenberg v. Bidz.com, Inc., No. 08–cv–5553–PSG, 2009 WL

9    605249, at *4 (C.D. Cal. Mar. 4, 2009).  To determine whether sufficient wrongful conduct

10    occurred in California, "the courts consider where the defendant does business, whether the

11    defendant's principal offices are located in California, where class members are located, and the

12    location from which advertising and other promotional literature decisions were made." In re

13    Toyota Motor Corp., 785 F. Supp. 2d 883, 917 (C.D. Cal. 2011).  The Court looks to the nexus

14    between California and the alleged wrongful conduct to determine whether sufficient wrongful

15    conduct occurred in California.  See Ehret v. Uber Techs., Inc., 68 F. Supp. 3d 1121, 1132 (N.D.

16    Cal. 2014).

17            In Ehret, the plaintiffs alleged that California law should apply to their claims, despite the

18    presumption against extraterritoriality, because Uber's misrepresentations were developed in

19    California, contained on websites and Uber's application maintained in California, and because

20    billing and payment of services went through servers located in California.  Ehret, 68 F. Supp. 3d

21    at 1132.  The court found that those allegations presented "a sufficient nexus between California

22    and the misrepresentations which form[ed] the basis of [the plaintiff's] claims." Id.  Similarly

23    here, Plaintiffs allege that Defendant has conducted and maintained operations in California for

24    several decades.  ECF No. 29 ¶¶ 186-189.  Moreover, Plaintiffs allege that Defendant is

25    headquartered in Torrance, California, where it conducts "sales, service, and coordinating

26    functions" and where decisions are made regarding the manufacture, development, distribution,

27    marketing, sales, and serving of Acura-brand automobiles.  Id. ¶190.  These allegations form the

28    requisite connection to California.

United States District Court
Northern District of California

6

1   Defendant cites In re Toyota Motor Corp., 785 F. Supp. 2d 883, 916-916 (C.D. Cal. 2011)

2   for the proposition that the mere fact that the Defendant is located in California does not provide

3   sufficient contacts.  There, the court dismissed a nationwide class because the plaintiffs had failed

4   to allege that the advertising materials at issue were disseminated from California.  Id.  But here,

5   by contrast, Plaintiffs have alleged that all decisions regarding the marketing and sales of the HFL

6   system, including the decision to not disclose the alleged defect, were "in whole or substantial

7   part" made from the Defendant's Torrance, California headquarters.  ECF No. 29 ¶ 190.

8   Moreover, when Defendant argued for a change of venue in a prior motion, it stated that five of

9   the six witnesses who tested the HFL system were located in California.  ECF No. 32 ¶¶ 10-11.

10  Since AHM conducted marketing and advertising in California and tested the HFL system in

11  California, the Court finds that Plaintiffs have alleged that sufficient wrongful conduct occurred in

12  California, and therefore denies Defendant's motion to dismiss on this ground.

13              **2.      Choice of Law**

14  Defendant contends that California's choice of law rules bar the nine non-California

15  Plaintiffs from invoking California law.  ECF No. 42 at 18.  Defendant asks the Court to apply the

16  three-part conflict of law test set out in Mazza v. American Honda Motor Co., 666 F.3d 581, 590

17  (9th Cir. 2012) to determine if California law should apply to the named Plaintiffs' claims.

18  A detailed choice-of-law analysis is a fact-heavy analysis and is generally inappropriate on

19  a motion to dismiss where the parties have not yet developed a factual record.  Clancy v. The

20  Bromley Tea Co., 308 F.R.D. 564, 572 (N.D. Cal. 2013).  Defendant argues that the Court "should

21  [nonetheless] undertake the Mazza inquiry now because Mazza's reasoning 'applies generally and

22  is instructive even when addressing a motion to dismiss.'"  Frezza v. Google Inc., No. 5:12-CV-

23  00237-RMW, 2013 WL 1736788 at *6 (C.D. Cal. Ap. 22, 2013).  That is only true, however,

24  when some discovery has taken place.  Such was the case in Todd v. Tempur-Sealy Int'l, Inc., No.

25  13-CV-04984-JST, 2016 WL 344479, at *6 (N.D. Cal. Jan. 28, 2016), where this Court concluded

26  that the choice-of-law analysis was appropriate because "of the advanced stage of litigation and

27  the extensive discovery that [had] already been completed."  Id. at *6.  Defendant's reliance on

28  Todd is thus misplaced.  ECF No. 42 at 19, n.2.  Even there, this Court noted that dismissal at the

1    pleading stage would be premature prior to discovery and the development of a factual record.

2    Todd, 2016 WL 344479, at *6.

3           Here, the Court has no factual record to use in deciding which state has a greater interest in

4    applying its laws.  While Mazza will of course be relevant to the decision whether to certify any

5    proposed class or sub-class, at this early stage of the litigation, "it would be premature to speculate

6    about whether the difference in various states' consumer protection laws are material in this case."

7    Clancy, 308 F.R.D. at 572 (quoting Forcellati v. Hyland's Inc., 876 F. Supp. 2d 1155, 1159 (C.D.

8    Cal. 2012)).  The Court declines to dismiss any of Plaintiffs' claims on choice-of-law grounds

9    now.

10          **B.      Primary Jurisdiction as Grounds for Dismissing Request for Injunctive Relief**

11          Defendant argues that the Court should dismiss Plaintiffs' request for injunctive relief

12   because the NHTSA has general authority over Plaintiffs' claims.  ECF No. 42 at 21-22.

13          "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a

14   complaint without prejudice pending the resolution of an issue within the special competence of

15   an administrative agency."  Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008).

16   The Ninth Circuit provides four factors for consideration: "(1) the need to resolve an issue that

17   (2) has been placed by Congress within the jurisdiction of an administrative body having

18   regulatory authority (3) pursuant to a statute that subjects an industry or activity to a

19   comprehensive regulatory authority that (4) requires expertise or uniformity in administration."

20   Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002).  Given the

21   nature of Plaintiffs' claims and the lack of conflict with any current agency action, the Court is not

22   persuaded that the primary jurisdiction doctrine applies.

23          Defendant fails to argue why court action would infringe on the NHTSA's authority or

24   why resolution of Plaintiffs' claims requires special agency expertise.  ECF No. 42 at 21-22.

25   Courts have held that the primary jurisdiction doctrine does not apply if the defendant fails to

26   identify "any specific conflict" with an on-going NHTSA investigation or regulation.  Kent v.

