**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LINDSAY ABERIN, DON AWTREY, DANIEL CRINER, JARED CROOKS, MARK GERSTLE, JOHN KELLY, YUN-FEI LOU, JORDAN MOSS, ARPAN SRIVASTAVA, DONALD TRAN, and MELISSA YEUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | No. 3:16-cv-04384-JST<br><br>**PARTIES' STIPULATED JOINT DISCOVERY DISPUTE STATEMENT AND [PROPOSED] ORDER**<br><br>**Complaint filed: August 3, 2016**<br><br>Judge: Hon. Jon S. Tigar<br>Magistrate: Donna M. Ryu |

Pursuant to the Court's oral order, issued on June 23, 2017 during the Parties' third case management conference (*see, e.g.* D.E. 89, dated June 26, 2017, referring the case to Magistrate Judge Donna M. Ryu), the Parties file this stipulation and proposed order presenting a date by which letter brief(s) shall be presented to Magistrate Judge Donna M. Ryu, and what disputes the letter brief(s) may present to the Court for resolution.

As the Parties were unable to agree upon a joint position statement to present to the Court, the Parties present their respective positions to the Court for its consideration. In the last section of this statement, each Party proposes a timeline and a process for submitting the letter brief(s) to the Court.

1. **Stipulated Statement of Discovery Issues to Potentially Address in the Parties' Letter Brief(s)**[1]

---

[1] To the extent the Parties have resolved, in full or in part, any of these items prior to the Court-ordered deadlines for the submission of their letter brief(s), the Parties will so advise the Court.

PARTIES' STIPULATED JOINT DISCOVERY DISPUTE STATEMENT AND [PROPOSED] ORDER
1

**A.     Plaintiffs' Position**

      a. Introductory Remarks:

            i. Plaintiff understood that the matters that were to be presented to the Court at this juncture are <u>only</u> those that have been subject to an active meet and confer process and were raised as nearing dispute in the Third Joint Status Report (*i.e.* disputes related to discovery of Electronically Stored Information ("ESI")) *See* D.E. 88, at 10-20.  Further, Plaintiffs understood that the parties were only to list the issues that may likely require Court resolution, and withhold argument until briefing commences.

           ii. Accordingly, Plaintiff proposed a short list of such issues to Defendant for consideration (listed immediately below). Defendant, instead, responded to Plaintiffs with the laundry-list of issues which Defendant recites in its own section below, with explicit direction from Defendant that Plaintiffs were not to make any edits to Defendant's proposed issues.

           iii. Plaintiff disagrees that any of the issues unrelated to ESI and raised by Defendant are ripe for presentation to the Court at this time. Indeed, on June 29, 2017, *just yesterday*, Plaintiffs served their discovery responses and first received a proposed vehicle inspection protocol. There has been no oral meet-and-confer on either of these issues, as required by Magistrate Judge Donna M. Ryu's Standing Order on discovery disputes.[2]

---

[2] *See* Magistrate Judge Donna M. Ryu's Standing Orders, at 3, *available at*: http://www.cand.uscourts.gov/filelibrary/368/DMR-REVISED-STANDING-ORDER.062217.pdf (directing that a "meet and confer session must be in person or by telephone" prior to presenting issues to the court).

     iv. Similarly, Plaintiffs do not believe the issue of third-party/former plaintiff discovery is ripe at this time. There has been no oral meet-and-confer on this issue either. In fact, one week ago, in the Parties' Third Joint Status Report, the Parties jointly stated that "The Parties will discuss the discovery AHM intends to seek in an effort to resolve any disputes prior to service of any discovery of former named plaintiffs." D.E. 88 at 5. Defendant has not approached Plaintiffs to discuss this issue at all; it simply listed it on this document as a matter for briefing.

     v. There is no reason to believe that Court intervention may be appropriate and the status of such discussions is more appropriate for presentation at the next Status Conference just as the ESI related disputes were presented at the last Status Conference. If, at that time, after Defendants conduct an oral meet-and-confer with Plaintiffs on this issue, and if issues remain unresolved, then Court intervention may be appropriate.

