Livia M. Kiser (SBN 285411)
lkiser@sidley.com
Michael C. Andolina (admitted *pro hac vice*)
mandolina@sidley.com
Andrew J. Chinsky (admitted *pro hac vice*)
achinsky@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6666
Fax: (213) 896-6600

*Attorneys for Defendant American Honda Motor Co. Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ABERIN, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Consol. Case No. 3:16-cv-04384-JST<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S OPPOSITION TO MOTION OF PLAINTIFFS FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL & EXECUTIVE COMMITTEE FOR PLAINTIFFS**<br><br>Date: July 27, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor, Phillip Burton Federal Building<br>Judge: The Hon. Jon S. Tigar |

## I. STATEMENT OF ISSUES TO BE DECIDED

**1.** Have Plaintiffs met their burden of showing that there are divergent interests that require the appointment of a three-firm executive committee and multiple lead counsel to protect those interests?

**2.** Have Plaintiffs met their burden of showing the interests of efficiency and economy are best served by appointing a three-firm executive committee and multiple lead counsel?

**3.** Should the Court instead appoint a single interim lead counsel who will be responsible for, among other things, ensuring that Plaintiffs' counsel litigate this matter in an efficient and appropriate manner and avoid unnecessary duplication of work?

## II. INTRODUCTION

Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel & Executive Committee ("Motion") asks the Court to appoint all but one of the six sets of Plaintiffs' counsel to an interim leadership role, with two firms acting as interim co-lead counsel, and three firms serving on an executive committee.[1] While some structure may help Plaintiffs' counsel prosecute this consolidated putative class action in an effective and cost efficient manner, Defendant American Honda Motor Co., Inc. ("AHM") opposes the structure suggested by Plaintiffs in their Motion on the grounds that Plaintiffs fail to explain how the interests and positions of the proposed class members are sufficiently dissimilar and the matter so complex so as to justify the appointment of *two* interim lead counsel and a three-firm executive committee. Plaintiffs also fail to articulate how the proposed leadership structure will improve efficiency and decrease costs. This omission is telling, as Plaintiffs' proposed structure actually ensures *inefficiency*, due to (among other things) decentralization of leadership and built-in duplication of effort. Plaintiffs' Motion should be denied, and if the Court is inclined to appoint any interim lead counsel, this Court should appoint a single interim lead counsel. At a minimum, the Court should deny Plaintiffs' request for a three-firm executive committee.[2]

---

[1] The Terrell Marshall Law Group is the only firm that is excluded from the proposed leadership structure. Two complaints were filed by a total of six (6) law firms.

[2] AHM does not take a position as to the ability of Plaintiffs to satisfy the rigorous requirements of Rule 23 (they cannot), and specifically reserves its right to contest the adequacy of Plaintiffs and

OPPOSITION TO MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL
CASE NO. 3:16-cv-04384-JST
2

### III. DISCUSSION

"Prior to class certification, the Court may designate an interim counsel on behalf of a putative class." *Michelle v. Arctic Zero, Inc.*, No. 12CV2063-GPC NLS, 2013 WL 791145, at *4 (S.D. Cal. Mar. 1, 2013). The Court may also designate committees. *See id.* "Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Manual for Complex Litigation § 10.221 (4th ed. 2004). "The types of appointments and assignments of responsibilities will depend on many factors. The most important is ***achieving efficiency and economy*** without jeopardizing fairness to the parties." *Id.* (emphasis added). "Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." *Id*.

A motion for appointment of an executive committee is properly denied where, as here, (1) "there has been no showing that the interests and positions of the putative class members" represented by the proposed executive committee "are sufficiently dissimilar to the interests and positions of the putative class members represented by" the proposed interim lead counsel, and (2) "there has been no showing that the interests of efficiency and economy are best served by appointing a three-firm Executive Committee." *See Kamakahi v. Am. Soc. for Reprod. Med.*, No. C 11-01781 SBA, 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) (denying appointment of executive committee); *see also Michelle*, No. 12CV2063-GPC NLS, 2013 WL 791145, at *4 (S.D. Cal. Mar. 1, 2013) (same).

The appointment of two law firms as interim lead counsel and a three-firm executive committee is not warranted here. These proceedings consolidate just two cases that essentially overlap. This is *not* multidistrict litigation. Plaintiffs do not even try to explain what "divergent interests" require the appointment of five law firms to "protect" those interests. Plaintiffs also fail to articulate how appointment of an executive committee and multiple firms as lead counsel will result in increased efficiencies and an increased ability to litigate this case in an effective, cost-efficient

their counsel in the context of class certification, should this case proceed to that stage.

and non-duplicative manner.  Plaintiffs, in fact, provide almost no explanation of how the proposed leadership structure will operate (much less why it is necessary).  The little information that Plaintiffs do reveal suggests that the proposed leadership structure will undoubtedly substantially increase costs by decentralizing leadership and ensuring that five different firms weigh in on every decision, no matter how small.  *See* Motion, D.E. 85 at 6 ("Interim Co-Lead Class Counsel, ***in consultation with*** the Executive Committee, shall have responsibility for strategic decisions associated with the prosecution of these consolidated cases and any subsequently filed related case") (emphasis added).  This leadership structure will create unnecessary bureaucracy and lead to confusion and duplication.  It will also likely make it nearly impossible to move forward on discovery and other matters requiring the parties to confer and work closely together and negotiate.  Plaintiffs' Motion should be denied.

## IV.    CONCLUSION

To the extent the Court finds "interim lead counsel" necessary and appropriate in this case, AHM respectfully requests the Court deny Plaintiffs' request for appointment of multiple lead counsel and a three-firm executive committee and make an appointment of a single interim lead counsel, who will be responsible for, among other things, ensuring that Plaintiffs' counsel litigate this matter in an efficient and cost effective manner and avoiding unnecessary duplication of work.

Dated: July 6, 2017                             Respectfully submitted,

                                                SIDLEY AUSTIN LLP

                                                By: /s/ Livia M. Kiser
                                                    Livia M. Kiser (SBN 285411)
                                                    lkiser@sidley.com
                                                    Michael C. Andolina (admitted *pro hac vice*)
                                                    mandolina@sidley.com
                                                    Andrew J. Chinsky (admitted *pro hac vice*)
                                                    achinsky@sidley.com
                                                    One South Dearborn
                                                    Chicago, IL 60603
                                                    Tel: (312) 853-7000
                                                    Fax: (312) 853-7036

                                                    Eric B. Schwartz (SBN 266554)
                                                    eschwartz@sidley.com
                                                    555 West Fifth Street, Suite 4000
                                                    Los Angeles, California 90013
                                                    Tel: (213) 896-6666

Fax: (213) 896-6600

*Attorneys for Defendant American Honda Motor Co. Inc.*