1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ABERIN, et al.,                          Case No.16-cv-04384-JST

8                    Plaintiffs,              **ORDER GRANTING MOTION FOR
                                              APPOINTMENT OF AN INTERIM CO-
9         v.                                  LEAD CLASS COUNSEL AND DENYING
                                              MOTION FOR APPOINTMENT OF AN
10   AMERICAN HONDA MOTOR                      EXECUTIVE COMMITTEE**
     COMPANY, INC.,
11                                            Re:  ECF No. 85
                    Defendant.
12          Before the Court is Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel

13   and an Executive Committee.  ECF No. 85.  Defendant American Honda Motor Co., Inc. opposes

14   the motion.  ECF No. 96.  The Court will grant Plaintiffs' request for appointment of interim co-

15   lead class counsel and deny Plaintiffs' request for appointment of an executive committee.

16   **I.      FACTUAL BACKGROUND**

17          In this purported class action, twelve named Plaintiffs allege that they purchased new or

18   used Acura vehicles manufactured by Defendant American Honda Motor Company, Inc. ("AHM"

19   or "Honda" or "Acura").  ECF No. 98.   Their Acura vehicles were equipped with a defective

20   Bluetooth system, the Hands Free Link ("HFL") system, which caused a "parasitic drain" on their

21   electrical systems, resulting in "premature failure of [] essential electric components" and posing

22   substantial safety hazards.  Id. ¶ 3.  The system was advertised as a convenient and safe way for a

23   driver to connect her phone to the vehicle and enjoy hands-free phone calls.  Id. ¶ 194.  Plaintiffs

24   allege that if they had known of the problem, they would not have purchased their vehicles or

25   would have paid less for them.  Id. ¶ 31.

26   **II.     PROCEDURAL BACKGROUND**

27          Plaintiffs filed this putative class action against Defendant on August 3, 2016.  ECF No. 1.

28   On March 1, 2017, Plaintiff Charles Burgess filed a class action complaint alleging substantially

similar claims.  ECF No. 85 at 9; see Burgess v. American Honda Motor Co., Inc., No. 17-cv-1060.  The Court has consolidated these actions into the present suit.  See ECF No. 92.  Following consolidation, Plaintiffs filed a Second Amended Complaint ("SAC").  ECF No. 98.  On June 22, 2017, Plaintiffs filed a motion for appointment of a two-firm co-lead class counsel and a three-firm executive committee.  ECF No. 85.  Defendant opposes this motion.  ECF No. 96.

### III.     MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

Plaintiffs request that the Court appoint Christopher A. Seeger of Seeger Weiss LLP and James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne") as interim co-lead class counsel.  ECF No. 85 at 12-13.

A district court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Manual for Complex Litig., § 21.11 (4th ed. 2004).  Federal Rule of Civil Procedure 23(g)(1)(A) requires that courts consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  The Court looks to those factors in designating interim class counsel as well.  See Parkinson v. Hyundai Motor Am., 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply[.]"); In re Air Cargo Shipping Serv. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

The Court has reviewed Plaintiffs' proposal and concludes that co-lead class counsel comprised of Seeger Weiss and Carella Byrne would "fairly and adequately represent the interests

United States District Court
Northern District of California

2

of the class." Fed. R. Civ. P. 23(g)(1)(B).  Each firm has done extensive work identifying, investigating, and prosecuting the potential claims.  ECF No. 85 at 16.  Each firm has experience handling complex litigation[1] and knowledge of the applicable law.[2]  Id.  And each firm has established that it will commit adequate resources to representing the class.  ECF No. 85 at 21-22. Accordingly, the Court designates Seeger Weiss and Carella Byrne as interim co-lead class counsel.

## IV.     MOTION FOR APPOINTMENT OF AN EXECUTIVE COMMITTEE

Plaintiffs request that the Court appoint a three-firm executive committee consisting of: (1) Steven W. Berman of Hagens, Berman, Sobol, Shapiro; (2) Roland K. Tellis of Baron & Budd; and (3) James C. Shah of Shepherd Finkleman.  ECF No. 85 at 17.  Plaintiffs assert that this leadership structure "will harmonize the efforts and interests of all clients and counsel involved, promote efficiency and cooperation among all parties and obversely eliminate the risk of fractious or redundant litigation efforts."  Id. at 8.  Defendant responds that an executive committee is not warranted in this case.  ECF No. 96 at 3.  The Court agrees.

"Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making."  Manuel for Complex Litig., § 10.221.  "Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses."  Id.  Courts within this circuit routinely deny requests for appointment of executive committees where a plaintiff fails to demonstrate that such an appointment is necessary.  See, e.g., Kamakahi v. Am. Soc. for Reprod. Med., 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) ("The Court concludes that Plaintiff has failed to demonstrate that the appointment of a three-firm Executive Committee to prosecute this action is warranted."); Michelle v. Arctic Zero, Inc., 2013

---

[1] Both firms present resumes that demonstrate that they have been previously appointed as lead or co-lead counsel in class actions on numerous occasions and have extensive experience prosecuting complex litigation across the United States.  See ECF 85-3, 85-4.

[2] Both firms claim to have substantial experience prosecuting the types of consumer claims at issue in this case, including claims under the California Consumers Legal Remedies Act, Civil Code §§ 1750-1784. and the Unfair Competition Law, Bus. & Prof. Code §§ 17200-17210.  ECF No. 85 at 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   WL 791145, at *3-4 (S.D. Cal. Mar. 1, 2013) (same); In re 5-Hour Energy Mktg. v. Innovation

2   Ventures, LLC, 2013 WL 12134144, at *2 (C.D. Cal. Nov. 8, 2013) ("[I]t is not clear to the Court

3   how the appointment of an Executive Committee at this point would benefit the proposed class

4   members."); Nicolow v. Hewlett Packard Co., 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013)

5   (declining to appoint an executive committee); In re Cathode Ray Tube (CRT) Antitrust Litig.,

6   2008 WL 2024957, at *2 (N.D. Cal. May 9, 2008) (concluding that there was "no need for an

7   executive committee at this time").

8          The Court concludes that the appointment of an executive committee is not warranted in

9   this case for two reasons.  First, Plaintiffs have neither addressed nor demonstrated that the

10  interests of the class diverge or are dissimilar.  See Manuel for Complex Litig., § 10.221.  The

11  consolidated action is comprised of two suits with "substantively identical" claims.  ECF No. 85 at

12  7.  The fact that there is "more than one Plaintiff group," ECF No. 101 at 2, is irrelevant if

13  Plaintiffs' interests are not divergent or dissimilar.  Thus, an executive committee is not necessary

14  to protect class members' interests in decision-making.  See Kamakahi, 2012 WL 892163, at *3

15  (declining to appoint a three-firm executive committee where plaintiff did not "identif[y] any

16  diverse interest among the parties"); Michelle, 2013 WL 791145, at *4 (concluding that a three-

17  firm executive committee was not warranted because plaintiff did not address whether the interests

18  of the class diverged or were dissimilar).

19         Second, Plaintiffs have failed to demonstrate that the interests of efficiency and economy

20  are best served by appointing a three-firm executive counsel.  See Manuel for Complex Litig., §

21  10.221 ("The types of appointments and assignments of responsibilities will depend on many

22  factors.  The most important is achieving efficiency and economy without jeopardizing fairness to

23  the parties."); see also Boggs v. Chesapeake Energy Corp., 286 F.R.D. 621, 624 (W.D. Okla.

24  2012) (concluding that an executive committee would "not promote effective management of [this

25  action] but is ripe for wasteful, duplicative work product, excessive billing, and internal

26  conflicts").  Plaintiffs do not articulate how an executive committee would increase efficiency and

27  the Court does not believe that a five-firm organizational structure would achieve that effect.

28  Accordingly, Plaintiffs' request for a three-firm executive committee is denied.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

The Court grants Plaintiffs' motion to appoint Seeger Weiss and Carella Byrne as interim co-lead class counsel.  The Court denies Plaintiffs' motion to appoint a three-firm executive committee.

IT IS SO ORDERED.

Dated: August 24, 2017

_____
JON S. TIGAR
United States District Judge