Christopher A. Seeger (*pro hac vice*)
SEEGER WEISS LLP
77 Water Street, 26th Floor
New York, NY 10005
Tel: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

James E. Cecchi (*pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

*Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

*Aberin et al. v. American Honda Motor Co., Inc.*

Case No. 3:16-cv-04384-JST

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Date: December 14, 2017
Time: 2:00 pm
Place: Courtroom 9, 19th Floor,
Phillip Burton Federal Building
The Honorable Jon S. Tigar

# Table of Contents

I.   STATEMENT OF ISSUES TO BE DECIDED...................................................................1

II.   INTRODUCTION...........................................................................................................1

III.   LEGAL STANDARD .....................................................................................................2

IV.   ARGUMENTS ...............................................................................................................3

    A.   Plaintiffs' Sale of Their Vehicles Did Not Amount to Spoliation of Evidence.3

        1.   Individual vehicles are not "relevant" evidence within the meaning of the spoliation doctrine. ....................................................................................3

        2.   Plaintiffs Crooks and Matza were not even litigants when they sold their vehicles. ................................................................................................6

    B.   Even if Plaintiffs Committed Spoliation of Evidence, Dismissal Is Not an Appropriate Sanction...............................................................................................7

        1.   Honda applied the wrong legal standard..................................................8

        2.   Plaintiffs' actions were, at most, negligent.............................................8

        3.   Honda was not prejudiced........................................................................9

    C.   An Order to Show Cause Is Also Inappropriate. ..........................................10

V.   CONCLUSION ............................................................................................................11

i

# Table of Authorities

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  888 F. Supp. 2d 1132 (N.D. Cal. 2012).................................................................5, 12, 13

*Bel Air Mart v. Arnold Cleaners, Inc.*,
  No. 2:10-CV-02392-MCE, 2014 WL 763185 (E.D. Cal. Feb. 21, 2014) ................................9

*Diamond Ben. Life Ins. Co. v. Dreyfuss*,
  No. 96-55488, 1997 WL 406771 (N.D. Cal. July 18, 1997) ...................................................11

*Dillon v. Nissan Motor Co.*,
  986 F.2d 263 (8th Cir. 1993) .........................................................................................8

*Doyle v. Chrysler Grp. LLC*,
  No. SACV 13-00620 JVS, 2014 WL 7690155 (C.D. Cal. Oct. 9, 2014)............................8, 9

*Fjelstad v. Am. Honda Motor Co.*,
  762 F.2d 1334 (9th Cir. 1985) .......................................................................................11

*Flury v. Daimler Chrysler Corp.*,
  427 F.3d 939 (11th Cir. 2005)......................................................................................7, 8

*Hamilton v. Signature Flight Support Corp.*,
  No. C 05-0490 CW (MEJ), 2005 WL 3481423 (N.D. Cal. Dec. 20, 2005) ........................5, 6

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
  591 F. Supp. 2d 1038 (N.D. Cal. 2006).............................................................................9

*In re Napster, Inc. Copyright Litig.*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006).................................................................9, 12, 13

*Io Grp. Inc. v. GLBT Ltd.*,
  No. C-10-1282 MMC DMR, 2011 WL 4974337 (N.D. Cal. Oct. 19, 2011) ..........................9

*Leon v. IDX Sys. Corp.*,
   464 F.3d 951 (9th Cir. 2006) ...................................................................................5, 12

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*,
   264 F.R.D. 517 (N.D. Cal. 2009) ..............................................................................9

*Reinsdorf v. Skechers U.S.A., Inc.*,
   296 F.R.D. 604 (C.D. Cal. 2013).............................................................................5, 7

*Silvestri v. Gen. Motors Corp.*,
   271 F.3d 583 (4th Cir. 2001) ....................................................................................8

*Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*,
   357 U.S. 197 (1958) ..................................................................................................11

*Toppan Photomasks, Inc. v. Park*,
   No. 13-CV-03323-MMC, 2014 WL 2567914 (N.D. Cal. May 29, 2014) ..................7, 11

