UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY AND JEFF ABERIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | Case No. 16-cv-04384-JST<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: ECF No. 116 |

Before the court is Defendant American Honda Motor Company ("AHM")'s motion for sanctions against Plaintiffs Jordan Moss, Jared Crooks, and Joy Matza for spoliation of evidence. ECF No. 116. Defendant requests the Court dismiss the three plaintiffs from the suit, or in the alternative issue an order to show cause why these plaintiffs should not be dismissed. The Court will deny the motion.

## I.      BACKGROUND

This motion arises as part of Plaintiffs' effort to bring a nationwide class action against AHM for defects in the HandsFreeLink ("HFL") Bluetooth pairing device in many makes and models of Acuras purchased by Plaintiffs and others over the course of several years. ECF No. 98 ("SAC") ¶ 2. Plaintiffs allege that defects in the HFL caused their batteries to drain and resulted in other electrical failures and malfunctions. Id.

In its motion, AHM's contends that plaintiffs Moss, Crooks, and Matza committed spoliation of evidence when they sold their cars. ECF No. 116 at 4. The three plaintiffs are in different circumstances. When Moss joined the lawsuit on October 17, 2016, ECF No. 29, he still owned his car, a 2006 Acura TSX. In the parties' joint case management statement filed on November 28, 2016, Moss represented that he had "taken reasonable and proportionate steps to

preserve relevant evidence relevant to the issues reasonably evident in this action."  ECF No. 41 at 5.[1]  In his response to AHM's first set of requests for production of documents, however, Moss wrote that he "sold and traded in his vehicle on or about February 2017."  ECF No. 117 at 4. Thus, to the extent his car was relevant evidence in Moss' claim against AHM, he did not "preserve" it.  On December 13, 2017, one day before the hearing on this motion, Moss voluntarily dismissed his individual claim and is no longer a plaintiff.  ECF No. 127.

Unlike Moss, plaintiffs Crooks and Matza sold their cars before they joined the case. When Crooks joined the lawsuit in October 2016, he pleaded that he had sold his vehicle in June 2016.  ECF No. 98 ("SAC") ¶¶ 210, 213.  At the time Plaintiffs as a group represented that they would make efforts to preserve relevant evidence, Crooks was not yet a party to the lawsuit.  ECF No. 116 at 6.  Similarly, when Matza joined the lawsuit in July 2017, she pleaded that she had sold her vehicle in May 2017, prior to obtaining counsel.  SAC ¶ 180.  Matza also was not a member of the lawsuit when Plaintiffs represented that they would make efforts to preserve relevant evidence. ECF No. 116 at 6.

AHM now moves for terminating sanctions against all three plaintiffs.  According to AHM, all three plaintiffs "knowingly and intentionally got rid of the best and perhaps only evidence that supports or negates their claims."  ECF No. 116 at 5.  Specifically, AHM argues that each plaintiff's claim depends heavily on facts concerning their individual vehicle, "and present[s] individual and now unanswerable questions about each vehicle's history, aftermarket modifications, alleged damages, and whether the vehicle suffered from a defect at all."  Id. at 5. AHM argues that it cannot defend against Plaintiffs' claims without access to each Plaintiff's vehicle, and that the only adequate sanction is termination.  Id. at 6.  In the alternative, AHM contends that the Court should issue an order to show cause why these plaintiffs should not be subject to the sanction of dismissal.  ECF No. 116 at 6.  AHM seeks sanctions under the court's inherent power to issue sanctions for bad faith conduct.  Id. at 4; see Chambers v. NASCO, Inc.,

---

[1] Read in context, it appears that this statement might have pertained only to electronic evidence. Id.  Because the Court denies the motion as moot as to plaintiff Moss, the Court need not decide the question.

United States District Court
Northern District of California

1   501 U.S. 32, 43–46 (1991) (cataloguing a district court's inherent powers, and noting that

2   "outright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's

3   discretion").

4        Plaintiffs oppose the motion, contending that the vehicles are not relevant evidence under

5   the spoliation doctrine.  ECF No. 119 at 8.  According to Plaintiffs, their product-wide defect

6   allegations are identical for all vehicles, so individual vehicles are not relevant.  Id.

