UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *Aberin et al. v. American Honda Motor Co., Inc.* | No. 3:16-cv-04384-JST<br><br>**SIXTH JOINT CASE MANAGEMENT STATEMENT**<br><br>**Complaint filed: August 3, 2016**<br><br>Judge: Hon. Jon S. Tigar |

Pursuant to the Order dated March 26, 2018 (D.E. 139), the parties hereby submit their Sixth Joint Case Management Statement. The parties will appear for the Sixth Status Conference in Courtroom 9 on April 18, 2017 at 11:00 a.m. Pacific time.

**Pleadings**

1. On March 26, 2018, the Court granted in part and denied in part the Motion to Dismiss Certain Counts in Plaintiffs' Second Amended Complaint, to Strike Certain Restitution Claims, and for Sanctions for Spoliation of Evidence. (D.E. 139).

2. Plaintiffs propose that American Honda Motor Co., Inc. ("AHM") file and Answer to the Second Amended Class Action Complaint on or before April 23, 2018.

3. AHM does not believe there are any claims that the Court dismissed without prejudice requiring amendment by Plaintiffs. Therefore, in order to create a clean record of the remaining claims and parties and to avoid burdening AHM with answering numerous pages of allegations concerning dismissed claims and parties, AHM proposes that Plaintiffs amend their Second Amended Complaint by April 23, 2018, to remove the claims and parties dismissed with prejudice, such that the remaining claims and parties are as follows:

A. Causes of Action on Behalf of the Putative National Class:

1

SIXTH JOINT CASE MANAGEMENT STATEMENT

       i. Violations of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*)
       ii. Violations of California's Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200, *et seq.*)
       iii. Fraud by Concealment (based on California law)
       iv. Breach of Implied Warranty of Merchantability (Cal. Com. Code § 2314)
       v. Violations of the Magnuson-Moss Warranty Act (as applicable to implied warranty-derived claims) (15 U.S.C. § 2301, *et seq.*)

B. Plaintiffs Lindsey and Jeff Aberin's California Claims:
       i. Fraud by Concealment

C. Plaintiff John Kelly's California Claims:
       i. Violations of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*)
       ii. Violations of California's Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200, *et seq.*)
       iii. Fraud by Concealment (based on California law)
       iv. Breach of Implied Warranty of Merchantability (Cal. Com. Code § 2314)
       v. Violations of the Magnuson-Moss Warranty Act (as applicable to implied warranty-derived claims) (15 U.S.C. § 2301, *et seq.*)

D. Plaintiff Yun-Fei Lou's Delaware Claims:
       i. Violations of the Delaware Consumer Fraud Act (Del. Code Ann. Tit. 6 § 2511, *et seq.*)
       ii. Fraudulent Concealment (based on Delaware law)
       iii. Breach of Implied Warranty of Merchantability (6 Del. C. § 2-314)
       iv. Violations of the Magnuson-Moss Warranty Act (as applicable to implied warranty-derived claims) (15 U.S.C. § 2301, *et seq.*)

E. Plaintiff Daniel Criner's Florida Claims:
       i. Fraudulent Concealment (based on Florida law)

F. Plaintiff Don Awtrey's Kansas Claims:
       i. Violations of the Kansas Consumer Protection Act (K.S.A. §§ 50-623, *et seq.*)
       ii. Fraudulent Concealment (based on Kansas law)
       iii. Breach of Implied Warranty of Merchantability (K.S.A. § 84-2-314)
       iv. Violations of the Magnuson-Moss Warranty Act (as applicable to implied warranty-derived claims) (15 U.S.C. § 2301, *et seq.*)

G. Plaintiff Melissa Yeung's New Hampshire Claims:
       i. Violations of the New Hampshire Consumer Protection Act (N.H.R.S.A. § 358-A, *et seq.*)
       ii. Fraudulent Concealment (based on New Hampshire law)
       iii. Breach of Implied Warranty (N.H. Rev. Stat. Ann. § 382-A; 2-314)
       iv. Violations of the Magnuson-Moss Warranty Act (as applicable to implied warranty-derived claims) (15 U.S.C. § 2301, *et seq.*)

H. Plaintiff Joy Matza's New York Claims:
       i. Violations of New York General Business Law § 349 (N.Y. Gen. Bus. Law § 349)
       ii. Fraudulent Concealment (based on New York law)
       iii. Breach of Implied Warranty (N.Y. U.C.C. Law § 2-315)

       iv. Violations of the Magnuson-Moss Warranty Act (as applicable to implied warranty-derived claims) (15 U.S.C. § 2301, *et seq.*)
- I. Plaintiff Charles Burgess's Washington Claims:
   - i. Violations of the Washington Consumer Protection Act – Unfair Business Practices (R.C.W. §§ 19.86.010, *et seq.*)
   - ii. Fraudulent Concealment (based on Washington law)

AHM proposes that it answer the Third Amended Complaint by May 23, 2018 (unless Plaintiffs make material amendments requiring a motion, in which case AHM may request additional time to respond).

**Discovery**

On June 26, 2017, the Court referred discovery in this litigation to Magistrate Judge Ryu. On August 31, 2017, Judge Ryu held an informal discovery planning conference with the Parties where the Parties presented their assessment of the general discovery needs in the litigation, the current status of discovery, and the next steps regarding certain discovery disputes. At the time of the August 31, 2017, conference, none of the discovery disputes were ripe for presentation to Judge Ryu.

The Parties finalized a protocol governing the inspection of Plaintiff's vehicles, have completed the inspection of three of Plaintiffs' vehicles, and are currently scheduling the remaining inspections.

The Parties continue to discuss the status of discovery and certain discovery disputes and have scheduled their next call for April 11, 2018, to discuss further issues related to ESI discovery. If appropriate, the Parties may request a conference with Judge Ryu within the next 30 days to discuss the status of discovery.

DATED: April 9, 2018         Respectfully Submitted,

| *Attorneys for Defendant American Honda Motor Company, Inc.* | *Interim Co-Lead Class Counsel* |
|---|---|
| SIDLEY AUSTIN LLP | SEEGER WEISS LLP |
| By */s/ Livia M. Kiser*<br>Livia M. Kiser (SBN 285411) | By */s/ Christopher A. Seeger*<br>Christopher A. Seeger (*pro hac vice*) |

3

SIXTH JOINT CASE MANAGEMENT STATEMENT

lkiser@sidley.com
Michael C. Andolina (*pro hac vice*)
mandolina@sidley.com
Andrew J. Chinsky (*pro hac vice*)
achinsky@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6666
Fax: (213) 896-6600

SEEGER WEISS LLP
77 Water Street, New York,
New York, NY 10005
Telephone:  (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com
Email: sweiss@seegerweiss.com
Email: sgeorge@seegerweiss.co

James E. Cecchi (*pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com

4

SIXTH JOINT CASE MANAGEMENT STATEMENT

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation.  In compliance with Civil Local Rule 5.1, I hereby attest that the signatory has concurred in this filing.


Dated: April 9, 2018                                    By:*/s/  Christopher A. Seeger*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via the Court's ECF system on April 9, 2018.

                                              */s/ Christopher A. Seeger*
                                              Christopher A. Seeger