UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LINDSEY ABERIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 4:16-cv-04384-JST<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS, APPROVING NOTICE TO THE CLASS, AND SCHEDULING FINAL APPROVAL HEARING \*AS MODIFIED\***<br><br>Re: ECF No. 429 |

In this Action, Plaintiffs seek relief for American Honda Motor Co., Inc.'s alleged violations of the consumer protection, fraudulent concealment, and breach of implied warranty laws of the States of California, Kansas, New York, and Washington, and claims under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et seq., as set forth in Plaintiffs' Fourth Amended Class Action Complaint ("Complaint") dated September 9, 2022. ECF No. 403.[1]

Presented to the Court for preliminary approval is a Settlement of the Action. The terms of the Settlement are set forth in the Settlement Agreement executed by counsel on February 28, 2023 on behalf of all Plaintiffs and the Defendant (the "Parties"). The Court has considered Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Motion") and its earlier Order Granting Motion for Class Certification (ECF No, 291), among other things, to determine whether to approve preliminarily the Settlement, certify

---

[1] This Order incorporates by reference the definitions in the Parties' Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") attached as Exhibit 1 to Plaintiffs' Notice of Motion, Unopposed Motion for Approval of Settlement Agreement and Certification of Settlement Class, and Supporting Memorandum, ECF No. 429-2, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Order as if set forth fully herein.

preliminarily a Settlement Class, authorize the dissemination of Class Notice to the Settlement Class Members, and set a date and time for the Final Approval Hearing.  Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

    1.    Class Findings.  The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure ("Rules"), the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the "Settlement Class" defined below, in that:

        A.    The Court preliminarily finds that the Settlement Class is ascertainable from objective criteria, and the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.  Rule 23(a)(1) is satisfied.

        B.    The Court preliminarily finds and reaffirms its earlier ruling, ECF No. 291, that there are one or more questions of fact and/or law common to the Settlement Class.  Rule 23(a)(2) is satisfied.

        C.    The Court preliminarily finds and reaffirms its earlier ruling, ECF No. 291, that the claims of Plaintiffs Lindsay and Jeff Aberin, Don Awtrey, Charles Burgess, John Kelly, and Joy Matza ("Plaintiffs" or "Named Plaintiffs'") are typical of the claims of the Settlement Class.  Rule 23(a)(3) is satisfied.

        D.    The Court preliminarily finds and reaffirms its earlier ruling, ECF No. 291, that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the Named Plaintiffs' interests and the nature of claims alleged are consistent with those of Settlement Class Members; (ii) there appear to be no fundamental conflicts among the Named Plaintiffs or between the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in

preparing and prosecuting large, complicated class actions. Rule 23(a)(4) is satisfied.

E. The Court preliminarily finds and reaffirms its earlier ruling, ECF No. 291, that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class Members that would establish incompatible standards of conduct for Defendant; or (ii) adjudications as to individual Settlement Class Members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

F. The Court preliminarily finds and reaffirms its earlier ruling, ECF No. 291, that Seeger Weiss LLP and Carella, Byrne, Cecchi, Brody & Agnello, P.C. ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel have done extensive work identifying or investigating potential claims in the Action, litigating the claims in this Court and on appeal, and participating in a months-long mediation and settlement negotiation process. Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel are knowledgeable about the applicable law and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2. Class Certification. Based on the findings set forth above, the Court's earlier Order Granting Class Certification, ECF No. 291, and the submissions related to modification of that earlier Order, the Court preliminarily certifies the following Settlement Class under Federal Rules of Civil Procedure 23(b)(1) and 23(e) in this litigation: "all persons who purchased the

following Acura vehicles before the vehicles reached 10 years or 120,000 miles, whichever occurred first: 2004-2008 TL, 2005-2008 MDX, or 2007-2009 RDX in the States of California, Kansas, New York and Washington."

The Court preliminarily appoints Plaintiffs Lindsay and Jeff Aberin, Don Awtrey, Charles Burgess, John Kelly, and Joy Matza, the Named Plaintiffs, as the class representatives for the Settlement Class, and Seeger Weiss LLP and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as Class Counsel for the Settlement Class.

3. Preliminary Findings Regarding Proposed Settlement. The Court preliminarily finds that:

    A. The proposed Settlement resulted from (a) informed, extensive arm's-length negotiations conducted by Class Counsel and Defendant's counsel that took place over multiple months and were facilitated by a third-party mediator, the Honorable Daniel Buckley (Ret.) of Signature Resolution Group;

    B. Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and

    C. The proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4. Final Approval Hearing. A hearing is scheduled for August 15, 2024, at 2:00 p.m. PDT, before the undersigned via Zoom at the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst to determine, among other things:

    A. Whether the Settlement should be approved as fair, reasonable, and adequate;

    B. Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

   C. Whether the notice to the Settlement Class provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law; and

   D. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

The motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements, in the order the guidelines are presented on the website.  As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds.  The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed.  The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why.

