1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Christopher A. Seeger (*pro hac vice*)
SEEGER WEISS LLP
55 Challenger Road
6th Floor
Ridgefield Park, NJ 07660
Telephone:  (973) 639-9100
Facsimile: (973) 679-8656
Email: cseeger@seegerweiss.com


James E. Cecchi (*pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com

*Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *Aberin, et al. v. American Honda Motor Co., Inc.* | No. 4:16-cv-04384-JST<br>Judge: Hon. Jon S. Tigar<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR ATTORNEY FEES, COSTS AND SERVICE AWARDS**<br><br>Date:  August 15, 2024<br>Time: 2:00 p.m. P.S.T.<br>Place:  1301 Clay Street<br>          Oakland, CA 94612<br>          Courtroom 6, Second Floor<br>Judge:  Hon. Jon S. Tigar |

# TABLE OF CONTENTS

**Title**                                                                                              **Page(s)**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

I.     Honda's Declarations Are Improperly Before the Court ................................................. 2

II.    *Lowery*'s Proportionality Standard Does Not Apply................................................. 3

III.   Class Counsels' Hours Are Not Unreasonably High ............................................. 5

      A.    Class Counsel Efficiently Staffed this Case ................................................. 5

IV.   Class Counsel's Hourly Rates Are Reasonable ..................................................... 9

      A.    The Court Has Previously Approved Class Counsel's Requested Rates ................... 9

      B.    Class Counsel's Rates are Adequately Supported.................................................. 10

      C.    Class Counsel's Requested Rates are Reasonable.................................................. 10

V.    Plaintiffs' Requested 1.24 Multiplier is Reasonable ............................................. 11

VI.   Honda's Request for a Downward Adjustment Based on Claims That Purportedly Did Not Succeed Lacks Merit ....................................................................................... 13

VII.  Class Counsel's Costs Are Sufficiently Detailed ................................................. 15

VIII.  Class Counsel Have Continued to Litigate the Case Beyond the Time Submitted with the Fee Petition and Are Entitled to Fees for Litigating Their Fee Petition......................... 15

CONCLUSION .................................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Abrogina v. Kentech Consulting Inc.*,
   2023 WL 6370913 (S.D. Cal. Sept. 5, 2023) ............................................................... 6

*Barbosa v. Cargill Meat Sols. Corp.*,
   297 F.R.D. 431 (E.D. Cal. 2013) ............................................................................. 11

*Best W. Int'l Inc. v. NM Hosp. Roswell LLC*,
   2020 WL 13573983 (D. Ariz. Apr. 28, 2020) ............................................................ 1

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ................................................................................................. 4

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .......................... 4

*Britto v. Zep Inc.*,
   2015 WL 5657147 (Cal. Ct. App. Sept. 25, 2015) ................................................... 13

*Burlington v. Dague*,
   505 U.S. 557 (1992) ............................................................................................... 12

*Butler v. Frett*,
   2006 WL 1806412 (D.N.J. June 29, 2006) ............................................................... 8

*Callari v. Blackman Plumbing Supply, Inc.*,
   988 F. Supp. 2d 261 (E.D.N.Y. 2013) ...................................................................... 3

*Cancio v. Fin. Credit Network, Inc.*,
   2005 WL 1629809 (N.D. Cal. July 6, 2005) ............................................................. 8

*Cardoso v. FCA US LLC*,
   2021 WL 1176532 (N.D. Cal. Mar. 29, 2021) ......................................................... 10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2017 WL 5969318 (N.D. Cal. Feb. 28, 2017) ........................................................... 8

*Chamberlin v. Hartog, Baer & Hand, APC*,
   2024 WL 736734 (N.D. Cal. Feb. 22, 2024) ............................................................. 2

*Chen v. BMW of N. Am., LLC*,
   2022 WL 18539356 (N.D. Cal. Nov. 14, 2022) ......................................................... 8

*City of Riverside v. Rivera*,
   477 U.S. 561 (1986) ................................................................................................. 5

*Cook v. La Marque*,
   2006 WL 2406230 (E.D. Cal. Aug. 18, 2006) ........................................................... 4

*Cornhusker Cas. Ins. Co. v. Kachman*,
   2009 WL 2853119 (W.D. Wash. Sept. 1, 2009) .......................................................................... 13

*Curtin v. Cnty. of Orange*,
   2018 WL 10320668 (C.D. Cal. Jan. 31, 2018) ............................................................................. 3

*Danow v. L. Off. of David E. Borback, P.A.*,
   634 F. Supp. 2d 1337 (S.D. Fla. 2009), *aff'd*, 367 F. App'x 22 (11th Cir. 2010) ........................ 14

*Davis v. Yelp, Inc.*,
   2023 WL 3063823 (N.D. Cal. Jan. 27, 2023) ............................................................................. 12

*De Jesus Ortega Melendres v. Arpaio*,
   2017 WL 10808812 (9th Cir. March 2, 2017) .............................................................................. 7

*Dekker v. Vivint Solar, Inc.*,
   2023 WL 5498063 (N.D. Cal. Aug. 23, 2023) .............................................................................. 4

*Dennings v. Clearwire Corp.*,
   2013 WL 1858797 (W.D. Wash. May 3, 2013), *aff'd* (Sept. 9, 2013) ......................................... 5

*DiMercurio v. Equilon Enterprises LLC*,
   2024 WL 2113857 (N.D. Cal. May 9, 2024) ................................................................................. 4

*Erhart v. BofI Fed. Bank*,
   2023 WL 6382460 (S.D. Cal. Sept. 28, 2023) ............................................................................. 12

*Erickson v. Builder Advisor Grp. LLC*,
   2023 WL 3579317 (N.D. Cal. Feb. 3, 2023) ................................................................................. 9

*Escochea v. Cnty. of Los Angeles*,
   2017 WL 4082291 (C.D. Cal. Sept. 14, 2017) ............................................................................. 3

*Espejo v. The Copley Press, Inc.*,
   13 Cal. App. 5th 329 (2017) ....................................................................................................... 14

*Estrada v. iYogi, Inc.*,
   2016 WL 310279 (E.D. Cal. Jan. 26, 2016) ................................................................................. 4

*Evon v. L. Offs. of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012) ...................................................................................................... 5

*Facebook, Inc. v. Holper*,
   2022 WL 17167958 (N.D. Cal. Sept. 27, 2022) ........................................................................... 9

*Farwest Pump Co. v. Secura Ins.*,
   2023 WL 3650498 (D. Ariz. May 25, 2023) ................................................................................. 8

*Fleming v. Impax Lab'ys Inc.*,
   2022 WL 2789496 (N.D. Cal. July 15, 2022) .............................................................................. 10

ii

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ........................................................................................ 8

*Gigot v. Cities Serv. Oil Co.*,
   241 Kan. 304, 737 P.2d 18 (1987) ................................................................................. 5

*Gonzalez v. US Hum. Rts. Network*,
   2024 WL 149979 (D. Ariz. Jan. 12, 2024) ................................................................... 7

*Goodson v. Cnty. of Plumas*,
   2024 WL 99847 (E.D. Cal. Jan. 9, 2024) ................................................................ 2, 11

*Graciano v. Robinson Ford Sales, Inc.*,
   144 Cal. App. 4th 140, 50 Cal. Rptr. 3d 273 (2006) ................................................... 5

*Gunther v. Alaska Airlines, Inc.*,
   72 Cal. App. 5th 334 (2021) ....................................................................................... 14

*Heffington v. FCA US LLC*,
   2020 WL 5017610 (E.D. Cal. Aug. 25, 2020) ............................................................ 7

