SHOOK, HARDY & BACON L.L.P.
Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  424.285.8330
Facsimile:   424.204.9093

Amir M. Nassihi (SBN 235936)
anassihi@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone:  415.544.1900
Facsimile:   415.391.0281

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LINDSAY and JEFF ABERIN (a married couple), DON AWTREY, CHARLES BURGESS, JOHN KELLY, YUN-FEI LOU, and JOY MATZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 4:16-cv-04384-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S RESPONSE IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: August 15, 2024<br>Time: 2:00 p.m. PST<br>Courtroom: 6 |

**PROCEDURAL HISTORY**

In opposition to Plaintiffs' motion for fees and expenses, AHM opposed $928,000 in expenses, on the grounds that they were not supported with sufficient detail to allow either AHM or this Court to assess and evaluate their necessity and reasonableness. *See* Dkt. 459, at 20 (raising objections). All AHM knew at the time was that this $928,000 represented transfers from Plaintiffs' counsel to a litigation fund, with each firm contributing various amounts. *See* Cecchi Decl. Ex. C (showing $435,000 spent on an undescribed line item called "Litigation Fund"); Seeger Decl. Ex. C (same, but for $450,000); Berman Decl. Ex. C (showing a $5,000 line for undescribed "Cost Fund Contributions"); Shah Decl. (showing $18,00 for undescribed "Case Fund Contributions"); Steiner Decl. Ex. C (showing $20,000 for undescribed "Cost Fund Contributions"). AHM objected that it was Class Counsels' burden to show the reasonableness and necessity of their costs, but that Plaintiffs' counsel provided no detail that would allow them to meet their burden.

This Court appears to have agreed. At the August 15, 2024 hearing, this Court gave Plaintiffs until August 22, 2024 to file a "list of expenses," giving AHM until August 29, 2024 to file its response. *See* Dkt. 469. Plaintiffs filed a new Declaration of Scott George, which detailed $937,539.66 in costs from this litigation fund. *See* Dkt. 470-1.

**AHM'S OBJECTIONS**

In response to the Court's request for detailed information regarding costs Plaintiffs' incurred in the litigation, Plaintiffs provided a list of expenses, but they document the expenses only at the highest level of generality, in the format of a ledger. Dkt. 469. They do not attach receipts or other source documents. Resultantly, AHM—and this Court—are still left to guess what some of these expenses are for.

That said, AHM does not object to most of the expenses, such as those for class notice, as they appear to be facially proper. But for the three categories detailed below,

the expense lines are vague or not properly payable. All three categories below should be disallowed.

### I.     Wire Transfer to King & Spalding for $11,187.75.

On October 9, 2018, the litigation fund shows an $11,187.75 payment to King and Spalding LLP, the previous law firm representing Defendant in this case. Dkt. 470-1, at 2. The only description is for a wire "related to vehicle inspection." *Id.* This cost goes unmentioned in the George Declaration. *See* Dkt. 470. In reality, the expense was to reimburse prior defense counsel for travel and other costs to pay for a cancelled vehicle inspection. See Shortnacy Decl., Ex A., at ¶ 4.

Under the settlement agreement, Plaintiffs must show that their expenses were reasonably and necessary incurred, and they must receive this Court's approval. *See* Dkt. 429-2. For this expense, there is not enough supporting detail provided to be able to identify the purpose and necessity of the outlay. Not only do Plaintiffs fail to meet their burden of explaining why it was necessary, it plainly is not reimbursable, as it was costs paid for Plaintiffs not showing up to a previously scheduled vehicle inspection.

### II.    Trial Consultation Expenses to Amy G. Hall for $10,000.

Plaintiffs made two $5,000 payments to Amy G. Hall for trial consultation expenses, one on November 22, 2021, and another on December 13, 2021. Dkt. 170-1, at 3. The George Declaration does not provide any additional detail, just describing her as a "trial consultant." Dkt. 470-1, at ¶ 9.

Plaintiffs do not provide any explanation or details on what, if any, trial consulting was provided by Amy G. Hall. They do not denote what aspects of trial Ms. Hall consulted on, why her work was useful (let alone reasonable), or why it needed to be done at all given the experience and sophistication of Plaintiffs' lead trial lawyers. Without such details, Plaintiffs have not satisfied their burden to establish the reasonableness of these costs.

### III. Litigation Valuation Analysis Costs for $160,572.50.

Plaintiffs made three payments to National Economic Research Associates, Inc. for "NERA Litigation Valuation Analysis." Dkt. 470-1, at 4. The first payment was on November 15, 2022, for $44,598.75; the second was on December 9, 2022, for $61,390.00; the third and final payment was on June 3, 2024 for $54,583.75. *Id.* Plaintiffs claim that these fees were paid to prepare "value models for potential settlements, including the valuation Plaintiffs submitted to the Court with their Fee Petition." Dkt. 470-1, at ¶ 10.

Plaintiffs did attach the report of Richard J. Eichmann to their fee opposition. *See* Dkt. 448 Ex. H. That document—and the underlying economic analysis—cannot be reimbursed for three reasons. First, as with the other expenditures above, Plaintiffs' failure to attach supporting detail is fatal to their request: both AHM and this Court cannot evaluate the expenditures for necessity or reasonableness. Second, Mr. Eichmann's work has proven to be patently flawed. He projected, under this settlement, upwards of $19 million of potential replacement reimbursements and up to $3 million in disconnection payments. *See* Dkt. 448-1, at 5. The actual number was much lower: claims in this case are not expected to rise beyond $540,000. Dkt. 459-2. It has proven to be of minimal to no use in the issues surrounding the fee motion it was prepared for. And third, it is unclear why Plaintiffs sought to use such models in the first place. After *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 992 (9th Cir. 2023), the law is clear that 'courts must consider the actual or realistically anticipated benefit to the class—not the maximum or hypothetical amount—in assessing the value of a class action settlement." Plaintiffs could have looked at actual claims for a far lower cost; they didn't. That means these costs were not reasonably incurred.

### CONCLUSION

Plaintiffs' original request was for $928,000 in cost reimbursements from their litigation fund. As set forth above, AHM objects to $188,720.09 of those costs. Those costs should be disallowed.

1  Dated: August 29, 2024    Respectfully submitted,

3  SHOOK, HARDY & BACON L.L.P.

5  By: */s/Michael L. Mallow*
       Michael L. Mallow
6      Attorneys for Defendant
       American Honda Motor Co., Inc.