27   DaimlerChrysler Corp., 200 F. Supp. 2d 1208, 1218 (N.D. Cal. 2002) (failing to show "the need

28   for 'uniformity and consistency in the regulation of business'" because defendant did not point to

United States District Court
Northern District of California

8

United States District Court
Northern District of California

any conflicts with the NHTSA actions or regulations).  Courts have also refused to invoke the

primary jurisdiction doctrine when plaintiffs are bringing state contract and tort claims, regardless

of any NHTSA action.  See Lassen v. Nissan N. Am., Inc., No. CV1506491ABMRWX, 2016 WL

5868101, at *7 (C.D. Cal. Sept. 30, 2016) 2016 WL 5868101, at *7 (finding that safety, not

NHTSA authority, will be the overriding factor when deciding to grant injunctive relief in the

form of a recall).  Here, Defendant only generally asserts that the request for injunctive relief is

within the province of the NHTSA and that courts routinely defer to the NHTSA's general

authority to "investigate and remedy design defects in vehicles in circumstances" where an

administrative remedy is available.  ECF No. 61 at 7,[7] see also 49 U.S.C. § 30120 (2016)

(NHTSA's authority to issue recalls).  Although consumers have complained to the NHTSA, ECF

No. 29 ECF No. 29 ¶ 213, AHM cites no agency investigation or action that would conflict with

this case.  ECF No. 56 at 16.  Plaintiffs bring their claims under state laws, not the Safety Act,

which grants the NHTSA its authority.  ECF No. 29; 49 U.S.C. §§ 30101-106.  Accordingly, there

is no conflict between this case and any NHTSA action or authority that would require the

invocation of the primary jurisdiction doctrine.

    Moreover, Defendant makes no argument as to why any issue before the Court requires the

technical expertise or uniformity in administration provided by the NHTSA.  ECF No. 42 at 21-

22; ECF No. 61 at 11-12.  "[W]arranty and consumer protection claims based on an alleged design

defect [that are] . . . not based on NHTSA regulations, safety standards, or agency-specific

statutes" are "not outside the conventional experiences of judges, and [do] not involve issues that

are within the NHTSA's discretion."  Ford v. Ford Motor Co., No. CV 13-8335 PSG (SSX), 2014

WL 12570925, at *5 (C.D. Cal. Jan. 17, 2014).  Such claims therefore do not require application

of the primary jurisdiction doctrine.  Id.  In Ford, plaintiffs argued that a specific axle design in

---

[7] Courts have invoked the primary jurisdiction doctrine when the matters before them required
broad industry-wide analysis and policy-making decisions that would be more appropriately
performed by the NHTSA.  See Solarz v. DaimlerChrysler Corp., No. 2033 APRILTERM 2001,
2002 WL 452218, at *3 (Pa. Com. Pl. Mar. 13, 2002) (court's); Coker v. DaimlerChrysler Corp.,
No. 01 CVS 1264, 2004 WL 32676, at *5 (N.C. Super. Jan. 5, 2004), aff'd, 172 N.C. App. 386,
617 S.E.2d 306 (2005), aff'd, 360 N.C. 398, 627 S.E.2d 461 (2006).

1    certain Ford Windstar minivans was defective because it was predisposed to premature wear and

2    failure.  Id.  The NHTSA had already found that the design was defective.  Id.  Even if the

3    NHTSA had not made such a finding, the court reasoned that the specificity of the design defect

4    was a narrow question of the kind commonly answered by courts.  Id.

5         Plaintiffs' complaint is similarly narrow.  Plaintiffs allege that Acura's HFL system is

6    defective because it drains the vehicle's battery without the Plaintiffs' knowledge and, therefore,

7    causes economic harm.  ECF No. 29 ¶¶ 198-205.  Plaintiffs do not assert that the HFL system's

8    design does not comply with an industry-wide standard, nor do they base their claims on an

9    omitted safety feature.  Instead, they allege that the HFL system is defectively designed because it

10   causes a parasitic draw on the electrical system.  ECF No. 29 ¶ 198.  This narrow claim does not

11   require the NHTSA's expertise.

12        Furthermore, there is little to no danger to the uniformity of administration of the

13   NHTSA's regulations because Plaintiffs' suit seeks to represent a broad putative class related to

14   one specific feature available in all Acura makes and models.  See Reniger v. Hyundai Motor Am.,

15   122 F. Supp. 3d 888, 907 (N.D. Cal. 2015).  In Reniger, plaintiffs alleged that the Kia Santa Fe

16   had a safety defect that caused their vehicles to stall.  Id. at 891-982.  The court concluded that

17   application of the primary jurisdiction doctrine was improper because the suit was broadly styled

18   to capture many drivers during a certain timeframe, such that there was no danger of inconsistent

19   outcomes – particularly given that "[t]here is no pending investigation and no reason to believe

20   that the NHTSA has any interest in this case."  Id. at 907.  Similarly, Plaintiffs here have brought a

21   broadly styled suit focused on a single, common design defect, and there is no indication that the

22   NHTSA is addressing that defect.  ECF No. 29 ¶¶ 206-209.  Plaintiffs' suit presents no danger to

23   uniformity.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

## C.    Tolling of Statute of Limitations[8]

In their Complaint, Plaintiffs allege that the statute of limitations should be tolled for all claims based on the discovery rule, fraudulent concealment, and equitable estoppel.  No. 29 ¶¶ 221-229.  Defendant contends that Plaintiffs have not adequately invoked the discovery rule, and that the statutes of limitations for several of the claims are not subject to tolling.

### 1.    Discovery Rule

Plaintiffs allege that the "discovery rule" should toll all applicable statutes of limitations. ECF No. 29 ¶¶ 221-224.  The discovery rule in California requires the plaintiff to plead facts "which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence . . . .  However, mere conclusory assertions that delay in discovery was reasonable are insufficient."  In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig., No. C-05-04726 RMW, 2008 WL 4544441, at *8 (N.D. Cal. Sept. 30, 2008) (internal citations omitted); see also Asghari v. Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1320–21 (C.D. Cal. 2013).