  b. Plaintiffs have identified the following issues related to the ESI disputes already brought to the Court's attention in the Third Joint Status Report (*See* D.E. 88, at 10-20):

   i. A final, agreed-upon ESI search term list, including testing of any initial proposed ESI search terms, by a date certain.

   ii. The adequacy of the ESI data source disclosures of American Honda Motor Company, Inc. ("AHM") that were originally served on May 1, 2017 and revised on June 20, 2017 to add one custodian, including:

    1. The "description of each **potentially responsive** data sources, including databases that **are likely** to contain responsive information." (D.E. 77 at 2, emphasis added). For custodial documents such

disclosure includes all custodial data sources, both potential and likely sources.

2. The identification of all non-custodial data sources, including the general systems housing any custodial data sources subject to disclosure (above) and subject to the identification of AHM-related entities for which discovery will be made (below, section iii).

   iii. The identification of AHM-related entities for which discovery will be produced in relation to the discovery served on AHM by Plaintiffs.

   iv. Whether and when, AHM will, generally and for the purposes of completion of the ESI search terms, identify:

1. HandsFreeLink parts suppliers for all vehicles in the proposed class,
2. HandsFreeLink part numbers (as units and for constituent parts) for all vehicles in the proposed class, and
3. Codes used in the databases identified by AHM that relate to the HandsFreeLink.

   v. The scope of vehicles and/or HandsFreeLink systems which are the proper subject of ESI discovery.

**B.  AHM's Position**

a. <u>Introductory remarks</u>. Nothing is currently ripe for the Court's consideration, as Plaintiffs must admit, given we are only presenting an issues list to the Court and a proposed schedule.

   i. The Parties are going to have to meet and confer a number of times in advance of their submission to the Court, including on August 4, 2017 (per this Court's orders), to attempt to resolve outstanding issues. Notably, the Parties have not sufficiently met and conferred with respect to *any* of the issues identified herein, which is the reason the Parties are presenting this schedule in the first place.

  ii. AHM believes the Court should address all outstanding disputes then pending, not just issues unilaterally identified by Plaintiffs. The Parties intend to use the next six weeks to meet and confer in order try to resolve as many outstanding issues as possible, including issues raised by AHM.

  iii. Although AHM disputes the characterization of the discovery disputes identified by Plaintiff, AHM remains committed to working with Plaintiffs to attempt to understand (and hopefully resolve or narrow) the issues they have identified.

 b. <u>Process</u>. AHM has proposed a process, described below, for the Parties to use to scope, streamline and speed up the discovery of ESI, keeping those efforts proportionate to the case.[3]

  i. AHM proposes to provide to Plaintiffs materials AHM collected as the corpus of documents directly relevant to Plaintiffs' allegations.

  ii. AHM believes Plaintiffs should work from this corpus of documents to identify culling methodologies, such as date, custodian communications and search terms Plaintiffs believe may be most relevant. AHM believes parties should employ technology and proportionality principles to determine which terms to utilize when searching the additional ESI identified by Plaintiffs (if any). AHM will then test the proposed culling methodologies against the data to efficiently locate and produce documents consistent with proportionality principles of the Federal Rules of Civil Procedure.

  iii. Plaintiffs' position on search terms appears to be based on the fallacious assumption that there will be "one list to rule them all" – a set of search terms defined early on, before evaluating search term results – that through some magical process will reliably identify all relevant documents. It

---

[3] For some reason, Plaintiffs do not wish for AHM to advise the Court of this proposal.

PARTIES' STIPULATED JOINT DISCOVERY DISPUTE STATEMENT AND [PROPOSED] ORDER

5

might be a theory that sounds good, but it is not a practice that works well, including because it is inefficient and costly.

  c. <u>Discovery Topics</u>. AHM also identifies the following topics for the parties to discuss (and hopefully resolve or narrow), all of which have previously been raised with Plaintiffs and/or the Court, recognizing that some or all of them may need to be addressed in the Parties' letter brief to the Court:

    i. The adequacy of responses to Interrogatories and Requests for Production served on Plaintiffs on March 31, 2017, and due to Defendant American Honda Motor Co., Inc. ("AHM") on June 29, 2017.