*United States v. Nat'l Med. Enterprises, Inc.*,
   792 F.2d 906 (9th Cir. 1986) ....................................................................................6

*Victorino v. FCA US LLC*,
   No. 16CV1617-GPC (JLB), 2017 WL 4541653 (S.D. Cal. Oct. 11, 2017)................9, 10, 13

# I.   STATEMENT OF ISSUES TO BE DECIDED

A.   Whether this Court should deny Honda's request for spoliation sanctions against Plaintiffs Crooks and Matza for sale of their vehicles when every vehicle manufactured by Honda with a HandsFreeLink unit has the same defective unit, and the sale of the vehicles took place before they became personally involved in the litigation?

B.   Whether this Court should deny Honda's request for a spoliation sanctions against Plaintiff Moss when, like Plaintiffs' Matza and Crooks, his vehicle had the same defective HandsFreeLink unit as every other vehicle manufactured by Honda with HandsFreeLink and there is no evidence of intent to impede this litigation?

C.   Whether this Court should deny Honda's alternative request for an order to show cause in light of the fact that the requested order would require Plaintiffs to prove their claims and establish certifiability of the proposed class before the completion of discovery and filing of a motion for class certification?

# II.   INTRODUCTION

Plaintiffs in this proposed class action are consumers who purchased vehicles manufactured by the defendant, American Honda Motor Company, Inc. ("Honda"). Unbeknownst to the Plaintiffs, these vehicles' HandsFreeLink units (Honda's Bluetooth device) contained a defect that drained the vehicles' electrical system draining the vehicles' batteries and causing other electrical failures. Some of the Plaintiffs named in the litigation became fed up, after years of struggling with the costly and inconvenient issues caused by this defect, and sold or traded-in their vehicles before even joining the suit. Yet, Honda argues that these Plaintiffs need to be punished, and have their claims dismissed for destroying evidence. Honda's arguments are without merit and its motion should be denied.

As an initial matter, Honda's converting this motion from one embedded in its Rule 12 motion for dismissal to a free-standing motion does not alter the fact that there is no evidentiary record to support the motion.  Moreover, each of the building blocks for a claim of spoliation are lacking.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-cv-04384-JST

*First*, no evidence was lost.  The litigation involves a class-wide defect.  Plaintiffs' actions cannot amount to *sanctionable* spoliation because no particular vehicle is "relevant" evidence in this action.

*Second*, there was no obligation to preserve. Plaintiffs Crooks and Matza were not suing or even contemplating suing Honda at the time of sale so they cannot be punished.

*Third*, there is no basis for dismissal as a sanction.  Even if any of the Plaintiffs' actions amounted to spoliation of evidence, the extreme and disfavored sanction of dismissal is inappropriate. There is nothing to even suggest Plaintiffs' actions were wrongfully motivated and prejudice Honda.

*Finally*, as an alternative to dismissal, Honda asks that this Court issue an order to show cause requiring Plaintiffs to prove that their vehicles were defective and that they can serve as class representatives. Clearly, requiring such proof would be inappropriate at this stage of the litigation – before Plaintiffs had a meaningful opportunity for discovery or filed a motion for class certification.

## III.   LEGAL STANDARD

A federal district court has an inherent power to impose appropriate sanctions for abusive litigation practices, including for spoliation of evidence – that is the willful destruction of evidence to effect litigation.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Spoliation occurs when "(1) . . . the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) [it was] destroyed with a 'culpable state of mind'; and (3) . . . the evidence was 'relevant' to the party's claim or defense." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 1132, 1138 (N.D. Cal. 2012).  "The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).