7   **II.      LEGAL STANDARDS**

8        "A federal trial court has the inherent discretionary power to make appropriate evidentiary

9   rulings in response to the destruction or spoliation of relevant evidence."  Glover v. BIC Corp., 6

10   F.3d 1318, 1329 (9th Cir. 1993).  Spoliation sanctions are warranted when: (1) the party having

11   control over the evidence had an obligation to preserve it at the time the party destroyed it, (2), the

12   party destroyed the evidence with a "culpable state of mind," and (3) the evidence was relevant to

13   a party's claim or defense such that a reasonable trier of fact could find that it would support that

14   claim or defense.  Apple Inc. v. Samsung Elecs. Co. LTD, 881 F. Supp. 2d 1132, 1138 (N.D. Cal.

15   2012) (citations omitted).

16        Once a court determines sanctions are warranted, the court should determine what level of

17   sanction is due.  "The sanction of dismissal should be imposed only in extreme circumstances."

18   United States v. Nat'l Med. Enterprises, Inc., 792 F.2d 906, 912 (9th Cir. 1986).  "The district

19   court abuses its discretion if it imposes a sanction of dismissal without first considering the impact

20   of the sanction and the adequacy of less drastic sanctions."  Id.  "The sanction of dismissal should

21   be imposed only in extreme circumstances."  Id.  "A terminating sanction . . . is very severe."

22   Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

23   **III.     DISCUSSION**

24        AHM seeks spoliation sanctions for the sale by each of the three plaintiffs of their vehicles.

25   "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve

26   property for another's use as evidence in pending or reasonably foreseeable litigation."

27   Internmatch, Inc. v. Nxtbigthing, LLC, No. 14-cv-05438-JST, 2016 WL 491483, at *3 (N.D. Cal.

28   Feb. 8, 2016).  As noted above, to find spoliation the Court must first find that the party having

control over the evidence had an obligation to preserve it at the time the party destroyed it.  This factor is determinative here.

### A.      Plaintiffs Crooks And Matza

AHM acknowledges that Crooks and Matza were not yet plaintiffs at the time they sold their cars.  AHM asserts that Crooks and Matza nonetheless violated their duty to preserve evidence because that duty arose before they joined the lawsuit.  ECF No. 116 at 11.

AHM is correct that the duty to preserve evidence can sometimes arise before a complaint is filed.  "The duty to preserve evidence arises as soon as the parties reasonably anticipate litigation."  Io Grp. Inc. v. GLBT Ltd., No. C-10-1282 MMC DMR, 2011 WL 4974337, at *5 (N.D. Cal. Oct. 19, 2011).  But the fact that someone *could* file a complaint or *might* file a complaint is not enough.  "The future litigation must be 'probable,' which has been held to mean 'more than a possibility.'"  In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006).  "A general concern over litigation does not trigger a duty to preserve evidence." Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc., 264 F.R.D. 517, 526 (N.D. Cal. 2009).

AHM has not shown that litigation was probable when either Crooks or Matza sold their cars.  Although AHM contends that "this Court can infer from the allegations in the SAC that Mr. Crooks and Ms. Matza were already contemplating litigation by the time they sold their vehicles," ECF No. 116 at 11, those allegations show only that Crooks and Matza knew their vehicles had battery drain issues at the time they sold them.  Id.  Those facts standing alone do not give rise to the inference, much less establish, that either plaintiff was contemplating litigation at the time they sold their car.  Many people sell their car when they are unhappy with some aspect of the car's performance, but very few file lawsuits.

AHM points to Doyle v. Chrysler Grp. LLC, No. SACV 13-00620 JVS, 2014 WL 7690155 (C.D. Cal. Oct. 9, 2014), rev'd and remanded on other grounds, 663 F. App'x 576 (9th Cir. 2016) as an example of a proposed class action regarding vehicular defects in which the court "impos[ed] sanctions for selling [a] vehicle even before retaining counsel."  ECF No. 116 at 11. In Doyle, the district court concluded that spoliation sanctions were warranted when the named plaintiff sold her vehicle before officially joining the complaint but after contacting counsel for

information about joining the case.  2014 WL 7690155 at *2.  No similar facts are present here –

there is no showing that Crooks or Matza contacted counsel before selling their car – and AHM's

arguments to the contrary are speculative.

The Court concludes that spoliation sanctions against Crooks and Matza are not warranted.

**B.      Plaintiff Moss**

Unlike plaintiffs Crooks and Matza, plaintiff Moss sold his car after he joined the

litigation, after he had consulted with counsel, and after he acknowledged his obligation to

preserve evidence.  Now that he has dismissed his individual claim against AHM and is no longer

a plaintiff, however, AHM's sanctions motion is moot as to his claim.  AHM's motion is therefore

denied as to him.

**CONCLUSION**

For the foregoing reasons, AHM's motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated:  December 19, 2017

_____

JON S. TIGAR
United States District Judge