  5. Class Notice Program.  The proposed Class Notice Program consists of (a) a mailed notice ("Class Notice," attached as Exhibit 1 to Plaintiffs' Preliminary Approval Motion), sent to the last known address of Settlement Class Members; (b) email follow-ups to each Settlement Class Member for whom email addresses are known; (c) a social-media component;

(d) targeted notice based on search terms used by persons on Google; and (e) a website publication of the Settlement Agreement and Class Notice and other case-related documents at a public website with a domain name related to the action  With respect to such Class Notice Program, the Court finds that such Class Notice is fair and adequate.  The Court further reaffirms its findings in support of the appointment of JND Legal Administration as Notice Administrator, ECF No. 326, and now appoints JND Legal Administration to serve as Settlement Notice Administrator.  The Court also directs that the Notice:

    A.    Describe the terms and effect of the Settlement Agreement;

    B.    Notify the Settlement Class that Class Counsel's attorney's fees and expenses, and any Service Awards to Named Plaintiffs, will be decided by this Court and paid according to Section V.C of the Settlement Agreement;

    C.    Give notice to the Settlement Class of the time and place of the Final Approval Hearing;

    D.    Advise Settlement Class Members that they have the right to opt out of the Settlement Class;

    E.    Advise Settlement Class Members of the binding effect of a judgment on the Settlement Class Members;

    F.    Describe how the recipients of the Class Notice may object to any of the relief requested.

The Court further directs that:

    i.    No later than February 16, 2024, the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, mailing to each Settlement Class Member who can be identified pursuant to the terms of the Settlement Agreement shall commence.  No later than February 16, 2024, the Parties shall

cause the Settlement Agreement and the Class Notice to be published on the website identified in the Class Notice.

    ii.    No later than March 1, 2024, the "Notice Date" with completion of the direct mailing shall be completed.

    iii.    At or before the Final Approval Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice Program mailing and publication requirements and the Settlement Administrator shall file a list of persons who properly and timely requested to be excluded from or opt out of the Settlement.

    iv.    By April 4, 2024, Class Counsel shall file its motion in support of Final Approval of the Settlement, and application for attorney's fees and expenses, and Service Awards to the Named Plaintiffs.

    v.    To the extent the Parties are not able to reach an agreement as to reasonable attorney's fees, expenses, and/or contribution awards before Class Counsel files its application for attorney's fees, expenses, and contribution awards, the Parties shall submit a proposed briefing schedule for the Court for review once Plaintiffs file their application for attorney fees, expenses and contribution awards.

    vii.    The Parties may also respond to any comments or objections to the Settlement by April 4, 2024.

6. Requests by Settlement Class Members to be excluded from or to opt out of the Settlement must be submitted by April 18, 2024.

7. Objections to Settlement.  Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, including the application for attorneys' fees and expenses, and Service Awards, to any term of the Settlement Agreement, to the application for payment of attorney's fees and expenses, or to the application for Service Awards for the Named Plaintiffs, may timely file an objection in writing no later than April 18,

2024.  All written objections and supporting papers must: (1) clearly identify the case name and number; (2) be submitted to the Court either by mailing the written objection to the Class Action Clerk, United States District Court for the Northern District of California, Suite 400 S, 1301 Clay Street, Oakland, California 94612, or by filing the objection in person at any location of the United States District Court for the Northern District of California; (3) be filed or postmarked on or before April 18, 2024; (4) set forth the objector's full name and current address; (5) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (6) set forth a statement of the position the objector wishes to assert; (7) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the objection; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; (9) state whether the objector and/or his or her counsel intends to appear at the Final Approval Hearing; and (10) include the objector's signature.  Any Settlement Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

       8.    Class Notice Expenses.  All expenses related to the Class Notice Program shall be paid by Defendant as provided in Section IV.A of the Settlement Agreement.

       9.     Service of Papers.  Defendant's Representative and Class Counsel shall promptly furnish each other and the Court with copies of any and all objections that come into their possession by any means other than filing with the Court.

       10.    Termination of Settlement.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Section VII.N of the Settlement Agreement shall govern the rights of the Parties.

11. Use of Order. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendant, Named Plaintiffs, or the Settlement Class.

13. Continuance of Hearing. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the parties or the members of the Settlement Class other than entry of an order on the Court's docket.

DATED: February 1, 2024

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT COURT JUDGE