*Hiken v. Dep't of Def.*,
   2012 WL 3686747 (N.D. Cal. Aug. 21, 2012) ............................................................ 8

*Hiken v. Dep't of Def.*,
   2013 WL 4482951 (N.D. Cal. Jan. 14, 2013) ........................................................... 11

*HP Inc. v. Wiseta*,
   No. 2024 WL 1699564 (N.D. Cal. Mar. 15, 2024) ..................................................... 9

*Huddlestun v. Harrison Glob., LLC*,
   2019 WL 1029955 (S.D. Cal. Feb. 27, 2019) ........................................................... 13

*J.G. v. New York City Dep't of Educ.*,
   2024 WL 728626 (S.D.N.Y. Feb. 22, 2024) ............................................................... 3

*Jefferson v. Chase Home Fin.*,
   2009 WL 2051424 (N.D. Cal. July 10, 2009) ............................................................. 4

*Johnson v. 441 First St., LLC*,
   2022 WL 2988849 (N.D. Cal. July 28, 2022) ........................................................... 11

*Johnson v. Layers, LLC*,
   2022 WL 14813839 (N.D. Cal. Oct. 25, 2022) ...................................................... 2, 11

*Johnson v. Wayside Prop., Inc.*,
   2014 WL 6634324 (E.D. Cal. Nov. 21, 2014) ............................................................ 3

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   2023 WL 11820531 (N.D. Cal. Dec. 18, 2023) .................................................... 9, 10

ii

*Ketchum v. Moses,*
  24 Cal. 4th 1122 (2001) ........................................................................ 12, 13

*Kim v. Fujikawa,*
  871 F.2d 1427 (9th Cir. 1989) ........................................................................ 7

*L.H. v. Schwarzenegger,*
  645 F. Supp. 2d 888 (E.D. Cal. 2009) ........................................................ 8

*LaLiberte v. Pac. Mercantile Bank,*
  2012 WL 2129399 (Cal. Ct. App. June 13, 2012) ...................................... 14

*Lewis v. Green Dot Corp.,*
  2017 WL 11633453 (C.D. Cal. Nov. 22, 2017) ........................................ 13

*Lin v. BMW of N. Am.,*
  LLC, 2020 WL 8743479 (C.D. Cal. Sept. 8, 2020) ................................... 7

*Lopez v. San Francisco Unified Sch. Dist.,*
  385 F. Supp. 2d 981 (N.D. Cal. 2005) ........................................................ 3

*Lopez v. Youngblood,*
  2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) ........................................... 4

*Lowery v. Rhapsody, Inc.,*
  75 F.4th 985 (9th Cir. 2023) .................................................................... 3, 4

*In re MacBook Keyboard Litig.,*
  2023 WL 3688452 (N.D. Cal. May 25, 2023) ............................................ 9

*MacDonald v. Ford Motor Co.,*
  2016 WL 3055643 (N.D. Cal. May 31, 2016) ........................................... 7

*In re Magsafe Apple Power Adapter Litig.,*
  2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ............................................ 10

*McGrath v. Cty. of Nevada,*
  67 F.3d 248 (9th Cir. 1995) ........................................................................ 8

*Miguel-Sanchez v. Mesa Packing, LLC,*
  2021 WL 4893394 (N.D. Cal. Oct. 20, 2021) ......................................... 12

*Mitchell by Mitchell v. LVNV Funding, LLC,*
  2020 WL 1862192 (N.D. Ind. Apr. 13, 2020) ......................................... 15

*Mraz v. I.C. Sys., Inc.,*
  2021 WL 4086147 (M.D. Fla. Aug. 23, 2021) ........................................... 2

*Nadaf-Rahrov v. Neiman Marcus Grp., Inc.,*
  2013 WL 5405370 (Cal. Ct. App. Sept. 27, 2013) ................................... 12

*Nat'l Abortion Fed'n v. Ctr. for Med. Progress*,
    2024 WL 1286936 (N.D. Cal. Mar. 25, 2024) ........................................................ 10

*Open Source Sec., Inc. v. Perens*,
    2018 WL 2762637 (N.D. Cal. June 9, 2018), *aff'd*, 803 F. App'x 73 (9th Cir. 2020).................. 12

*Paddack v. Dave Christensen, Inc.*,
    745 F.2d 1254 (9th Cir. 1984) .................................................................................. 3

*Parsons v. Ryan*,
    949 F.3d 443 (9th Cir. 2020) .................................................................................. 13

*Perdue v Kenny A. ex. rel. Winn*,
    559 U.S. 542 (2010) .......................................................................................... 12, 13

*Probe v. State Teachers' Retirement System*,
    780 F.2d 776 (9th Cir. 1986) .................................................................................. 7

*Proofpoint, Inc. v. Vade Secure, Inc.*,
    2020 WL 7398791 (N.D. Cal. Dec. 17, 2020) ............................................................ 10

*Rodriguez v. Cnty. of Los Angeles*,
    96 F. Supp. 3d 1012 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018)........................ 2, 3

*Rodriguez v. United States*,
    2006 WL 8447022 (C.D. Cal. June 2, 2006), *aff'd in part, rev'd in part,* 542 F.3d
    704 (9th Cir. 2008) ............................................................................................... 6

*Rollins v. Dignity Health*,
    2022 WL 20184568 (N.D. Cal. July 15, 2022) ............................................................ 9

*Signatures Network, Inc. v. Estefan*,
    2005 WL 151928 (N.D. Cal. Jan. 24, 2005).............................................................. 8

*Taylor v. Shutterfly, Inc.*,
    2021 WL 5810294 (N.D. Cal. Dec. 7, 2021) ............................................................ 4

*Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*,
    731 F. Supp. 2d 937 (N.D. Cal. 2010)...................................................................... 11

*Tomassini v. FCA US LLC*,
    2023 WL 2194016 (2d Cir. Feb. 24, 2023) .............................................................. 5

*Torres v. N. Pac. Seafoods, Inc.*,
    2021 WL 7366176 (W.D. Wash. Dec. 9, 2021) ........................................................ 13

*United States v. City & Cnty. of San Francisco*,
    748 F. Supp. 1416 (N.D. Cal. 1990), *aff'd in part, remanded in part,* 976 F.2d
    1536 (9th Cir. 1992) .......................................................................................... 6, 7

*United States v. Nosal,*
   2014 WL 2109948 (N.D. Cal. May 20, 2014), *vacated and remanded*, 844 F.3d
   1024 (9th Cir. 2016) ........................................................................................................ 11

*United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, California,*
   2016 WL 11567243 (C.D. Cal. Nov. 2, 2016) .................................................................... 7

*United States v. Rodriguez-Lara,*
   421 F.3d 932 (9th Cir. 2005) .............................................................................................. 4

*Vines v. O'Reilly Auto Enterprises, LLC,*
   74 Cal. App. 5th 174 (2022) .............................................................................................. 14

*In re Volkswagen & Audi Warranty Extension Litig.,*
   692 F.3d 4 (1st Cir. 2012) ............................................................................................. 4, 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.,*
   2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ............................................................. 9, 10

*Walsh v. Kindred Healthcare,*
   2013 WL 6623224 (N.D. Cal. Dec. 16, 2013) .................................................................... 4

*Wheeler v. King Digit. Ent. PLC,*
   2020 WL 4915450 (Cal. Ct. App. Aug. 21, 2020) .............................................................. 4

*Williams v. MGM-Pathe Communications,*
   129 F.3d 1026 (9th Cir. 1997) ............................................................................................ 4

*Wood v. D.C.,*
   72 F. Supp. 3d 13 (D.D.C. 2014) ...................................................................................... 10

*Y.S. v. New York City Dep't of Education,*
   2022 WL 3572935 (S.D.N.Y. Aug. 19, 2022) .................................................................... 2

*Young v. Polo Retail, LLC,*
   2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ...................................................................... 4

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................................... 4

Fed. R. Civ. P. 23(h) ................................................................................................................. 4

**INTRODUCTION**

Defendant Honda asks this Court to ignore the more than seven-year history of this case and controlling precedent in opposing Class Counsel's fee petition.  Honda's lengthy opposition largely ignores the facts, which support the requested award. Honda's opposition reflects its ferocious, take-no-prisoners strategy throughout this litigation.  Honda's arguments also fly in the face of well-established precedent, including uniformly holding that fee petitions in diversity cases are governed by state law, and that Class Counsel is entitled to *all* fees reasonably expended, regardless of proportionality to the actual recovery.