"The burden of pleading and proving belated discovery of a cause of action falls on the plaintiff."  Inv'rs Equity Life Holding Co. v. Schmidt, 195 Cal. App. 4th 1519, 1533 (2011), as modified (June 15, 2011) (internal citations omitted).  To invoke the discovery rule, therefore, each Plaintiff must allege the time and manner by which he discovered the cause of action.  See Philips v. Ford Motor Co., No. 14-CV-02989-LHK, 2015 WL 4111448, at *8 (N.D. Cal. July 7, 2015); In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig., No. C-05-04726 RMW, 2008 WL 4544441, at *9 (N.D. Cal. Sept. 30, 2008), citing Community Case v. Boatwright, 124 Cal. App. 3d 888, 900 (1981).  Relatedly, each Plaintiff must also show he acted reasonably and diligently.  Plumlee v. Pfizer, Inc., No. 13-CV-00414-LHK, 2014 WL 4275519, at *6 (N.D. Cal.

---

[8] Defendant argues that many of Plaintiffs' claims are untimely.  Specifically, Defendant argues the following claims are untimely: unjust enrichment under California, Delaware, Florida, Kansas, and Virginia law; breach of the implied warranty of merchantability and breach of the express warranty under California, Delaware, Florida, Kansas, Missouri, New Hampshire, Ohio, Texas, and Virginia law; breach of the Magnuson-Moss Warranty Act; and violations of consumer-protection statues under California, Delaware, Florida, Kansas, Missouri, New Hampshire, Ohio, Texas, and Virginia law.  ECF No. 42 at 24-32. Those arguments are discussed below.

United States District Court
Northern District of California

Aug. 29, 2014), aff'd, No. 14-16924, 2016 WL 6610223 (9th Cir. Nov. 9, 2016).

Here, the Complaint fails to allege the time and manner by which each named Plaintiff discovered the HFL defect.  For several Plaintiffs, the Complaint asserts that the defect was brought to their attention when they visited mechanics for assistance with failing batteries and other electronics in their vehicles.[9]  ECF No. 29.  For the remaining Plaintiffs, however, the FAC only alleges whether drivers had the HFL disabled or not.  Id.  The Court will not infer a discovery time and manner where none is alleged.  Without the time and manner of discovery, the Court cannot establish a tolling date or evaluate which date should be used when deciding whether a plaintiff could have filed the suit on an earlier date based on his or her reasonable due diligence.  The Court will allow Plaintiffs to amend their complaint to provide the additional information required to invoke the discovery rule.

### 2.      Fraudulent Concealment and Tolling

Defendant argues that Plaintiffs' claim for fraudulent concealment fails as a matter of law.  ECF No. 42 at 34.  Defendant also contends that Plaintiffs cannot toll the statutes of limitations based on fraudulent concealment.  ECF No. 42 at 23.  The Court finds that Defendant did have a duty to disclose the defect because it presented a safety risk, and denies the motion as to the fraudulent concealment claim.  Plaintiffs failed, however, to sufficiently allege the additional requirements to toll any statute of limitations based on fraudulent concealment.

### a.      Fraudulent Concealment as a Matter of Law

Defendant argues that Plaintiffs' fraudulent concealment claims fail for two reasons.  ECF No. 42 at 34-35.

First, Defendant argues that a duty to disclose usually arises only when a confidential or fiduciary relationship exists, and that no such relationship was present in this case.  Id. (citing Gold v. Los Angeles Democratic League, 49 Cal. App. 3d 365, 373 (1975)).  But pleading a fiduciary relationship is only one of the four ways California courts have held a fraudulent

---

[9] The Plaintiffs who did identify the time and/or manner by which they learned of the defect are Plaintiffs Gray, ECF No. 29 at ¶¶ 33-34; Kelly, id. ¶¶ 44-45; Tran, id. ¶57; Moss, id. ¶¶ 137; and Crooks, id. ¶ 153.

United States District Court
Northern District of California

United States District Court
Northern District of California

concealment claim may be alleged.  Specifically, "nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts."  LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997). [10]

Plaintiffs have alleged that Honda had exclusive knowledge of the defect based on the TSBs and consumer complaints to NHTSA.  In Philips v. Ford Motor Co., the court relied on similar evidence to deny the defendant's motion to dismiss the plaintiffs' fraudulent omission claim.  No. 14-CV-02989-LHK, 2015 WL 4111448, at *1 (N.D. Cal. July 7, 2015).  The Phillips plaintiffs alleged that Ford's power steering system was defective, causing the power steering to stop working while the vehicle was in motion.  Id.  The plaintiffs presented Ford's TSBs to show that it had exclusive knowledge regarding the defect.  Id. at *9.  They also drew a plausible link between the loss of power steering and an increased likelihood that drivers would lose control.  Id. at *11.  Based on anecdotes and complaints made to the NHTSA, the court held that Ford had a duty to disclose because it had exclusive knowledge of the defect, which posed an unreasonable safety risk of losing control.  Id. at *11.  Accordingly, the plaintiffs were allowed to bring suit for fraudulent concealment.

Defendant responds that in this case the TSBs should not be used as evidence of its exclusive knowledge, and that Plaintiffs' allegations regarding the safety risks posed by the

---

[10] Where, as here, the fraudulent concealment claim is based on one of the options other than a fiduciary relationship, there must still be "some relationship" between the parties.  Id. at 337. Generally, a "transaction" between the parties gives rise to that relationship.  Id.  Here, Plaintiffs' car purchases and subsequent service visits could constitute that transaction.  In its reply brief, Defendant argues that those transactions cannot create the requisite relationship because Plaintiffs failed to adequately allege that the dealers and sellers with whom they interacted were "agents" of Defendant.  ECF No. 61 at 16 (citing Friedman v. Mercedes Benz USA LLC, No. CV 12-7204 GAF CWX, 2013 WL 8336127, at *6 (C.D. Cal. June 12, 2013)).  The Court will not consider an argument made for the first time in reply.  Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F.Supp.2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.")  The Court therefore assumes that the requisite agency relationship exists.

alleged defect are "speculative" and "fanciful." ECF No. 42 at 35. Plaintiffs' allegations defy these descriptions: they allege that the TSBs reveal that AHM knew, as early as 2005, that the HFL system would often not switch off, causing the car's battery to drain and resulting in safety problems. ECF No. 29 ¶¶ 199, 202-203. Plaintiffs further allege that they were unaware of the cause of the drain on their electrical systems. ECF No. 29 ¶ 215-216. Plaintiffs assert that the alleged HFL defect presents a safety hazard because the drained batteries could cause the car to stop while on the road. Id.[11] Similarly to Philips, Plaintiffs rely on numerous anonymous, undated complaints to the NHTSA, ECF No. 29 ¶¶ 213-214; Philips, 2015 WL 4111448 at *11, as well as Plaintiff Gerstle's own experience having his car stop while he drove on a highway into a tunnel, id. at ¶ 168, to support their allegation that the cars fail during operation due to the drain from the HFL defect. Taking Plaintiffs' allegations as true, Defendant had exclusive knowledge of the defect and withheld it from Plaintiffs, and the alleged defect posed a safety risk.