    ii. Plaintiffs' production of ESI and compliance with the ESI protocol.

    iii. The vehicle inspection protocol by which AHM will be permitted to test and inspect plaintiffs' vehicles, and the scheduling of such inspections. Plaintiffs have been resistant to scheduling the inspections. We believe the inspections will reveal Plaintiffs' vehicles do not have the issues complained of.

    iv. Third-party discovery to be propounded on former named plaintiffs Rebecca Grey, Ron Alul, and Janice Pfeiffer, who dismissed their claims after (among other reasons) selling their vehicles to third parties. AHM is not asking for counsel to accept service on behalf of individuals counsel no longer represents, but rather work cooperatively with AHM so that the Parties will not need to dispute over the issuance and substance of the subpoenas.

    v. Plaintiffs' improper attempt to require AHM to produce ESI from third parties (including Honda affiliates) over which AHM does not have possession, custody or control. As Plaintiffs well know, there are literally hundreds and hundreds of Honda affiliates. As AHM has repeatedly advised Plaintiffs, it does not have possession, custody or control over the ESI of Honda affiliates. In complete disregard of reality, however,

Plaintiffs have propounded extremely burdensome discovery on AHM seeking documents and information from nonparties that are NOT AHM. This is totally inappropriate. Plaintiffs have lawful methods by which to seek to obtain materials and information from third parties, including AHM affiliates.[4] Plaintiffs can use discovery tools available to them (such as subpoenas) to try to obtain discovery from nonparty Honda entities. But they cannot circumvent proper legal process and instead demand this Court order AHM to obtain information from hundreds upon hundreds of third parties over which AHM has no actual or legal control.

vi. Plaintiffs' claim AHM's ESI disclosures are somehow deficient because AHM has not undertaken an investigation of hundreds of Honda entities and affiliates. But AHM has fulfilled its duties. AHM has acted in good faith to identify all of the custodians and databases within AHM of which it is aware that may contain relevant ESI. In a measure of good faith, AHM has identified individuals now employed by an affiliate of AHM who may have relevant information. AHM has undertaken efforts to obtain documents from other entities voluntarily in order to assist Plaintiffs

---

[4] AHM will provide a declaration to this Court explaining some aspects of the corporate structure and organization of Honda Motor Co. Ltd., of which AHM is a U.S. subsidiary and one of many hundreds of affiliates located all over the world (information that has already been conveyed to Plaintiffs). This Court has confronted this exact same issue before in *True Health Chiropractic Inc. v. McKesson Corp.*, Case No. 13-cv-02219, 2015 WL 3409721 *2 (N. D. Cal. May 27, 2015) (Ryu, J.). In True Health, this Court denied plaintiff's motion to compel burdensome productions by a corporate parents of documents and information from subsidiaries and affiliates who were not parties to the case. *Id*. at * 1. The situation here is indistinguishable, except in this case, AHM is not a corporate parent with control, but one among many hundreds of affiliates with no control. AHM has identified to Plaintiff that there are literally hundreds of affiliated companies, many of which are non-U.S. legal entities, with literally thousands and thousands of employees. *Id*. at *3. AHM has explained to Plaintiffs, as was the case in True Health, there is no "central database" or other repository that AHM can search to identify whether parent or affiliates have any documents relevant to the HandsFreeLink system at all, much less relevant to the specific allegations set forth in Plaintiffs' complaint. *See id*.

in evaluating their claims.  AHM has always made clear that the provision of any documents and information from an affiliate has been at the discretion of the affiliate. Unfortunately, Plaintiffs have repaid these good faith efforts by purporting to demand that AHM search hundreds and hundreds of Honda entities at its sole cost and expense.  As noted above, AHM does not have the legal authority to do so, but in any case, such a demand is absurdly disproportional to the needs of the case.

1. AHM is hopeful that by providing the corpus of documents to Plaintiffs, Plaintiffs will identify additional potential custodians against which AHM can then test the proposed culling methodologies to efficiently locate and produce documents consistent with proportionality principles of the Federal Rules of Civil Procedure.