Only after the court determines that spoliation has occurred, it must determine which sanction, if any, is appropriate. *See Apple Inc.*, 888 F. Supp. 2d at 1138. "Courts determine the proper sanction for destruction of relevant evidence on a case-by-case basis." *Hamilton v.*

2

*Signature Flight Support Corp.*, No. C 05-0490 CW (MEJ), 2005 WL 3481423, at *3 (N.D. Cal. Dec. 20, 2005). In determining the proper sanction, courts usually consider "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a less[] [drastic] sanction" *Id*. "The sanction of dismissal should be imposed only in extreme circumstances." *United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Id.*

## IV.   ARGUMENTS

The Court should deny Honda's motion in its entirety. First, Plaintiffs' sale of their vehicles did not constitute spoliation of evidence because their vehicles were not "relevant" evidence within the meaning of the spoliation doctrine. Nothing was truly lost from the litigation or Honda's ability to mount a defense against the allegations that it sold mass-produced vehicles with uniformly defective Bluetooth devices.  Additionally, Plaintiffs Crooks and Matza were not even litigants when they sold their vehicles. Second, even if any of the Plaintiffs had committed sanctionable spoliation, the degree of their fault and the sheer lack of prejudice caused to Honda would not justify any sanctions, let along dismissal. Third, Honda's alternative request for an order to show cause is premature because it would effectively require Plaintiffs to prove their claims and certifiability of the proposed class before they had a meaningful opportunity for discovery and before a motion for class certification is filed.  Honda will have time in the regular course of discovery and the normal progression of the litigation to try and trump up an evil motive by Plaintiffs Crooks, Matza and Moss, who simply grew tired of costs and difficulties of owning one of Honda's defective vehicles.

### A.  Plaintiffs' Sale of Their Vehicles Did Not Amount to Spoliation of Evidence.

#### 1.   Individual vehicles are not "relevant" evidence within the meaning of the spoliation doctrine.

1    The individual vehicles sold by Plaintiffs Crooks, Matza and Moss are not "relevant"

2    evidence for the purposes of spoliation sanctions because Honda still has access to other

3    vehicles alleged to have an identical defect. "[S]poliation requires a finding that the destroyed

4    evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could

5    find that it would support that claim or defense." *Toppan Photomasks, Inc. v. Park*, No. 13-CV-

6    03323-MMC, 2014 WL 2567914, at *7 (N.D. Cal. May 29, 2014) (internal quotation marks

7    omitted). "Courts generally agree that 'relevance' for spoliation purposes 'is a two-pronged

8    finding of relevance and prejudice' because 'for the court to issue sanctions, the absence of the

9    evidence must be prejudicial to the party alleging spoliation of evidence.'" *Reinsdorf v.*

10   *Skechers U.S.A., Inc.*, 296 F.R.D. 604, 627 (C.D. Cal. 2013).

11   Here, Plaintiffs allege a product-wide defect identical in all vehicles so it either exists or

12   does not in all vehicles. Nothing has been lost.  Indeed, one of Honda's dealerships was able to

13   diagnose Mr. Crooks' problem over the phone, based on the simple report of the issues he had

14   been facing, and told him to disconnect the HandsFreeLink unit. SAC ¶ 210. Because Honda

15   has access to other class vehicles *and all the information about the defect in the HandsFreeLink*

16   *units*, it is not prejudiced by not having access to any particular vehicle. This is not a case where

17   an individual alleges that there was a unique malfunction in a vehicle that caused an accident,

18   but rather a proposed consumer class action seeking relief for a uniformly defective component.

19   The destroyed evidence is not "relevant" when the party seeking to impose sanctions still has

20   access to the same evidence. *See Id.* at 630 (denying a motion for spoliation sanctions for

21   destruction of a marketing document where the moving party "actually has a copy of the

22   document").