Honda contends that Class Counsel's hours are unreasonably high,[1] but in so doing it ignores that the work undertaken here was the result of delegation of work to certain firms and lawyers who were efficiently and effectively sharing the load in the litigation.  Honda also ignores that having multiple lawyers working on a case of this magnitude is not a ground to reduce billable hours, and that courts should not impose their judgment as to how to run a law firm.[2]  When arguing that the hourly rates of the professionals who successfully litigated the case are too high, Honda ignores that these rates are supported by numerous decisions of this Court and Class Counsel's declarations.

Honda's challenge to the requested 1.24 multiplier ignores that upwards fee multipliers are commonplace in complex class actions, and that such a multiplier is reasonably warranted here given the resistance that Class Counsel faced at every step and the contingent risk present at every juncture of the litigation.  If accepted, Honda's arguments would create warped incentives, whereby consumer protection class counsel are not rewarded for standing up to a combative defendant.  Not surprisingly, Honda skirts the relevant factors that are applied when considering a multiplier.  Honda's request for a downward adjustment of the multiplier—because some claims failed—also ignores the test for such

---

[1] While Class Counsel admits that 48.5 of those hours were incorrectly and unintentionally billed to this case, *see* Declaration of James A. O'Brien III ("O'Brien Decl.") ¶ 16; Declaration of Scott A. George ("George Decl.") ¶ 23, Class Counsel has demonstrated that the remaining requested rates are in line with those prevailing in the community for similar lawyers.

[2] Plaintiffs requested Honda's billing records to demonstrate the reasonableness of the fee request here. But Honda refused to turn them over, asserting that they are not relevant.  George Decl. ¶ 19. That contradicts Ninth Circuit law.  *See Best W. Int'l Inc. v. NM Hosp. Roswell LLC*, 2020 WL 13573983, at *2 (D. Ariz. Apr. 28, 2020) (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)).

1    a reduction.  Fee awards are not reduced merely because of lack of success on some causes of action.

2    Here, Plaintiffs maintained their core claims of fraudulent concealment, breach of warranty and

3    violations of consumer protection statutes, through class certification and to the eve of trial.

4        Lastly, Honda disputes $928,000 of Class Counsel's costs associated with the shared Litigation

5    Fund established among and between the firms in the litigation, but Class Counsel have shown why

6    those costs warrant reimbursement.  The Court should reject Honda's arguments.

7                                              **ARGUMENT**

8    **I.    Honda's Declarations Are Improperly Before the Court**

9        This Court has no obligation to consider, much less follow, the conclusions of  Honda's fee

10   expert, John D. O'Connor, whose lengthy declaration is chock full of conclusory inferences and legal

11   conclusions as to the reasonableness of the requested attorney's fees—and circumvents the Court's

12   pages limits and the local rule prohibiting legal opinions.  "The value of legal services performed in

13   a case is a matter in which the trial court has its own expertise." *Chamberlin v. Hartog, Baer & Hand,*

14   *APC*, 2024 WL 736734, at *11 (N.D. Cal. Feb. 22, 2024). As such, O'Connor's opinion should be

15   disregarded.[3]  O'Connor also relies on the Real Rate Report ("RRR"), O'Connor Decl. ¶¶ 88-93, but

16   the RRR does not break down the data by specific practice area, containing no information on rates

17   for complex, multi-jurisdiction class action litigation.[4] The RRR is also designed for large law firms,

18   its methodology is not evident, is hearsay, and has been rejected because the attorney declarations

19   submitted in support of the fee petition "provide competent, detailed, substantiated and more apt bases

20

21

22

23   [3] *See Goodson v. Cnty. of Plumas*, 2024 WL 99847, at *5 (E.D. Cal. Jan. 9, 2024) ("The court has not relied on O'Connor's declaration. It is lengthy and includes primarily legal arguments. Considering it would permit Goodson to exceed the page limits imposed by this court's standing orders"); *Y.S. v. New York City Dep't of Education*, 2022 WL 3572935, at *6 (S.D.N.Y. Aug. 19, 2022) (attorney fee expert "declarations express the improper legal conclusion on the ultimate legal issue of whether Plaintiff's requested fees are reasonable"); *Mraz v. I.C. Sys., Inc.*, 2021 WL 4086147, at *2 (M.D. Fla. Aug. 23, 2021) ("the reasonable hourly rate . . . was a legal conclusion"); *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1027 (C.D. Cal. 2014) (rejecting fee expert declaration that contained legal conclusions), *aff'd*, 891 F.3d 776 (9th Cir. 2018).

24

25

26

27   [4] *See, e.g.*, *Johnson v. Layers, LLC*, 2022 WL 14813839, at *7 (N.D. Cal. Oct. 25, 2022) ("Real Rate Report is not focused on the market for ADA legal work").

28

upon which to make a recommendation to the Court as to the reasonableness of the requested rates."[5]

Finally, O'Connor's declaration should be disregarded because he lacks experience in consumer

protection class action cases, *see* O'Brien Decl. ¶ 8, and thus is not qualified as an expert.[6]

       The Court should similarly disregard the declaration of Michael B. Shortnacy, one of the

*former* Honda attorneys who was replaced after class certification was granted.  Shortnacy professes

to recite the facts not only through class certification, but also through Honda's later motion for

judgment on the pleadings, in which he played no role.  The use of such a declaration to present

hearsay and a selective, one-sided view of the facts to the Court (i.e., attempting to show a narrowing

of Plaintiffs' claims)—while omitting mention of many other relevant facts—is an improper attempt

to circumvent the Court's page limits and to mischaracterize the record before the Court.  *See Callari*

*v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 266 (E.D.N.Y. 2013).[7]

## II.    *Lowery*'s Proportionality Standard Does Not Apply

       Honda argues that *Lowery v. Rhapsody, Inc.*, 75 F.4th 985, 992 (9th Cir. 2023), requires

consideration of settlement benefits claimed by class members in evaluating settlement value for

attorneys' fees applications. Defendant's Opposition ("Def. Br.") at 17. That ignores controlling state

---

[5] *Escochea v. Cnty. of Los Angeles*, 2017 WL 4082291, at *9 (C.D. Cal. Sept. 14, 2017).  *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984). The RRR has also been rejected because it is "specifically designed for lawyers working for corporate clients," and is thus inapplicable because it "cannot provide a helpful benchmark for lawyers litigating . . . [cases] for non-corporate clients." *Johnson v. Wayside Prop., Inc.*, 2014 WL 6634324, at *7 (E.D. Cal. Nov. 21, 2014); *see also J.G. v. New York City Dep't of Educ.*, 2024 WL 728626, at *6 (S.D.N.Y. Feb. 22, 2024) (noting "courts in this District have received the Real Rate Report's results with skepticism," that "'[t]he report's methodology is opaque,'" and the "data is not specific to lawyers specializing in [a particular kind of] litigation").