Second, Defendant argues that Plaintiffs' fraudulent concealment claims do not meet Rule 9(b)'s heightened pleading requirements. ECF No. 42 at 35. The Court disagrees. Plaintiffs' Complaint explicitly lays out the "who, what, when, where, how, and why" of their fraudulent concealment claim. Compl. ¶ 220. Plaintiffs also identify several cases where allegations similar to the ones in their Complaint that sufficed to overcome a motion to dismiss. See, e.g., MacDonald v. Ford Motor Co., 37 F. Supp. 3d 1087 (N.D. Cal. 2014).

Plaintiffs' fraudulent concealment claims do not fail as a matter of law.

### b.    Fraudulent Concealment as Basis for Tolling

Although the Court has found that AHM had a duty to disclose the alleged defect, Plaintiffs must allege the following additional elements to toll the statute of limitations: "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of

---

[11] Plaintiffs' allegations that the defect causes cars to stop functioning while being driven is different from cases where cars were stranded because they would not turn on in the first place. Eisen v. Porsche Cars N. Am., Inc., No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *4-5 (C.D. Cal. Feb. 22, 2012) (quoting Smith v. Ford Mot. Co., 2011 WL 6322200, *1 (9th Cir. Dec.19, 2011)). The latter may not be a safety hazard, but the former plausibly is.

United States District Court
Northern District of California

facts sufficient to put him on inquiry." In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig., 2008 WL 4544441, at *9. Plaintiffs have not pled these elements sufficiently. As discussed, some Plaintiffs have alleged when they learned of the defect, while others have not. None of the Plaintiffs have alleged when they learned that Defendant was withholding its knowledge of the defect. ECF No. 29. Therefore, the Court will not toll the statute of limitations based on fraudulent concealment, but will grant Plaintiffs leave to amend their complaint.[12]

### 3.     Estoppel

Plaintiffs also attempt to toll the statutes of limitations for its many untimely claims based on equitable estoppel because Defendant was under a continuous duty to disclose. Id. ¶ 227. To plead equitable estoppel,  a plaintiff must show either:

> (1) an affirmative statement that the statutory period to bring the action was longer than it actually was; (2) promises to make a better settlement of the claim if plaintiff did not bring the threatened suit; or (3) similar representations or conduct on the part of the defendants.

Atkins v. Union Pac. R. Co., 753 F.2d 776, 777 (9th Cir. 1985). Defendant argues that Plaintiffs have failed to allege any facts that "AHM affirmatively and intentionally misrepresented the applicable statutes of limitations . . . or plead any other statements that would be required to merit application of estoppel."   ECF No. 42 at 24.

The Court agrees with Defendant. In the Complaint, Plaintiffs seem to conflate equitable estoppel with fraudulent concealment. Plaintiffs assert that AHM "knowingly, affirmatively, and actively" concealed the defect, but do not otherwise allege any affirmative statement, promise, or similar representation Defendant made to warrant estoppel. See ECF No. 29 ¶¶ 227-229. There is no evidence that Defendant made any affirmative statement or promise to induce Plaintiffs not to sue. Moreover, Plaintiffs did not address equitable estoppel in their opposition brief at all.[13]

---

[12] Plaintiffs' opposition brief only argues that this theory of tolling applies to claims "[u]nder the laws of California, Missouri, New Hampshire, New York, Ohio, Texas and Virginia." ECF No. 56 at 19. Any amended complaint should limit the fraudulent concealment as tolling allegations accordingly.

[13] The opposition brief does use the phrase "equitable tolling," but the substance of the argument clearly relates to Plaintiffs' fraudulent concealment tolling theory. ECF No. 56 at 19.

1    Qureshi v. Countrywide Home Loans, Inc., No. C09-4198 SBA, 2010 WL 841669, at *6 (N.D.

2    Cal. Mar. 10, 2010) (dismissing with claims prejudice where the plaintiff failed to address them in

3    his opposition brief).  The Court concludes that the statute of limitations cannot be tolled based on

4    estoppel and will not permit amendment of this tolling theory.

5        **D.      CLRA and UCL**

6        Defendant argues that Plaintiffs' claims under the California Legal Remedies Act

7    ("CLRA") and the Unfair Competition Law ("UCL") are untimely because the statutes of

8    limitations have run.  ECF No. 42 at 31, 36.

9        The CLRA claims are untimely[14] because the CLRA has a three-year statute of limitations

10   that begins at the date the improper consumer practice was committed.  Yumul v. Smart Balance,

11   Inc., 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010).   Defendant argues that the date of the

12   improper consumer practice is the date when each vehicle was purchased.  Id., see also Asghari v.

13   Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1319 (C.D. Cal. 2013).  The Asghari court

14   observed that the CLRA is subject to tolling, however, based on the discovery rule.  Id. at 1322.

15   As previously noted, the Court concludes that Plaintiffs have insufficiently pleaded the facts

16   necessary to trigger the discovery rule, the doctrine of equitable tolling, or the doctrine of

17   fraudulent concealment, and so will dismiss Plaintiffs' CLRA claims with leave to amend.

18       Defendant argues that Plaintiffs' UCL claims are also untimely[15] because the four-year

19   statute of limitations for those claims begins to run when the Defendant engages in a statutorily

20   prohibited practice and plaintiff suffers an injury as a result.  ECF No. 42 at 31; see also Aryeh v.

21   Canon Bus. Solutions, Inc., 55 Cal.4th 1185, 1196 (2013); Cal. Bus. & Prof. Code § 17208.  All of

22   the California Plaintiffs' UCL claims are untimely, as more than four years elapsed between their

23

24   [14] Plaintiff Aberin purchased his vehicle in January 2005. Gray purchased his vehicle in November
     2008.  Tran purchased his vehicle in 2006.  ECF No. 43-2 at 2.  The most recent purchase of a new
25   Class vehicle mentioned in the Complaint was on April 21, 2011.  ECF No. 29 ¶ 63.   The
     exception is Plaintiff Kelly, who purchased his vehicle in November 2015.  Id. ¶ 38.  Defendant
26   cites no case that says the CLRA does not apply to used goods.