2. AHM naturally objects to Plaintiffs' proposal requiring AHM to use a "phased approach" to search the ESI of Honda affiliates for reasons set forth above.  It is markedly counterproductive for Plaintiffs to seek an order from this Court that imposes an undue burden on AHM and which AHM lacks authority to enforce.

3. At this point, if Plaintiffs cannot be reasonable and continue to insist upon cumbersome and extremely costly approaches, the Parties need to discuss appropriate cost-sharing methods, and will present a cost-sharing proposal to the Court for its consideration. Cost estimates from ESI consultants based on a smaller scope of data than that contemplated by Plaintiffs exceed $3.4 million.

d. <u>Discovery Scope</u>. AHM believes the Parties need to come to agreement as to the scope of vehicles and/or HandsFreeLink systems which are the proper subject of discovery under the Plaintiffs' amended complaint. Only several different Acuras and model years are actually in issue in the pleading, but Plaintiffs allege that *all*

Acura makes and models from 2004-2018 that contain HFL systems that are "defective." This includes dozens and dozens of Acura makes and model years. Particularly given proportionality principles of the Federal Rules of Civil Procedure and the Court's amended order entered on June 28, 2017 (ECF No. 91). AHM believes it is necessary to clarify how many model years and makes of vehicles are actually (or properly) in issue because this will necessarily impact the scope of discovery, both ESI and non-ESI related.

   e. AHM notes that the issues Plaintiffs present to the Court in this statement cannot be addressed (much less resolved) until Plaintiffs file a new operative pleading, which AHM must review and analyze to determine the proper scope of discoverable information. Plaintiffs have no deadline by which to file an amended pleading. It is unclear when they intend to do so.

2. **Proposed Dates For Submission Of The Parties' Letter Brief And Process**

   A. **Plaintiffs' proposal:**

      i. The Parties submit simultaneous letter briefs at or before noon, Pacific Time, on August 10, 2017.[5]

      ii. Plaintiffs further propose a 3-page (single-spaced) limit on the letter brief, with no declarations, exhibits, or other addendum permitted other than the disputed discovery documents themselves (e.g., 1) the current ESI search term status, and 2) the current ESI data source disclosure). Plaintiffs believe that this comports with this Court's standing order which contemplates submission of separate submissions in appropriate circumstances as those presented here and accommodates the complexity of some of the issues that may require submission to the Court.

---

[5]Plaintiffs believe that, given that it has taken the Parties three days to agree on what items about which the parties disagree – but still failed in doing so, that it would be futile to come up with a joint statement about the *substance* about which we disagree.

PARTIES' STIPULATED JOINT DISCOVERY DISPUTE STATEMENT AND [PROPOSED] ORDER

9

B. **AHM's proposal:**
  i. AHM believes the Parties should follow this Court's standing order and submit a single, joint five-page letter brief, setting forth each Party's position. ("If disagreements remain, the parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the Court."). The Court requests the Parties' joint letter to not exceed five (5) pages and sets forth other requirements. AHM does not agree that the Parties should deviate from this Court's standing order. In point of fact, Plaintiffs have not articulated any reasonable basis for doing so (except they don't want to work be required to cooperatively) so it is unclear to AHM as to why they are proposing a process that is at odds with the Court's standing order.
  ii. AHM proposes that the Parties submit their letter brief no later than August 10, 2017 (with no time deadline – it is unclear why Plaintiffs are attempting to impose a false "deadline" of noon), with the lead counsel for the Parties meeting and conferring on August 4, 2017, five (5) business days immediately prior to identify the issues and to plan for and cooperate in preparing the joint letter (per this Court's rules) so that each side has a fair opportunity to present its arguments. AHM believes that during the next six weeks, the Parties should establish a process to work through all (or nearly all) of the issues identified herein with minimal or no Court intervention, or at least significantly narrow and clarify the specific nature of the actual dispute.