23   Honda argues, as a general principle, that the vehicle itself is "the most crucial and

24   reliable evidence available to the parties" in cases alleging a vehicle defect. Mt. at 6. However,

25   none of the cases it cites for this principle are relevant here. Three of the four cases involved

26   *personal injury* claims asserted by *individual* plaintiffs, where loss of the instrument causing

27   injury is a loss of the very evidence of liability. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d

28

4

939 (11th Cir. 2005); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001); *Dillon v. Nissan Motor Co.*, 986 F.2d 263 (8th Cir. 1993). Since these were not class actions challenging a uniform defect, no other vehicles with the same alleged defect were available for examination. Indeed, these plaintiffs' claims are far removed from any sort of common proofs as we have in this litigation.   The defects in those cases exacerbated the injuries caused by the negligence of the plaintiffs (such safety equipment making injuries in an accident worse.[1]

The one class action cited by Honda is distinguishable in one important respect. *See Doyle v. Chrysler Grp. LLC*, No. SACV 13-00620 JVS, 2014 WL 7690155 (C.D. Cal. Oct. 9, 2014). The alleged defect was not in a part that came standard in all vehicles, rather it was in a particular *replacement* part that not only the defendant manufactured.[2] Thus, each plaintiffs' vehicle was necessary to establish that it had the replacement part and that it was a part manufactured by the defendant. Furthermore, *Doyle* found that the particular vehicle was "relevant" on a motion for class certification, after the plaintiff had a full opportunity for discovery and still did not propose an alternative way to determine that her vehicle had the defective part and was truly part of the class she sought to represent. See Plaintiffs' Opposition to Motion for Sanctions at 19, *Doyle v. Chrysler Grp. LLC*, No. 126 (C.D. Cal. Aug. 4, 2014) (stating that "[s]urely [defendant] has alternative means of determining whether its *own dealer* sells competitor's products") This is not the kind of situation we face here where Honda's own records establish which of its vehicles had the defective HandsFreeLink units.

---

[1] In *Flury*, the plaintiff claimed that a defective airbag enhanced injuries he sustained when he "fell asleep while driving the vehicle, drove off the road and crashed into a tree"). 427 F.3d at 940. In *Silvestri* the plaintiff claimed that a defective airbag enhanced injuries he sustained when, "[d]riving [the] automobile while intoxicated and at an excessive rate of speed, [he] lost control of the vehicle on a curve and slid off the road." 271 F.3d at 586. In *Dillon*, the plaintiff claimed that the certain injuries he sustained when the defendant-manufactured vehicle "collided with a trailer that swerved out from behind an oncoming vehicle," were caused by a seatbelt defect. 986 F.2d at 265.

[2] "Plaintiffs bring this action on behalf of themselves and putative classes of owners of . . . vehicles . . . who . . . purchased defective *replacement* window regulators, lift plates, or related mechanisms." *Doyle*, 2014 WL 7690155, at *1.

**2. Plaintiffs Crooks and Matza were not even litigants when they sold their vehicles.**

Plaintiffs Crooks and Matza were not parties to the litigation when they sold their cars and could have no duty whatsoever to preserve their vehicles. "[A] litigant is under a duty to preserve what it knows, or reasonably should know, is relevant in the action." *Victorino v. FCA US LLC*, No. 16CV1617-GPC (JLB), 2017 WL 4541653, at *8 (S.D. Cal. Oct. 11, 2017). Although a duty to preserve evidence may be triggered by future litigation by that individual, "[t]he future litigation must be 'probable,' which has been held to mean 'more than a possibility.'" *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006). "A general concern over litigation does not trigger a duty to preserve evidence." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 526 (N.D. Cal. 2009).

Honda does not dispute that Plaintiffs Crooks and Matza were not parties to any litigation against it and did not even retain an attorney at the time that they sold their vehicles. *See* Mt. at 8-9. Rather, it seems to argue that Plaintiffs' mere knowledge of the defect triggered the preservation duty. However, knowledge of a potential claim merely makes future litigation possible, not probable. *See Bel Air Mart v. Arnold Cleaners, Inc.*, No. 2:10-CV-02392-MCE, 2014 WL 763185, at *3 (E.D. Cal. Feb. 21, 2014) (explaining that "the mere existence of a potential claim" "does not trigger the duty to preserve [evidence]").[3] The law does not require that consumers hold onto every possible defective device they purchase throughout their lives.