[6] *See Curtin v. Cnty. of Orange*, 2018 WL 10320668, at *12 (C.D. Cal. Jan. 31, 2018) ("Schratz is not qualified as an expert to provide opinions on the reasonableness of attorneys' fees because he has no experience with the issues in the case"); *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d at 1027 ("there is no evidence that Mr. Bruning has any experience specific to civil rights litigation"); *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 993 (N.D. Cal. 2005) ("Schratz has no experience in class action . . . litigation.").

[7] One example of Shortnacy's mischaracterization is his statement that, upon Honda's motion for judgment on the pleadings, the Court dismissed Plaintiff John Kelly's CLRA and UCL claims. Shortnacy Decl. ¶ 8.  Shortnacy neglects to mention that the motion (in which he played no part) was otherwise unsuccessful (ECF No. 400), that Plaintiffs were granted leave to amend and replead those claims, and that the parties later briefed Honda's *third* motion to dismiss. ECF No. 400, at 11; ECF Nos. 403, 407-08, 419, 423.

law, which governs diversity cases involving fee petitions. Pls. Br. at 5-8; *DiMercurio v. Equilon Enterprises LLC*, 2024 WL 2113857, at *8 (N.D. Cal. May 9, 2024). California cases reject basing fee awards on proportionality to the actual recovery, and instead entitle attorneys to *all* fees reasonably expended.  *See* Pls. Br. at 5-8.[8]  Because *Lowery* involves purely federal law, it does not apply here. *See id.*[9]

Honda argues that *Lowery* cites *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011), for the proposition that courts are independently obliged to assess fee reasonableness under Rule 23. But *Bluetooth* just recognizes that obligation as a general principle, which California courts recognize, too.[10] Indeed, "Rule 23(h) does not provide a free-floating grant of authority to apply federal law to award attorneys' fees in class actions."[11]  Nor did *Bluetooth* have before it whether state or federal law governed the attorney's fees request.[12]

---

[8] *See also Jefferson v. Chase Home Fin.*, 2009 WL 2051424, at *3 (N.D. Cal. July 10, 2009) (invoking nonproportionality rule in awarding fees of 8.8 times total recovery in a class action). Also, *Williams v. MGM-Pathe Communications*, 129 F.3d 1026, 1027 (9th Cir. 1997), rather than *Lowery*, would control here because it was the earlier decision.  *See* Plaintiffs' Memorandum (ECF No. 448) ("Pls. Br."), at 8; *see also United States v. Rodriguez-Lara*, 421 F.3d 932, 943 (9th Cir. 2005) ("'a three judge panel may not overrule [binding precedent]'") (citation omitted; *Cook v. La Marque*, 2006 WL 2406230, at *20 (E.D. Cal. Aug. 18, 2006).  *Williams* relies on *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980); *see also Young v. Polo Retail, LLC*, 2007 WL 951821, at *8 (N.D. Cal. Mar. 28, 2007) ("The Ninth Circuit . . . bars consideration of the class's actual recovery in assessing the fee award, drawing on an expansive reading of *Boeing Co*") (citing *Williams*).

[9] *See also Walsh v. Kindred Healthcare*, 2013 WL 6623224, at *1 (N.D. Cal. Dec. 16, 2013) ("the Ninth Circuit has held that it is an abuse of discretion for a court to award fees based on the value of claims made, rather than on the lodestar or a percentage of the entire fund made available to a class.") (citing *Williams,* 129 F.3d at 1026-27); *Taylor v. Shutterfly, Inc.*, 2021 WL 5810294, at *8 (N.D. Cal. Dec. 7, 2021) ("The Court is not required to base attorney's fees based only on the amount paid to Class Members who submitted claims.") (citing *Williams*); *Lopez v. Youngblood*, 2011 WL 10483569, at *12 (E.D. Cal. Sept. 2, 2011) (same); *Estrada v. iYogi, Inc.*, 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016) (same).

[10] *See Wheeler v. King Digit. Ent. PLC*, 2020 WL 4915450, at *1 (Cal. Ct. App. Aug. 21, 2020) ("When determining attorney fee awards in class actions, courts have an independent obligation to ensure that the amount is reasonable.") (citing cases).

[11] *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 15 (1st Cir. 2012) ("[rejecting] the argument that Rule 23(h) provides a basis for applying federal-law principles to the award of attorneys' fees").

[12] Honda further cites *Dekker v. Vivint Solar, Inc.*, 2023 WL 5498063, at *8 (N.D. Cal. Aug. 23, 2023), which applied *Lowery* to a fee issue in a state law case, but that case failed to apply California law, as it was bound to do by controlling law.  *See* Pls. Br. at 5.

Plaintiffs' Reply in Support of Attorney Fee Petition
                                                            Case No. 4:16-04384-JST

Honda's argument that "proportionality" is properly considered when determining attorney's fees in consumer protection cases, Def. Br. at 18, also conflicts with precedent of the Supreme Court, the Ninth Circuit, and California law.[13]  Honda ignores that in the context of fee-shifting civil rights statutes, the Supreme Court has observed that a strict rule of proportionality "would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). Reflecting on this observation, the Ninth Circuit opined:  "The same is true in consumer protection cases: where the monetary recovery is generally small, requiring direct proportionality for attorney's fees would discourage vigorous enforcement of the consumer protection statutes."[14] While a defendant is entitled to aggressively defend its case, such a defense will produce a large amount of litigation, and significantly increase the number of hours a plaintiff's attorney commits to a case. That is the case here, and the Court should not reduce attorney's fees based on proportionality.

## III.    Class Counsels' Hours Are Not Unreasonably High

### A.    Class Counsel Efficiently Staffed this Case

Honda claims that there was "'highly inefficient case management." Def. Br. at 4.  But Honda provides little more than its own conclusory assertions, Def. Br. at 4-5,[15] and attaches an exhibit that pertains to the time entries of only *six lawyers* and another category vaguely entitled "Others," and further sets forth general categories of the tasks created by O'Connor (*e.g.*, "Motion for Class

---

[13] The laws in Kansas, New York, and Washington are the same. *See Tomassini v. FCA US LLC*, 2023 WL 2194016, at *2 (2d Cir. Feb. 24, 2023); *Dennings v. Clearwire Corp.*, 2013 WL 1858797, at *6 (W.D. Wash. May 3, 2013), *aff'd*, (Sept. 9, 2013); *Gigot v. Cities Serv. Oil Co.*, 241 Kan. 304, 313-14, 737 P.2d 18, 24 (1987).

[14] *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012); *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 164, 50 Cal. Rptr. 3d 273, 293 (2006) (rejecting proportionality rule where consumer protection claims are involved and noting that "[t]he circumstances here are analogous to those addressed by the United States Supreme Court in the civil rights context").

[15] Honda's misleading characterization of the record includes its conclusory accusation that inefficiency occurred "because, 'at least for the first several years, large numbers of lawyers [were] duplicating efforts.'"  Def. Br. at 4 (quoting O'Connor Decl., Ex. M ¶ 129).  O'Connor's declaration, however, actually refers to "preparing and defending various Complaints," of which there were four. O'Connor Decl., Ex. M ¶ 129.  In turn, O'Connor's chart of billings for pleadings and motions unremarkably identifies only a handful of Plaintiff's attorneys (ranging from two to four) who worked on pleadings and related motions.  *See id.*, Ex. M, at 3-4.