27   [15] Again, the exception is Plaintiff Kelly.

28

United States District Court
Northern District of California

car purchases and the filing of this lawsuit in 2016. ECF No. 43-2 at 2. Here too, Plaintiffs claim the benefit of the discovery rule and the doctrine of fraudulent concealment, but have not adequately pleaded those bases for tolling. These claims will be dismissed with leave to amend. [16]

**E.**   **Consumer Protection Statutory Claims Under Delaware, Florida, Kansas, New Hampshire, Ohio, Texas, and Virginia Law**

Defendant also argues that Plaintiffs' other statutory consumer protection claims are untimely. ECF No. 42 at 16-20. Due to the same failure to state a theory by which the statute of limitations may be tolled, the Court agrees that Plaintiffs' claims brought under the various consumer protection laws of their respective states should be dismissed without prejudice.

**1.**   **Delaware, Kansas, and New Hampshire**

Delaware, Kansas and New Hampshire provide a three-year statute of limitations for claims related to consumer protection. 10 Del. C. § 8106; Kan. State. Ann. § 60-512; N.H. Ev. State. Ann. 508:4(l). Plaintiffs Lou, Awtrey, and Yeung allege that Defendant violated their respective state consumer protection laws because AHM wrongfully failed to disclose the alleged defect. ECF No. 29 ¶¶ 467-468, 647, 847. Defendant counters that Plaintiffs failed to file their claims within the three-year statute of limitations, which accrued upon purchase of the vehicles in April 2011, November 2010, and September 2010, respectively. ECF No. 42 at 30. Because Plaintiffs have failed to adequately allege any applicable theory to toll the statute of limitations, the Court finds that their claims are untimely. These claims are dismissed without prejudice.

**2.**   **Virginia and Texas**

Plaintiffs Srivastava and Gerstle allege that Defendant violated Virginia and Texas consumer protection laws. ECF No. 29 ¶¶ 1197-1201, 1118-1119. Virginia's and Texas' consumer protection laws have limitations periods of two years. Va. Code Ann. 59.1-2014.1; Tex. Bus. Com. Code 17.656. Plaintiffs bought their vehicles in 2010 and 2005 respectively. Id. at ¶¶ 174, 156. Both Plaintiffs have failed to properly allege a theory to toll the statute of

---

[16] Defendant argues that both claims fail as a matter of law because "Plaintiffs fail to plausibly allege actionable fraud." Id. at 36. However, the Court has already found that Plaintiffs sufficiently pleaded the elements of fraudulent concealment as a claim above.

United States District Court
Northern District of California

limitations for their claims.  ECF No. 42 at 28-29.  Therefore, the Court dismisses these claims with leave to amend.

### 3.   Ohio

Plaintiff Crooks's claim under the Ohio Consumer Protection Act also fails because he did not bring his claim within the two-year statute of limitations.  Ohio Rev. Code Ann.  1345.10(C). Plaintiff Crooks's claims are untimely because he bought a used vehicle in 2012, more than two years before this action.  ECF No. 29 ¶¶ 1015-1033.

Ohio law does not allow tolling of the consumer protection statute.  Zaremba v. Marvin Lumber and Cedar Co., 458 F. Supp. 2d 545, 552 (N.D. Ohio 2006) ("Where a plaintiff seeks recovery of damages under the CSPA, the limitations period is absolute, and the discovery rule does not apply.").[17]  Accordingly, Plaintiff Crooks' claim pursuant to the Ohio Consumer Protection Act is dismissed with prejudice because he cannot cure his claim.

### 4.   Florida

Lastly, Plaintiff Criner's claim fails because it is untimely under Florida's consumer protection law.  ECF No. 42 at 30.  Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") provides a four-year statute of limitations.  Fla. Stat. § 95.11(3)(f).  Plaintiff Criner allegedly purchased his vehicle in May 2012, more than four years before this suit was filed on August 3, 2016.  ECF No. 29 ¶ 92.

Florida courts appear to allow tolling of FDUPTA claims based on fraudulent concealment but not based on the delayed discovery rule. Compare Smoothie King Franchises, Inc. v. Southside Smoothie & Nutrition Ctr., Inc., No. CIV.A. 11-2002, 2012 WL 630010, at *5 (E.D. La. Feb. 27, 2012), (citing Davis v. Monahan, 832 So.2d 708, 709–10 (Fla. 2002)) (refusing to apply delayed discovery rule); with Hummel v. Tamko Bldg. Prod., Inc., No. 615CV910ORL40GJK, 2015 WL 12843907, at *3 (M.D. Fla. Nov. 6, 2015) (explaining that, where there are allegations

---

[17] The parties did not identify, and the Court did not locate, any case applying a fraudulent concealment theory to toll an Ohio Consumer Protection Act claim.  Given the Zaremba court's statement that "the limitations period is absolute," the Court concludes that neither tolling theory is available to Plaintiffs on this claim.

United States District Court
Northern District of California

of fraud, the FDUPTA statute of limitations begins to run when the violation was or should have been discovered); see also Speier-Roche v. Volksw Agen Grp. of Am. Inc., No. 14-20107-CIV, 2014 WL 1745050, at *6 (S.D. Fla. Apr. 30, 2014) (explaining that a claim could be tolled where the plaintiff alleged active concealment of material facts, but not based on mere non-nondisclosure or the delayed discovery rule).  Therefore, Plaintiff Criner's claim pursuant to the FDUPTA is dismissed without prejudice to allow re-pleading of the fraudulent concealment tolling theory.  Id. ¶¶ 549-568.

### F.    Express Warranty, Implied Warranty, and Magnuson-Moss Warranty Claims

Defendant argues that Plaintiffs' express and implied warranty claims under California, Delaware, Florida, Kansas, Ohio, New York, and Texas law are untimely and fail as a matter of law because Plaintiffs lack the required vertical privity with Defendant.  Defendant also contends that Plaintiffs' claims brought pursuant to the Magnuson-Moss Act are untimely.