| | | |
|---|---|---|
| 1 | DATED: June 30, 2017 | Respectfully submitted, |
| 2 | | |
| 3 | *Attorneys for Defendant American Honda Motor Company, Inc.* | *Attorneys for Plaintiffs and the Proposed Classes* |
| 4 | | |
| 5 | SIDLEY AUSTIN LLP | SEEGER WEISS LLP |
| 6 | By */s/ Livia M. Kiser* | By */s/ Christopher A. Seeger* |
| | Livia M. Kiser (SBN 285411) | Christopher A. Seeger (*pro hac vice*) |
| 7 | lkiser@sidley.com | Stephen A. Weiss (*pro hac vice*) |
| | Michael C. Andolina (*pro hac vice*) | Scott Alan George (*pro hac vice*) |
| 8 | mandolina@sidley.com | Daniel R. Leathers (*pro hac vice*) |
| | Andrew J. Chinsky (*pro hac vice*) | SEEGER WEISS LLP |
| 9 | achinsky@sidley.com | 77 Water Street, New York, |
| | SIDLEY AUSTIN LLP | New York, NY 10005 |
| 10 | One South Dearborn | Telephone: (212) 584-0700 |
| | Chicago, IL 60603 | Facsimile: (212) 584-0799 |
| 11 | Tel: (312) 853-7000 | Email: cseeger@seegerweiss.com |
| | Fax: (312) 853-7036 | Email: sweiss@seegerweiss.com |
| 12 | | Email: sgeorge@seegerweiss.com |
| | Eric B. Schwartz (SBN 266554) | Email: dleathers@seegerweiss.com |
| 13 | eschwartz@sidley.com | |
| | SIDLEY AUSTIN LLP | Steve W. Berman (*pro hac vice*) |
| 14 | 555 West Fifth Street, Suite 4000 | Catherine Y.N. Gannon (*pro hac vice*) |
| | Los Angeles, California 90013 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 15 | Tel: (213) 896-6666 | 1918 Eighth Avenue, Suite 3300 |
| | Fax: (213) 896-6600 | Seattle, WA 98101 |
| 16 | | Telephone: (206) 623-7292 |
| 17 | | Facsimile: (206) 623-0594 |
| | | Email: steve@hbsslaw.com |
| 18 | | Email: catherineg@hbsslaw.com |
| 19 | | Shana E. Scarlett (SBN 217895) |
| 20 | | 715 Hearst Avenue, Suite 202 |
| | | Berkeley, CA 94710 |
| 21 | | Telephone: (510) 725-3000 |
| | | Facsimile: (510) 725-3001 |
| 22 | | Email: shanas@hbsslaw.com |
| 23 | | Roland K. Tellis (SBN 186269) |
| | | Mark P. Pifko (SBN 228412) |
| 24 | | BARON & BUDD, P.C. |
| | | 15910 Ventura Blvd, Suite 1600 |
| 25 | | Encino, CA 91436 |
| | | Telephone: (818) 839-2320 |
| 26 | | Facsimile: (818) 986-9698 |
| 27 | | Email: rtellis@baronbudd.com |
| | | Email: mpifko@baronbudd.com |
| 28 | | |

PARTIES' STIPULATED JOINT DISCOVERY DISPUTE STATEMENT AND [PROPOSED] ORDER

11

James E. Cecchi (*pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com

James C. Shah
Shepherd Finkelman Miller & Shah, LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: 415-429-5272
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com

Toby James Marshall (pro hac vice)
Amanda M Steiner (pro hac vice)
Brittany A. Madderra (pro hac vice)
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: tmarshall@terrellmarshall.com
Email: asteiner@terrellmarshall.com
Email: bmadderra@terrellmarshall.com

**PROPOSED ORDER**

**IT IS ORDERED** that [Plaintiffs' issues in dispute]/[AHM's issues in dispute] is/are approved under the process proposed by [Plaintiffs]/[Defendant].

DATED: _____    _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 30, 2017, service of the PARTIES' JOINT DISCOVERY DISPUTE STATEMENT AND [PROPOSED] ORDER, was accomplished via ECF, which served all counsel of record.

Dated: June 30, 2017

                                               */s/    Christopher A. Seeger*
                                               Christopher A. Seeger

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation. In compliance with Civil Local Rule 5.1, I hereby attest that the signatory has concurred in this filing.

Dated: June 30, 2017                                By:*/s/ Christopher A. Seeger*