Honda cites to only one case to support its argument, *Doyle*, 2014 WL 7690155.[4] Mt. at 8. However, the *Doyle* court imposed spoliation sanctions only after expressly finding that, before trading in her defective vehicle, the plaintiff, specifically looked into litigation and

---

[3] *See generally Hynix Semiconductor Inc. v. Rambus, Inc.*, 591 F. Supp. 2d 1038, 1061 (N.D. Cal. 2006) (explaining that the knowledge required to trigger the preservation duty is "not the potential for litigation, but the 'contemplation' or 'anticipation' of … litigation" and noting that "[l]itigation "is an ever-present possibility in American life") (internal citations omitted).

[4] Honda also cites to *Io Grp. Inc. v. GLBT Ltd.*, No. C-10-1282 MMC DMR, 2011 WL 4974337 (N.D. Cal. Oct. 19, 2011) but only for the general rule. Furthermore, whether and when the preservation duty attached was not at issue in this case as the despoiler continued the alleged spoliation for a year after the suit was filed. *Id.* at *5.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-cv-04384-JST

"investigated the possibility that she had a claim against [the defendant] by visiting counsel's website devoted to that topic" and "***sought contact*** with counsel and ***indicated an interest*** in pursuing a claim." *Id.* at *3 (emphasis added). Honda, however, presented no evidence that Plaintiffs sought out counsel or even considered pursing a claim at the time they sold their vehicles nor did it present any other evidence that would be sufficient to meet ***its*** burden.

Honda's argument is more analogous to the argument made by the defendant in *Victorino*, 2017 WL 4541653. In *Victorino*, a car manufacturer filed a motion for spoliation sanctions against two plaintiffs in a putative class action arising from an alleged clutch pedal defect in its vehicles. With respect to one of the plaintiffs, the defendant argued that, although he was not party to a litigation when he allowed the allegedly defective clutch components to be discarded, he already anticipated litigation. In support of this assertion, defendant pointed to the undisputed facts that 1) the plaintiff learned of the defect and pending litigation ***before*** the defected part was discarded, 2) the plaintiff contacted counsel in the same month, and possibly even before, the defective part was discarded, and 3) the plaintiff retained counsel two to three months after the part was discarded. The court, however, rejected defendant's argument, finding that it did not sustain its burden of showing that litigation was probable when the part was discarded and therefore the plaintiff "had no duty to preserve [the part] when his vehicle got repaired, [and] cannot be subject to sanctions for spoliation of evidence." *Id.* at *9.

Thus, because Plaintiffs Crooks, Matza and Moss's vehicles are not "relevant evidence" and Plaintiffs Crooks and Matza were not even litigants at the time of sale, they did not commit sanctionable spoliation of evidence.[5]

### B. Even if Plaintiffs Committed Spoliation of Evidence, Dismissal Is Not an Appropriate Sanction

If Plaintiffs' actions could even amount to sanctionable spoliation of evidence, which they cannot, the extreme sanction of dismissal is inappropriate because Plaintiffs' actions were,

---

[5]    To the extent Honda seeks to discover evidence to see if Plaintiff Moss has the requisite *mens rea* to argue that his sale is tantamount to spoliation, it can depose him in due course.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-cv-04384-JST

at most, negligent and do not prejudice Honda. As courts within this Circuit have repeatedly reaffirmed, three factors should be analyzed in determining which sanction, if any, should be imposed, 1) despoiler's degree of fault, 2) prejudice suffered by the opposing party, and 3) availability of a less drastic sanction. *See Apple Inc.*,888 F. Supp. 2d at 992; *Toppan*, 2014 WL 2567914, at *4. "Due process limits the imposition of the severe sanctions of dismissal . . . to 'extreme circumstances'" *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985). "After considering these factors, a court may decide to defer or decline to grant sanctions, despite a finding of spoliation." *Toppan*, 2014 WL 2567914, at *4.