Certification Totals").  O'Connor Decl., Ex. M.  Honda conflates the number of attorneys working on discrete, non-duplicative aspects of the case that Honda broadly characterizes as drafting pleadings, class certification briefing, mediation, appellate briefing, and attorney's fee motion, and then opines that this amounts to excessive and duplicative staffing.  Def. Br. at 4-5 (citing O'Connor Decl. ¶¶ 129-31); George Decl. ¶¶ 10, 13-14.  Honda's conclusory statements, in turn rely on conclusory statements from its expert, Mr. O'Connor.  *See* Def. Br. at 4-5 (citing O'Connor Decl. ¶¶ 124, 129).[16]

O'Connor summarily opines that this "shows the large number of lawyers working on given tasks," O'Connor Decl. ¶ 128, "large numbers of lawyers duplicating efforts," *id.* ¶ 129, "a snapshot of numerous lawyers engaged in drafting and defending pleadings in related motions," *id.* ¶ 130, and "overstaffing," *id*.  O'Connor then summarily concludes "[t]hat excessive and duplicative staffing is itself a problem, of course, deserving of some reduction in hours." *Id*. ¶ 131.[17]  Honda's and O'Connor's conclusory contentions, however, fail to discuss or break out (as reflected in Class Counsels' time sheets) the discrete tasks performed by each of the Plaintiffs' lawyers within each of the broad, general categories O'Connor self-servingly created, and to show that "'*the attorneys [were] unreasonably doing the same work,*'" *City & Cnty. of San Francisco*, 748 F. Supp. at 1421 (emphasis in original), or to otherwise articulate how the collaboration of Plaintiffs' attorneys was unreasonable.[18]  George Decl. ¶ 10.  Indeed, Honda does not dispute that the billing records reveal how the work differed among the Plaintiffs' attorneys.

---

[16] Honda's argument that Plaintiffs' law firm of Seeger Weiss shouldn't have reassigned personnel during the litigation, Def. Br. at 5, besides ignoring the complexity and length of this case, constitutes pure "speculation as to how other firms have staffed the case," *Moreno*, 534 F.3d at 1114, which courts in this Circuit refuse to do, *see id.*; *see also Rodriguez v. United States*, 2006 WL 8447022, at *6 (C.D. Cal. June 2, 2006) (rejecting excessiveness argument where "not every single 'biller' worked on the case during the same time period; this action has been ongoing and active since 1999 and there has necessarily been some staffing 'turnover' at both [plaintiffs' law firms]"), *aff'd in part, rev'd in part, on other grounds*, 542 F.3d 704 (9th Cir. 2008).  In any event, this change in personnel is not insidious, and was reasonably accounted for in the management of the litigation.  George Decl. ¶¶ 16-17.

[17] Class Counsel turned over to Honda all of their billing records, so Honda and Mr. O'Connor are aware of the discrete, non-duplicative delegation of tasks that Class Counsel performed here.

[18] "'An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.'" *Abrogina v. Kentech Consulting Inc.*, 2023 WL 6370913, at *15 (S.D. Cal. Sept. 5, 2023) (citations omitted).  Here, Honda fails to contest that the work billed does not reflect the distinct contributions

Courts have regularly held that the fact that a complex class action has multiple lawyers or staff working on it is not a ground to reduce billable hours, and may reflect the nature of the litigation..[19]  *See United States v. City & Cnty. of San Francisco*, 748 F. Supp. 1416, 1421 (N.D. Cal. 1990), *aff'd in part, remanded in part, on other grounds*, 976 F.2d 1536 (9th Cir. 1992).[20]  The Ninth Circuit has cautioned that a district court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno,* 534 F.3d at 1115.  And this Court has rejected a similar overstaffing argument, noting "Plaintiffs were litigating a putative class action against one of the world's largest automobile manufacturers." *MacDonald v. Ford Motor Co*., 2016 WL 3055643, at *3 (N.D. Cal. May 31, 2016).  Law firms thus typically have multiple attorneys performing discrete tasks in researching, drafting, and filing various pleadings and motions with the Court. Multiple attorneys may collaborate on a single endeavor—each assigned specific tasks.  Indeed, as Class Counsel explains, the general, broad categories of tasks relied upon by Honda involved discrete, non-duplicative tasks rationally divided up among, and performed by, Plaintiffs' lawyers.  *See* George Decl. ¶ 10; O'Brien Decl. ¶¶ 3, 4, 10 (detailing individual work by attorneys that was not duplicative).[21]  Other than pointing out that multiple attorneys may have worked on broadly-described tasks, neither Honda nor O'Connor

___

of each lawyer to the case and the customary practice of multi-lawyer litigation.  George Decl. ¶¶ 10, 13-14; O'Brien Decl. ¶¶ 3, 4, 10.

[19] *See De Jesus Ortega Melendres v. Arpaio*, 2017 WL 10808812, at *7 (9th Cir. March 2, 2017) (rejecting generalized objections that sheer number of timekeepers show duplicative work); *Kim v. Fujikawa,* 871 F.2d 1427, 1435 n. 9 (9th Cir. 1989) ("the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort"; complexity of legal issues and breadth of factual evidence involved in case bear on amount of lawyer participation); *Probe v. State Teachers' Retirement System,* 780 F.2d 776, 785 (9th Cir. 1986) ("in an important class action litigation such as this, the participation of more than one attorney does not constitute an unnecessary duplication of effort."); *Heffington v. FCA US LLC*, 2020 WL 5017610, at *4 (E.D. Cal. Aug. 25, 2020).

[20] *See also Gonzalez v. US Hum. Rts. Network*, 2024 WL 149979, at *21 (D. Ariz. Jan. 12, 2024) ("All of this seems within the bounds of reasonable conduct for a relatively complicated case that dragged on for years. It is not surprising that important documents or legal concepts might be reviewed by multiple attorneys from the same team over the course of multi-year litigation.").

[21] S*ee also Lin v. BMW of N. Am*., LLC, 2020 WL 8743479, at *7 (C.D. Cal. Sept. 8, 2020) ("having reviewed the detailed billing records submitted by Plaintiff's counsel, the Court concludes counsel did not engage in much duplication of efforts and most worked on discrete tasks associated with an aspect of Plaintiff's representation"); *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, California*, 2016 WL 11567243, at *2 (C.D. Cal. Nov. 2, 2016) (hours deemed reasonably expended where "billing entries are descriptive sufficiently and describe discrete tasks").

specifies how the Plaintiffs' billings are duplicative, or how, given the complexities of the litigation, these charges are excessive or inefficient.[22] The Court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112. The defendant "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged."[23] "Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees."[24] Apart from conclusory assertions, Honda "ha[s] not tethered any evidence" to its general objection that "the amount of hours billed are objectively unreasonable.[25] "By contrast, [Class Counsel] ha[ve] submitted [] sworn affidavit[s] attesting to the fact that the hours listed in [their] entries [represents the work performed and the time taken to perform said work]." *Butler*, 2006 WL 1806412, at *9.[26] *See* ECF Nos. 448-1 – 448-9.[27]

---

[22] *See Farwest Pump Co. v. Secura Ins.*, 2023 WL 3650498, at *3 (D. Ariz. May 25, 2023) ("Farwest's conclusory arguments that certain hours were unnecessary, inadequately documented, or excessive also fail to explain why a prudent lawyer would not undertake the challenged tasks.").

[23] *McGrath v. Cty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995); *Chen v. BMW of N. Am., LLC*, 2022 WL 18539356, at *4 (N.D. Cal. Nov. 14, 2022); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) (burden on party opposing fee request to submit specific objections to hours expended).