#### 1.    Timeliness of Claims[18]

Defendant contends the breach of express warranty, implied warranty, and Magnuson-Moss Warranty Act claims are untimely because the Plaintiffs purchased their vehicles more than four years ago.  ECF No. 42 at 25-28.  Plaintiffs allege that AHM's express warranty was for four-years or 50,000 miles, whichever occurred first.  ECF No. 29 ¶ 303.  The Court agrees that all claims are untimely based on the express warranty's period and based on statutory periods.

##### a.    Implied Warranty

###### i.    California

There are two time limits on California implied warranty claims.  First, "[u]mder California Civil Code § 1791.1(c), implied warranties exist for one year following the sale of [new] goods," Roberts v. Electrolux Home Prod., Inc., No. CV 12-1644 CAS VBKX, 2013 WL 7753579, at *5 (C.D. Cal. Mar. 4, 2013). Therefore, "to state a breach of implied warranty claim, a plaintiff must allege [] that the product was unfit or unmerchantable at the time or sale or in the

---

[18] The Court only addresses timeliness arguments raised in the motion to dismiss.  The Order assumes that other states' claims, e.g., the New York warranty claims, are timely.

United States District Court
Northern District of California

1    year following sale." Id. (citing Mexia v. Rinker Boat Co., Inc., 174 Cal. App. 4th 1297, 1309

2    (2009).  For used goods, the implied warranty exists for three months, rather than one year.  Cal.

3    Civ. Code § 1795.5(c); Ortega v. Toyota Motor Sales, U.S.A., Inc., 422 F. App'x 599, 600 (9th

4    Cir. 2011).[19]  Second, under California law, implied warranty claims must be brought within four

5    years of the date when the breach occurred.  Cal. Com. Code § 2725; see also Roberts. 2013 WL

6    7753579, at *7.   Here, the alleged breach occurred at the time of sale, since Plaintiffs allege that

7    the HFL defect existed when they purchased their cars.  Accordingly, the first time limit (one year

8    and three months for new and used cars, respectively) is satisfied.  The next question, then, is

9    whether Plaintiffs brought suit within four years of the purchase of their cars.  As explained above

10   with respect to Plaintiffs' consumer protection claims, no Plaintiff purchased a new car within four

11   years of the filing of the Complaint.  Plaintiffs' implied warranty claims based on new cars are

12   therefore untimely.  However, Plaintiff Kelly bought a used vehicle from a private dealership in

13   November 2015.  ECF No. 29 ¶ 38.  This claim is not untimely.

14           Plaintiffs argue that the statute of limitations for any untimely claim should be tolled based

15   on the discovery rule and fraudulent concealment.  ECF No. 56 at 18.  But, another court in this

16   district recently refused to apply the discovery rule to breach of warranty claims.  Marcus v. Apple

17   Inc, No. C 14-03824 WHA, 2015 WL 151489, at *8 (N.D. Cal. Jan. 8, 2015) (to "extend [the

18   discovery rule] to breach of warranty claims . . . would be nonsensical").  The Court finds this

19   analysis persuasive and adopts it here.  The same is not true, however, for Plaintiffs' fraudulent

20   concealment tolling theory.  In fact, other courts in this district have held that implied warranty

21   claims are subject to tolling based on fraudulent concealment.  E.g., Philips v. Ford Motor Co.,

22   No. 14-CV-02989-LHK, 2016 WL 1745948, at *14 (N.D. Cal. May 3, 2016); Sater v. Chrysler

23   Grp. LLC, No. EDCV 14-00700-VAP, 2015 WL 736273, at *8 (C.D. Cal. Feb. 20, 2015).

24           In sum, the Court grants the motion to dismiss without prejudice as to Plaintiffs' new car

25   implied warranty claims in California, but denies the motion with respect to Plaintiff Kelly's used

26

27   _____
     [19] Consumers may bring breach of implied warranty claims for use goods where an express
28   warranty is given as a part of the sale.  Cal. Civ. Code § 1795.5.

United States District Court
Northern District of California

1    car claim.[20]

2                        ii.      **Delaware, Kansas, New Hampshire, Ohio, Texas,
                                  and Virginia**

3         Under Delaware, Kansas, New Hampshire, Ohio, Texas, and Virginia law, the statutes of

4    limitations for claims arising from a contract for sale is four-years, starting from the time of sale.

5    6 Del. C. § 2-725(1) (2016), K.S.A. 84-2-725 (2017), N.H. Rev. Stat. § 382-A:2-725(1) (2016),

6    Ohio Rev. Code § 1302.98(A) (2016), Tex. Bus. & Com. Code § 2.725(a) (2015), Va. Code Ann.

7    § 8.2-725 (2016).  These states apply these statutes of limitations to implied warranties because

8    they are based on claims arising from a contract of sale.  As the Court has already noted, none of

9    the relevant Plaintiffs' claims were brought within four years of purchasing their vehicles.

10   Therefore, their claims are untimely under their respective state laws governing the statutes of

11   limitation for implied warranties.  The discovery rule cannot save these claims, because the claim

12   begins at the time the vehicle is delivered, regardless of the consumer's knowledge of the breach.

13   6 Del. C. § 2-725(1); Kan. Stat. Ann. § 84-2-752(2); N.H. Rev. Stat. § 382-A:2-725(2); Ohio Rev.

14   Code § 1302.98(B); Tex. Bus. & Com. Code § 2.725(b); Mendes v. Toyota Motor Sales, U.S.A.,

15   Inc., No. CV H-15-3018, 2016 WL 1222153, at *2 (S.D. Tex. Mar. 29, 2016) ("the discovery rule

16   does not apply to actions based on express or implied warranties"); Va. Code Ann. § 8.2-725.  As

17   with California, however, these claims are dismissed without prejudice to Plaintiffs adequately

18   alleging fraudulent concealment.

19                        iii.     **Florida**

20        Florida provides that the implied warranty of merchantability is the same for new and used

21   goods.  West's F.S.A. § 672.314; Bert Smith Oldsmobile, Inc. v. Franklin, 400 So. 2d 1235, 1236

22   (Fla. Dist. Ct. App. 1981).  Florida typically applies a three-year statute of limitations taken from

---

[20] Defendant also argues that this claim fails as a matter of law due to the absence of privity.  ECF No. 42 at 36.  This argument fails.  Although California requires privity for breach of implied warranty claims, there are "particularized exceptions" to the privity rule.  Clemens v. DaimlerChrysler Corp., 534 F.3d 1017 (9th Cir. 2008).  One such exception applies when the defendant extends an express warranty, as here.  Atkinson v. Elk Corp. of Texas, 142 Cal. App. 4th 212, 229 (2006).  Plaintiffs' claim for breach of implied warranty under California law does not fail for want of privity.