### 1.   Honda applied the wrong legal standard.

Instead of analyzing these factors, Honda simply concludes, in a short paragraph, that dismissal is the appropriate sanction because "spoliation . . . was *not* 'due to inability fostered neither by [their] own conduct nor by circumstances within [their] control.'" Mt. at 10. That is not the applicable standard which the very two cases Honda cites clearly show. In *Societele*, the court held that dismissal was not an appropriate sanction where inability to comply with a court order was caused by circumstances outside of the party's control but it did ***not*** hold that this is the only circumstance in which dismissal is inappropriate.  *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 204 (1958). In *Diamond*, the court did find that "there is no suggestion that Diamond's failure to comply was due to circumstances beyond its control" but that was not the sole reason it affirmed the district court's dismissal. *Diamond Ben. Life Ins. Co. v. Dreyfuss*, No. 96-55488, 1997 WL 406771, at *5 (N.D. Cal. July 18, 1997). In fact, it specifically named prejudice and availability of less severe sanctions as the additional factors that must be considered. *See id.* at * 4-5.

### 2.   Plaintiffs' actions were, at most, negligent.

Plaintiffs' actions were innocent and motivated by considerations unrelated to this litigation. Honda does not and cannot allege that Plaintiffs acted with an intent to deceive or deprive it of evidence. They did what owners of defective products often do, rid themselves of the nuisance.  By innocently trading in or selling their vehicles, Plaintiffs were simply engaging

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-cv-04384-JST

in a rather routine aspect of life. Plaintiffs' actions were not motivated by the desire to spoil evidence and to prejudice Honda or drive litigation in a particular direction.  Indeed, the cars were not destroyed. They simply wanted to be rid of these defective vehicles (and took a loss with each transaction because of the defect). Such innocent actions are insufficient to justify the extreme sanction of dismissal. *See In re Napster*, 462 F. Supp. 2d at 1071 (acknowledging that dismissal is justified only in "extraordinary circumstances" where "there is a pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case").

Tellingly, none of the cases cited by Honda found dismissal to be an appropriate sanction without regard to despoiler's motive or intent. For instance, in *Leon*, the District Court dismissed the despoiler's claims only after finding "that the extraordinary measures to which [he] resorted to destroy evidence relevant to this litigation merit a finding of bad-faith." *Leon*, 464 F.3d at 957 (specifically rejecting the despoiler's claim that "his wiping of relevant evidence was merely negligent"). Similarly, in *Apple Inc.*, the court found that even the least severe sanction of an ***adverse inference instruction*** requires a finding that the alleged despoiler "acted with a 'conscious disregard' of its obligations." 888 F. Supp. 2d at 1147.

### 3.   Honda was not prejudiced.

As already discussed, Honda is not prejudices by Plaintiffs' actions because the alleged defect is product-wide, meaning it either exists or does not in every vehicle within the class. Because Honda will still have access to other class vehicles and to all of its documents relating to the initial design, development, and testing of the Bluetooth units as well as the later development of the Technical Service Bulletins to identify and address the common defect, it is not prejudiced by Plaintiffs' sales.

Honda's argument that its ability to "test *other* Plaintiffs' vehicles does not mitigate the prejudice" caused to it because of the "unique" and "individual" issues presented by each Plaintiffs' claims is an argument without substance. Mt at 6. It lists a parade of individual facts without offering any argument (let along evidence) for how any of these additional facts impact

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-cv-04384-JST

the ultimate procedural question of this litigation – certification of questions under Rule 23 surrounding the common defect in its HandsFreeLink units in each of its Acura vehicles. Furthermore such a challenge is only appropriate after complete discovery and should be addressed through a motion for class certification. *See Victorino*, 2017 WL 4541653, at *12 (finding that challenges to certifiability of a class were premature on a motion for sanctions and deferring ruling on them "until fuller briefing by the parties when [p]laintiffs file their motion for class certification").