[24] *Cancio v. Fin. Credit Network, Inc.*, 2005 WL 1629809, at *3 (N.D. Cal. July 6, 2005) (citation omitted); *Signatures Network, Inc. v. Estefan*, 2005 WL 151928, at *5 (N.D. Cal. Jan. 24, 2005) ("the party opposing the fee application has the burden of specifying those hours that it finds duplicative.") (citing *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1992)).

[25] *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 898 (E.D. Cal. 2009); *accord Butler v. Frett*, 2006 WL 1806412, at *9 (D.N.J. June 29, 2006) (stating "other than to label [certain] hours as 'excessive,' the [opposing party] does not present any argument or explanation to suggest that these hours were not reasonably expended"); *see also Moreno*, 534 F.3d at 1115 ("It is the 'difficulty and skill level of the work performed, and the result achieved—not whether it would have been cheaper to delegate the work to other attorneys— [that] must drive the district court's decision.'").

[26] "An attorney's sworn testimony as to the amount of time required to perform a task 'is evidence of considerable weight on the issue of the time required.'" *Hiken v. Dep't of Def.*, 2012 WL 3686747, at *7 (N.D. Cal. Aug. 21, 2012) (quoting *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D.Cal.2010)), *vacated and remanded on other grounds*, 836 F.3d 1037 (9th Cir. 2016). For courts to deny compensation for a task, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Id.* "It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee." *Moreno*, 534 F.3d at 1112.

[27] Honda and its expert complain about minor instances of "block billing," Def. Br. at 5 n.1, when the Court considers "it . . . 'silly' to 'insist . . . on showing a specific amount of time on each action taken during a day.'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 5969318, at *6 (N.D. Cal. Feb. 28, 2017); *see also* George Decl. ¶ 15.

1

**IV.    Class Counsel's Hourly Rates Are Reasonable**

2

**A.  The Court Has Previously Approved Class Counsel's Requested Rates**

3

Honda, again ignoring precedent, contends that Class Counsel's requested hourly rates "far

4

exceed" rates this Court has previously approved. Def. Br. at 6. Wrong again. This Court has regularly

5

approved the requested rates as prevailing in the community for similar services of lawyers of

6

reasonably comparable skill and reputation. *See* Pls. Br. at 12-13 (citing cases). Honda sidesteps these

7

examples and relies on inapposite decisions that it has cherry-picked but none establishes that the

8

requested rates here are unreasonable. *See* Def. Br. at 6-7. For example, in complaining that the rates

9

of $775 and $700 for two senior associates are too high, Honda relies on *Erickson v. Builder Advisor*

10

*Grp. LLC*, 2023 WL 3579317, at *2 (N.D. Cal. Feb. 3, 2023), but that decision involved only a motion

11

to compel compliance with a subpoena, not a class action or any complex litigation, and approved

12

associate rates of $550 and $675 as reasonable.  It did not hold that rates of $700 and $775 for senior

13

associates in class actions are unreasonable.[28] Honda further cites 2022 decisions for the proposition

14

that senior partner rates over $900 or $850 shouldn't be awarded.  Def. Br. at 6. Again, however,

15

Honda ignores the decisions cited by Class Counsel that approve partner rates of up to $1,600. *See*

16

Pls. Br. at 12-13. Honda further misconstrues this Court's decision in *Rollins v. Dignity Health*, 2022

17

WL 20184568, at *11 (N.D. Cal. July 15, 2022), as holding that $850 is the peak rate for senior

18

partners, and $350 is the top rate for associates. Def. Br. at 6. *Rollins* addressed fee requests by

19

*intervenor* plaintiffs' counsel, not the class counsel, and in fact cited the 2018 decision of this Court

20

in *Hefler* approving partner and senior counsel rates of up to $1250. *See id*.

21

Honda contends that, "[d]espite a diligent search," it couldn't locate "any automotive or class

22

case where this Court embraced rates anywhere near as steep as Class Counsel requested here."  Def.

23

_____

24

[28] *See HP Inc. v. Wiseta*, 2024 WL 1699564, at *5 (N.D. Cal. Mar. 15, 2024) (approving rate of $725 for senior associate); *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2023 WL

25

11820531, at *4 & n.6 (N.D. Cal. Dec. 18, 2023) (approving rates of up to $800 for associate); *In re MacBook Keyboard Litig.*, 2023 WL 3688452, at *15 (N.D. Cal. May 25, 2023) (up to $750 per hour

26

for associates deemed reasonable); *Facebook, Inc. v. Holper*, 2022 WL 17167958, at *15 (N.D. Cal. Sept. 27, 2022) ("up to $725 per hour for a senior associate with significant practice experience"

27

"within the reasonable range of the local market"); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving rate of

28

up to $790 for associates).

Br. at 7.  But Honda only needed to review cases cited from similar class actions, Pls. Br. at 12-13,[29] and the case of *Volkswagen*, where even higher rates of up to $1600 for partners, up to $790 for associates, and up to $490 for paralegals, were approved. 2017 WL 1047834, at *5.  Finally, Honda's challenge to the requested paralegal rates is similarly flawed and ignores the previously-cited decision of this Court approving paralegal rates of up to $490, as well as other comparable cases of this Court.[30]

### B.  Class Counsel's Rates are Adequately Supported

Honda mischaracterizes the evidence necessary to support the requested rates, and falsely states that "none of" the cited decisions involve rates "approaching Class Counsels' request here." Def. Br. at 7. They do.  *See* Pls. Br. at 12-13; *supra* at 9-10 & nn.28-30. Honda argues that Class Counsel's declarations are insufficient, applying a heightened particularity or evidentiary standard. Def. Br. at 7-8. But that is not the standard. "'[A] request for attorneys fees should not result in a second major litigation.'" *Proofpoint, Inc. v. Vade Secure, Inc*., 2020 WL 7398791, at *5 (N.D. Cal. Dec. 17, 2020).  "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id*. Honda ignores this standard, the decisions cited by Class Counsel detailing comparable rates, and the fact that this Court has held that such decisions and declarations from counsel are a proper basis to determine the prevailing rates in this District.[31]

### C.  Class Counsel's Requested Rates are Reasonable

As discussed above, the requested rates track this District's prevailing rates for the relevant legal market.  Ye, Honda nonetheless relies on its expert Mr. O'Connor to argue that counsel should

---

[29] *See also JUUL Labs*, 2023 WL 11820531, at *4 & n.6 (approving partner rates of up to $1200); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (finding rates up $1,325 for partners and up to $1,150 for counsel to be reasonable).

[30] *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 2024 WL 1286936, at *5 (N.D. Cal. Mar. 25, 2024) (approving paralegal rate of up to $325-345/hr); *JUUL Labs*, 2023 WL 11820531, at *4 & n.6 (approving paralegal rates of up to $425); *In re Magsafe Apple Power Adapter Litig.*, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (approving paralegal rate up to $240).

[31] *See Proofpoint*, 2020 EWL 7398791, at 12 (citing *Sacramento Area Elec. Workers Health & Welfare Tr. v. FAMCO*, 2019 WL 13203780, at *10 (N.D. Cal. Nov. 20, 2019)); *Cardoso v. FCA US LLC*, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) ("'well established that decisions by other courts addressing prevailing rates may be considered'") (citation omitted); *see also Wood v. D.C.*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) ("The traditional summary judgment standard is not applicable to the parties' motions [concerning attorney's fees]") (citing cases).