United States District Court
Northern District of California

its "Lemon Law" that begins to run at the time the vehicle is delivered.  Saavedra v. Albin Mfg. Corp., No. 8:11-CV-1893-T-33TBM, 2012 WL 254122, at *3 (M.D. Fla. Jan. 27, 2012).  Plaintiff Criner purchased his vehicle in May 2012, more than three years before the suit, and his claims are, therefore, untimely.  ECF No. 42 at 26.  Unlike the states identified above, Florida appears to allow tolling of implied warranty claims via the discovery rule and fraudulent concealment.  This claim is dismissed without prejudice to Plaintiffs adequately alleging a tolling theory.

### b.    Express Warranty

California, Delaware, Kansas, New Hampshire, Ohio, Texas, and Virginia have adopted the Uniform Commercial Code provisions that require claims for breach of an express warranty to be brought within four years.  Cal. Com. Code § 2725(1); 6 Del. C. § 2-725(1); Kan. Stat. Ann. § 84-2-725(1); Mo. Rev. Stat. § 400.2-725(a); N.H. Rev. Stat. § 382-A:2-725(1); Ohio Rev. Code § 1302.98(A); Tex. Bus. & Com. Code § 2.725(a); Va. Code. Ann. § 8.2-725; Winchester Homes, Inc. v. Hoover Univ., Inc., 39 Va. Cir. 107, 110 (Va. Cir. Ct. 1996).  As with the implied warranty claims, the statute of limitations begins to run at the time the vehicle is delivered, regardless of the consumer's knowledge of the breach.  Cal. Com. Code § 2725(2); 6 Del. C. § 2-725(1); Kan. Stat. Ann. § 84-2-752(2); Mo. Rev. Stat. § 400.2-725(1); N.H. Rev. Stat. § 382-A:2-725(2); Ohio Rev. Code § 1302.98(B); Tex. Bus. & Com. Code § 2.725(b); Mendes, 2016 WL 1222153, at *2 ("the discovery rule does not apply to actions based on express or implied warranties"); Va. Code Ann. § 8.2-725.  As discussed above, Florida applies the "Lemon Law" provision to claims based on breaches of express and implied warranties.  Accordingly, for the reasons stated with regard to the implied warranty claims, and with the exception of any claim based on Plaintiff Kelly's used car purchase, these express warranty claims are untimely.  These claims are dismissed without prejudice to Plaintiffs adequately alleging fraudulent concealment as grounds for tolling (and the discovery rule for the Florida claim).

### b.    Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act does not contain its own statute of limitations, so the Court must use the most analogous state statute of limitations.  Rooney v. Sierra Pac. Windows, 566 F. App'x 573, 576 (9th Cir. 2014); see also Hooper v. Lockheed Martin Corp., 688 F.3d 1037,

22

1044 (9th Cir. 2012) (explaining that a federal court applies the most closely analogous state statute of limitations when a federal statute contains no express statute of limitations).  California imposes a four-year statute of limitations for breaches of the Magnuson-Moss Warranty Act.  Rooney, 566 F. App'x at 576 (citing Mexia v. Rinker Boat Co., Inc., 174 Cal. App. 4th 1297, 1306 (2009)).  Ohio, New Hampshire, Virginia, and Delaware all apply the same four-year statute of limitations as for claims arising from a contract for sale.[21]  With the exception of the used car claim by Plaintiff Kelly, discussed above, Plaintiffs' Magnuson-Moss claims are untimely, and the Court dismisses them without prejudice to adequately alleging a tolling theory.

### 2.    Implied Warranty as a Matter of Law

Defendant also argues that even if the Plaintiffs' implied warranty claims were timely, those claims fail as a matter of law pursuant to California, Florida, Ohio, New York, and Texas law because they have failed to allege vertical privity as required for breaches of an implied warranty.  ECF No. 42 at 36-37.  Many jurisdictions require vertical privity between a manufacturer and a consumer for claims based on the breach of an implied warranty.  Barragan v. Gen. Motors LLC, 2015 WL 5734842, at *9 (W.D. Tex. Sept. 30, 2015); Curl v. Volkswagen of Am., Inc., 871 N.E.2d 1141, 1147 (Ohio 2007); Carbo Indus. Inc. v. Becker Chevrolet, Inc., 112 A.D. 2d 336, 340 (Sup. Ct. N.Y. 1985); Cloer v. General Motors Crop., 395 F. Supp. 1070, 1072 (E.D. Tex. 1975); Anunziato v. eMachines, Inc. 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005).  Each state applies this rule in varying degrees of strictness and sometimes allows exceptions.  The Court only addresses this argument as it applies to New York law, because each of the other implied warranty claims was dismissed on timeliness grounds.

### a.    New York

Vertical privity is required for a breach of implied warranty claim under New York law,

---

[21] See Hahn v. Jennings, No. 04AP-24, 2004-Ohio-4789, 2004 WL 2008474 *7 (Ohio App. 10th Dist. Sept. 9, 2004); Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 830 (2005); Murray v. Am. Suzuki Motor Corp., No. CIV.A.09C-10-103PLA, 2010 WL 323506, at *4 (Del. Super. Ct. Jan. 25, 2010); Waldron v. Subaru of Am., Inc., No. LS-896-4, 1990 WL 751231, *1 (Circ. Ct. Va. July 19, 1990).

United States District Court
Northern District of California

1  except when the product in question is a "thing of danger."  Hubbard v. Gen. Motors Corp., No.

2  95 CIV. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996).  In Hubbard, the plaintiff

3  alleged that General Motors' Suburban had defective brakes.  Id. at *1.  Although the plaintiffs

4  were not in vertical privity with General Motors and they had not experienced any injury, the fact

5  that the alleged defect presented a danger was sufficient to bring it under New York's exception.

6  Id. at *5.  Plaintiffs here allege that the drain produced by the effective HFL causes a safety defect.

7  Therefore, Plaintiffs are not precluded as a matter of law from bringing an implied warranty claim

8  under New York law.