Ultimately, Honda's haste to raise these issues now makes waste.[6]  All of these issues require a factual record – and one that is almost exclusively in the possession of Honda.  There can be no sanctions without discovery. *See In re Napster,* 462 F. Supp. 2d at 1077 (although finding spoliation, refraining from imposing default sanctions because, "[a]t this stage of the proceedings, when the full evidentiary record has not yet been considered by the court or by a jury, the court cannot determine the extent of prejudice" created by the destruction of evidence).

**C.  An Order to Show Cause Is Also Inappropriate.**

As an alternative to dismissal, Honda asks the court to issue an order to show cause. Federal district courts' "discretion regarding the form of a spoliation sanction is broad" *Apple, Inc.*, 888 F. Supp. 2d 1132, 1135 (N.D. Cal. 2012). However, an order to show cause would not be appropriate here. Honda asks that Plaintiffs be directed to demonstrate two things – how they will prove that the HandsFreeLink units in their vehicles were defective and how they can serve as class representatives. Mt. at 10. Both of these issues are premature. As already stated, issues of class certification should be decided on a motion for class certification after discovery – including discovery of everything Honda knows and has possession of about the defect in the

---

[6]     Defendant initially raised the issue as part of its Rule 12 Motion which was set for hearing on November 16th. Defendant now raises the issue as a separate motion and adds part of an Interrogatory response from one of the Plaintiffs as the factual record to drive its demand for sanctions.   This new Motion is now noticed for hearing on December 14, 2017.  Plaintiff has had to address these argument twice, and the Court is now having to hear the same arguments twice.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-cv-04384-JST

units. Plaintiffs should not be required to show how they will prove their claims before they are given an opportunity for discovery.

## V.  CONCLUSION

For the foregoing reasons, the Court should deny Honda's request for spoliation sanction of dismissal and for an order to show cause.

DATED this 14th day of November, 2017.

SEEGER WEISS LLP

By:  *s/Christopher A. Seeger*
Christopher A. Seeger (*pro hac vice*)
Email:  cseeger@seegerweiss.com
77 Water Street
New York, New York 10005
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

James E. Cecchi (*pro hac vice*)
Email: jcecchi@carellabyrne.com
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY &
AGNELLO, P.C.
5 Becker Farm Road Roseland,
New Jersey 07068 Telephone:
(973) 994-1700
Facsimile: (973) 994-1744

*Interim Co-Lead Class Counsel*
 *Of Counsel:*

James C. Shah (on brief)
Shepherd Finkelman Miller & Shah, LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: 415-429-5272
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com

Toby James Marshall *(pro hac vice)*
Amanda M Steiner (on brief)
Brittany A. Madderra *(pro hac vice)*
Terrell Marshall Law Group PLLC 936

11

North 34th Street, Suite 300
Seattle, WA 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: tmarshall@terrellmarshall.com
Email: asteiner@terrellmarshall.com
Email: bmadderra@terrellmarshall.com

Steve W. Berman (pro hac vice)
Catherine Y.N. Gannon (pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: catherineg@hbsslaw.com

Roland K. Tellis (SBN 186269)
Mark P. Pifko (SBN 228412)
BARON & BUDD, P.C.
15910 Ventura Blvd, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2320
Facsimile: (818) 986-9698
Email: rtellis@baronbudd.com
Email: mpifko@baronbudd.com

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-CV-04384-JST

**<u>CERTIFICATE OF SERVICE</u>**

1

2          I, Christopher A. Seeger, hereby certify that on November 14, 2017, I caused

3  true and correct copies of the foregoing to be served, pursuant to this Court's electronic filing

4  procedures, via the ECF system.

5

6  DATED this 14th day of November, 2017.

7                            SEEGER WEISS LLP

8

9                     By:   <u>/s/ Christopher A. Seeger</u>
                           Christopher A. Seeger (*pro hac vice*)

10                        Email:  cseeger@seegerweiss.com
                        77 Water Street

11                        New York, New York 10005
                        Telephone: (212) 584-0700

12                        Facsimile: (212) 584-0799

13                     *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE
CASE NO. 3:16-CV-04384-JST