1   be paid a far lower hourly rate.  *See* Def. Br. at 9-11.  As discussed above, however, s*upra* at 11,

2   O'Connor's opinion as to whether the hourly rates requested by Class Counsel are reasonable involves

3   legal conclusions that are inappropriate here—as courts in this Circuit have previously recognized.

4   *See Goodson v. Cnty. of Plumas*, 2024 WL 99847, at *5 (E.D. Cal. Jan. 9, 2024) ("The court has not

5   relied on O'Connor's declaration. It is lengthy and includes primarily legal arguments").[32]

6         O'Connor's conclusions as to hourly rates also depart from the prevailing rates in this

7   District for similar attorneys, Pls. Br. at 12-13; *supra* at 10 & nn. 28-29. *See* O'Connor Decl. ¶¶ 42-

8   48, 87-115.  To be sure, though O'Connor relies on the unreliable RRR and "blended" rates to drive

9   the rates down, Honda and O'Connor do not deny that Class Counsel's actual rates are recognized as

10  comparable work in the San Francisco Bay Area.[33]  *See id*.  Moreover, Honda's and O'Connor's

11  reliance on blended rates, Def. Br. at 9, is improper; such rates are typically used where, unlike here,

12  there has been "'substantial time expended in discovery by junior attorneys with relatively low

13  billings rates.'"[34]  "A blended rate . . . does not assist the Court in reaching an accurate lodestar

14  calculation." *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452 (E.D. Cal. 2013).

15  **V.     Plaintiffs' Requested 1.24 Multiplier is Reasonable**

16        Honda challenges Class Counsel's request for a modest multiplier of 1.24, which is on the

17  lower end of multipliers usually awarded in class actions such as this one. *See* Pls. Br. at 21-22 (citing

18  cases).  Indeed, Honda ignores that "an upwards fee multiplier is commonplace in complex class

19

20  ───────────────

21  [32] Mr. O'Connor further relies upon the Real Rate Report. *See* O'Connor Decl. ¶¶ 88-93 & Ex. K.  But neither O'Connor nor the excerpt indicate that the cited rates concern lawyers for comparable litigation in the relevant legal market. *See*, *e.g.*, *Johnson v. 441 First St., LLC*, 2022 WL 2988849, at *3 (N.D.

22  Cal. July 28, 2022) ("the Real Rate Report offers ranges of billing rates without context; it does not address the nature of work done or the skill of the attorneys in each case"); *Johnson v. Layers, LLC*,

23  2022 WL 14813839, at *7 (N.D. Cal. Oct. 25, 2022) ("Real Rate Report is not focused on the market for ADA legal work").

24  [33] *See also United States v. Nosal*, 2014 WL 2109948, at *5 (N.D. Cal. May 20, 2014) (rejecting

25  opinion of Mr. O'Connor where he did "not contend that [law firm's] rates exceeded the local market rate for attorneys of similar experience, reputation and qualifications"), *vacated and remanded on*

26  *other grounds*, 844 F.3d 1024 (9th Cir. 2016).

27  [34] *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*, 731 F. Supp. 2d 937, 945-46 (N.D. Cal. 2010) (declining to apply blended rate because case involved lengthy litigation and attorneys with various levels of experience, including specialized knowledge); *Hiken v. Dep't of Def.*, 2013 WL 4482951, at

28  *5-6 (N.D. Cal. Jan. 14, 2013).

1   actions." *Davis v. Yelp, Inc.*, 2023 WL 3063823, at *2 (N.D. Cal. Jan. 27, 2023).  Honda also ignores

2   the actual test for a multiplier, which examines the quality of representation, the novelty and

3   complexity of the issues, and the results obtained, Pls. Br. at 21, and circularly argues that there was

4   no contingent risk presented because the hourly rates took into account that risk. *See* Def. Br. at 11.

5   Honda also wrongly contends that the presence of a contingent risk is not factor here.  *See id*.[35]  This

6   is wrong both factually and as a matter of law.  Honda cites no authorities to support it circular

7   reasoning, which is contrary to California and Ninth Circuit law.  Rather than face the actual law and

8   factors, Honda points again to O'Connor for the factors for determining whether to apply a multiplier.

9   Def. Br. at 11 n.5.  But O'Connor, again, offers only an impermissible legal conclusion, O'Connor

10  Decl. ¶¶ 173-77, which is  contrary to California and Ninth Circuit law.  *See* Pls. Br. at 21; *Nadaf-*

11  *Rahrov v. Neiman Marcus Grp., Inc.*, 2013 WL 5405370, at *11 (Cal. Ct. App. Sept. 27, 2013).

12          Honda further argues that applying a multiplier for a case taken on contingency would

13  contradict the Supreme Court's decision in City of *Burlington v. Dague*, 505 U.S. 557, 562 (1992).

14  But this is a state law case; *Burlington* applies federal law.  "The California Supreme Court . . .

15  declined to adopt the policy arguments underpinning *Burlin*gton and reaffirmed that a lodestar

16  enhancement is available for 'contingent risk' under state law." *Erhart v. BofI Fed. Bank*, 2023 WL

17  6382460, at *19 (S.D. Cal. Sept. 28, 2023) (*quoting Ketchum v. Moses*, 24 Cal. 4th 1122, 1138

18  (2001).  Indeed, *Ketchum* reaffirmed that multipliers are well established and entirely appropriate

19  under California law and vital to determining reasonable fee awards under California law. *Ketchum*,

20  24 Cal. 4th at 1137; *see Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *2 (N.D. Cal. June

21  9, 2018), *aff'd*, 803 F. App'x 73 (9th Cir. 2020).  Similarly unpersuasive is Honda's reliance on *Perdue*

22  *v Kenny A. ex. rel. Winn*, 559 U.S. 542 (2010), and *Parsons v. Ryan*, 949 F.3d 443, 467 (9th Cir.

23  2020), for the proposition that no multiplier should be awarded because the lodestar method of

24

25

---

26  [35] *See also Miguel-Sanchez v. Mesa Packing, LLC*, 2021 WL 4893394, at *11 (N.D. Cal. Oct. 20, 2021) ("purpose of this multiplier is to account for the risk Class Counsel assumes when they take on

27  a contingent-fee case"); *Moore*, 2014 WL 588035, at *15 ("Because Plaintiffs' counsels' hourly rates are the normal rates they charge in non-contingent cases . . ., without a multiplier the risk Plaintiffs'

28  counsel took in bringing this contingent-fee case would not be taken into account").

calculating attorneys fee is presumptively adequate.  *Perdue* and *Parsons* were decided under federal law and have no applicability to an attorney's fee award governed by state law.[36]

Honda complains that post-settlement work does not support the requested multiplier, *see* Pls. Br. at 22, 24, claiming that Plaintiffs "do not cite a single case holding that to be appropriate," Def. Br. at 12. But that ignores (1) that the requested multiplier will decrease over time given the expenditure of future hours concerning post-settlement work; and (2) the well-accepted principle that multipliers have been considered reasonable in light of future post-settlement work.[37]  More fundamentally, the vast majority of the work undertaken by Class Counsel led up to, but did not involve, post-settlement work.  As such, the requested multiplier of 1.24 is reasonable and properly reflects the four relevant factors.  Pls. Br. at 1-3, 12-20, 23-24.