9          **G.**        **Unjust Enrichment under California, Delaware, Florida, Kansas, New**
                         **Hampshire, New York, Ohio, Texas, and Virginia Law**

10         Plaintiffs bring claims of unjust enrichment as a nationwide class under California law or,

11 alternatively, under their respective state's unjust enrichment laws.  ECF No. 29 ¶¶ 342, 448, 544,

12 636, 726, 816, 926, 1010, 1103, 1118, & 1269.  All the states in question have similar

13 requirements for a claim of unjust enrichment: (1) the plaintiff conferred a benefit on the

14 defendant, who had knowledge of the benefit; (2) the defendant accepted and retained the benefit;

15 and (3) it would be inequitable to retain the benefit.  See, e.g. In re Ford Motor Co. E-350 Van

16 Prod. Liab. Litig. (No. II), No. CIV.A. 03-4558 GEB, 2011 WL 601279, at *5 (D.N.J. Feb. 16,

17 2011); Hummel v. Hummel, 133 Ohio St. 520, 528, 14 N.E.2d 923, 927 (1938); Ghirardo v.

18 Antonioli, 14 Cal. 4th 39, 51 (1996); Media Servs. Group, Inc. v. Bay Cities Communications,

19 Inc., 237 F.3d 1326, 1330-31 (11th Cir. 2001); Estate of Draper v. Bank of Am., N.A., 288 Kan.

20 510, 518 (2009).  The benefit conferred and the inequity must occur in the same transaction.

21         Defendant argues that all claims for unjust enrichment should be dismissed as a matter of

22 law because (1) Plaintiffs who purchased used vehicles[22] cannot bring claims of unjust enrichment

23 because the purchase of a used car does not confer a benefit on AHM, ECF No. 42 at 32-33; (2)

24 Plaintiffs who purchased a new car[23] did not plead unjust enrichment in the alternative, ECF No.

---

[22] These are Plaintiffs Kelly, Criner, Moss, Crooks, Gerstle, and Srivastava.

[23] These are Plaintiffs Aberin, Gray, Tran, Awtrey, and Yeung.

United States District Court
Northern District of California

1    42 at 32-34; and (3) the existence of a valid, express contract precludes unjust enrichment claims.

2    Id. at 33-34.   The Court agrees with Defendant's third argument, and therefore does not address

3    the other two.

4           Defendant argues that Plaintiffs' unjust enrichment claims must be dismissed because none

5    of the states at issue recognizes claims for unjust enrichment if a vehicle was purchased pursuant

6    to a valid express contract.  ECF No. 42 at 33-34 (citing cases).  Plaintiffs do not argue with this

7    rule or claim that any state refuses to apply it.  Rather, they respond that their claims are pled in

8    the alternative, and "the fact that Plaintiffs' bring claims founded in express contract . . . does not

9    negate the merit of Plaintiffs' quasi-contract claims for unjust enrichment."  ECF No. 56 at 22.

10   But the case law Defendant cites is clear: "a quasi-contract action for unjust enrichment does not

11   lie where [] express binding agreements exist and define the parties' rights."  E.g., California Med.

12   Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 172 (2001).   Nor

13   can Plaintiffs found their unjust enrichment claims on later, post-sale "visit[s] [to] local

14   dealerships, having their vehicles serviced at the dealerships, or even directly purchasing the used

15   cars at manufacturer-controlled dealerships."  ECF No. 56 at 21.  Plaintiffs appear to be attempting

16   to describe an exception to the valid express contract rule, but cite no authority to support the

17   exception.  Moreover, if there were such a rule, it would seem to apply to any purchaser/seller

18   relationship in which the purchaser might make subsequent purchases – directly or indirectly –

19   from the seller.  Such an exception must be developed in California's state courts or legislature,

20   not in a federal district court.

21          Because amendment of these claims would be futile given that Plaintiffs pled the existence

22   of express agreements, Plaintiffs' unjust enrichment claims are dismissed with prejudice.

23          **H.      Missouri and North Carolina**

24          Defendant moves to dismiss several claims under Missouri law, including: (1) Plaintiffs'

25   breach of implied warranty of merchantability claim and breach of express warranty;

26   (2) Plaintiffs' Missouri Merchandising Practices Act claim, and (3) Magnuson-Moss Warranty

27   Claims.  ECF No. 42 at 25-27, 30.  Plaintiffs voluntarily dismissed the named Missouri Plaintiff

28   and his claims.  ECF No. 58 at 1.  All claims brought under Missouri law are accordingly

dismissed.

Defendant also moves to dismiss all claims brought pursuant to North Carolina law because no factual allegations are made to support Plaintiffs' claims. ECF No. 32. The Plaintiffs concede that they are not attempting to pursue an alternative North Carolina class. ECF No. 56 at 20, fn.6. The Court grants the motion to dismiss as it relates to claims brought under North Carolina law.

**CONCLUSION**

The Court rejects Defendant's argument that the presumption against extraterritorial application of California law or California's choice of law rules bar the non-California Plaintiffs from invoking California law. The Court also rejects Defendant's argument that dismissal of Plaintiffs' request for injunctive relief is required because NHTSA has general authority over Plaintiffs' claims. As for tolling, Plaintiffs' discovery rule and fraudulent concealment theories are dismissed without prejudice, while the equitable estoppel theory is dismissed with prejudice. The Court denies Defendant's motion, however, with respect to Plaintiffs' affirmative clams of fraudulent concealment.   Except for Plaintiff Kelly, Plaintiffs' CLRA and UCL claims are dismissed without prejudice. Plaintiffs' Delaware, Kansas, New Hampshire, Virginia, Texas, and Florida consumer protection claims are dismissed without prejudice. The consumer protection claim under Ohio is dismissed with prejudice. With the exception of California claims based on used cars, which is timely, Plaintiffs' implied warranty claims under California, Delaware, Kansas, New Hampshire, Ohio, Texas, Virginia, and Florida law are dismissed without prejudice. The same is true for Plaintiffs' express warranty and Magnuson-Moss Warranty claims. Plaintiffs' New York implied warranty claim does not fail for lack of privity. The Court grants the motion to dismiss Plaintiffs' unjust enrichment claims with prejudice. Finally, the Court grants

/ / /

/ / /

/ / /

/ / /

/ / /

the motion to dismiss all claims brought pursuant to Missouri and North Carolina law without prejudice.

**IT IS SO ORDERED.**

Dated:  June 28, 2017



JON S. TIGAR
United States District Judge