## VI.   Honda's Request for a Downward Adjustment Based on Claims That Purportedly Did Not Succeed Lacks Merit

Honda contends argues that a reduction in the attorney fees is proper because Plaintiffs achieved only limited or partial success.  Def. Br. at 12-13, and that some of the Plaintiffs' claims were later dismissed or dropped from the case, or the case was otherwise narrowed.  Def. Br. at 13-15.  That analysis fails to apply the applicable standard.  "[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."[38]

---

[36] *See Ridgeway v. Wal-Mart Stores* Inc., 269 F. Supp. 3d 975, 995 (N.D. Cal. 2017); *Britto v. Zep Inc*., 2015 WL 5657147, at *16 (Cal. Ct. App. Sept. 25, 2015); *Ketchum*, 24 Cal. 4th at 1132-36.

[37] *See Torres v. N. Pac. Seafoods, Inc*., 2021 WL 7366176, at *2 (W.D. Wash. Dec. 9, 2021) (multiplier of 1.2 deemed reasonable where lodestar did not account for time spent on future work, and "Court is aware that the multiplier will decrease over time as Class Counsel will likely expend additional hours overseeing the settlement administration process"); *Huddlestun v. Harrison Glob., LLC*, 2019 WL 1029955, at *2 (S.D. Cal. Feb. 27, 2019) (multiplier deemed "reasonable, particularly in light of the significant amount of uncompensated work Class Counsel anticipates post-final approval of the settlement"); *Lewis v. Green Dot Corp.*, 2017 WL 11633453, at *11 (C.D. Cal. Nov. 22, 2017) ("multiplier is reasonable . . ., especially given that 'settlement administration is ongoing'"); *Moore*, 2014 WL 588035, at *16 ("any parsing of the multiplier would be likewise improper where, as here, Class Counsel's post-settlement work appears to have achieved substantial additional benefit for class members"); *Cornhusker Cas. Ins. Co. v. Kachman*, 2009 WL 2853119, at *4 (W.D. Wash. Sept. 1, 2009) ("The Court may adjust the lodestar figure in a contingency case to account for the risk that the attorney's time and effort may go uncompensated.").

[38] *Gunther v. Alaska Airlines, Inc*., 72 Cal. App. 5th 334, 362 (2021); *see also Danow v. L. Off. of David E. Borback, P.A*., 634 F. Supp. 2d 1337, 1343 (S.D. Fla. 2009) ("the fact that plaintiff brought and pursued related claims later dismissed or dropped before trial, does not . . . lead to the conclusion that plaintiff had only 'limited success' in the case."), *aff'd*, 367 F. App'x 22 (11th Cir. 2010).

1    Instead, where a plaintiff succeeded on only some claims, courts make a two-part inquiry:

2    "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he

3    succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably

4    expended a satisfactory basis for making a fee award?" *Vines v. O'Reilly Auto Enterprises, LLC*, 74

5    Cal. App. 5th 174, 183 (2022) (citing *Hensley*, 461 U.S. at 434).   Related claims involve a common

6    core of facts or are based on related legal theories. *LaLiberte v. Pac. Mercantile Bank*, 2012 WL

7    2129399, at *6-7 (Cal. Ct. App. June 13, 2012) (citations omitted).  To be unrelated, an unsuccessful

8    claim must seek to remedy a course of conduct distinct and separate from the course of conduct that

9    gave rise to the injury on which the successful claim was based.  *Id.*  If the claims are related, the

10    district court should focus on the significance of the overall relief obtained by the plaintiff in relation

11    to the hours reasonably expended on the litigation.  *Gunther*, 72 Cal. App. 5th at 361.

12    Plaintiffs' claims involved a common core of facts arising from the same common defect.

13    Honda does not dispute this or address this issue.  Instead, Honda relies again on O'Connor to argue

14    that "a haircut of 40%" is in order.  Def. Br. at 15.  As discussed above, that is an improper legal

15    conclusion.  For all of Honda's arguments about causes of action that Plaintiffs purportedly did not

16    succeed on, *see* Def. Br. at 13-15, the basic claims of fraudulent concealment, breach of warranty and

17    violation of consumer protection statutes were certified for a class trial and set the table for settlement.

18    As to the second step,[39] Plaintiffs achieved a level of success that makes the hours reasonably

19    expended a satisfactory basis for making a fee award.  The Court granted their motion for class

20    certification, a decision upheld on appeal.  The Class Settlement, reached following class certification,

21    an appeal, preparations for trial, and the Court's denial of Honda's many efforts to dismiss the case

22    (ECF Nos. 291, 306, 313, 355, 400), makes Class Members whole by by providing compensation for

23    HFL replacement or loss of use, and has a constructive value of approximately $33 million.  "[I]t is

24    reasonable that Class Counsel expended [$11,535.10] attorney and paralegal hours when considering

25

26    [39] "In this step, the court will evaluate the significance of the overall relief obtained by the plaintiff in
relation to the hours reasonably expended on the litigation. . . . Full compensation may be appropriate

27    where the plaintiff has obtained excellent results, but may be excessive if 'a plaintiff has achieved only
partial or limited success.'" *Espejo v. The Copley Press, Inc.*, 13 Cal. App. 5th 329, 382 (2017)

28    (internal quotation marks and citations omitted).

the duration of the litigation (approximately 8 years), the difficulty of assembling and certifying a Class, and the reputation of Class Counsel as experienced class action and consumer protection attorneys."   *Mitchell by Mitchell v. LVNV Funding, LLC*, 2020 WL 1862192, at *2 (N.D. Ind. Apr. 13, 2020).  This relief is significant, particularly in light of over 7 years of Honda's incessant efforts to dispose of the case:  three motions to dismiss, a motion to transfer venue, a motion for spoliation and for sanctions, six motions to strike Plaintiffs' expert witnesses, a motion for summary judgment; a motion for judgment on the pleadings; a motion to reconsider the class certification decision, and a petition for immediate appellate review in the Ninth Circuit.  *See* Pls. Br. at 2; ECF Nos. 42, 48, 91, 105, 130, 139, 263-68, 291, 313, 359-60, 400, 407. Class Counsel are entitled to a fully compensated.

## VII.   Class Counsel's Costs Are Sufficiently Detailed

Honda disputes $928,000 of the Plaintiffs' costs.  Def. Br. at 20.  As Class Counsel has demonstrated, these costs are sufficiently detailed and should be reimbursed.  *See* George Decl. ¶ 21.

## VIII.   Class Counsel Have Continued to Litigate the Case Beyond the Time Submitted with the Fee Petition and Are Entitled to Fees for Litigating Their Fee Petition

The litigation has continued since the work submitted as part of the fee petition in April was complete, adding over 290.5 hours.  *See* George Decl. ¶ 23; O'Brien Decl. ¶ 16.  Class Counsel has continued to implement the settlement, providing oversight to the claims administrator and assistance to Class Members.  And Class Counsel finalized and filed their fee petition and have worked tirelessly on this reply and supporting declarations.  While Class Counsel are not supplementing the fee petition to include these additional hours, they easily offset any of the petty nit-picking that drives Honda's opposition.  *See* Def. Br. at 3-4 (arguing 48.5 hours incorrectly billed).

## CONCLUSION

For all these reasons and the reasons stated in Class Counsel's opening papers, the Court should approve an award of $10,900,000 to Class Counsel for attorneys' fees, $1,037,458.66 for expenses, and the requested service awards of $7500 for each of the Class Representatives.

DATED: August 1, 2024                          Respectfully submitted,

By:   */s/ Christopher A. Seeger*
Christopher A. Seeger (admitted *pro hac vice*)
SEEGER WEISS LLP

55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone:  (973) 639-9100
Facsimile: (973) 679-8656
Email: cseeger@seegerweiss.com

 /s/ James E. Cecchi
James E. Cecchi (admitted *pro hac vice*)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com

*Co-Lead Class Counsel*