Christopher A. Seeger (pro hac vice)
Scott George (pro hac vice)
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-865a6
Email: cseeger@seegerweiss.com

James A. Cecchi (pro hac vice)
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO LLP
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com

*Co-Lead Class and Settlement Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| *Aberin et al. v. American Honda Motor Co., Inc.* | Case No. 4:16-cv-04384-JST<br><br>**DECLARATION OF SCOTT A. GEORGE IN REPLY TO DEFENDANT'S FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |
|---|---|

I, SCOTT A. GEORGE, declare:

1. I am an attorney licensed to practice in New Jersey, New York, and Pennsylvania, and am admitted to practice in this Court *pro hac vice*. I have personal knowledge of the information stated below based on my knowledge of this Action and review of the file and would be competent to testify thereto. I submit this declaration in reply to Defendant American Honda Motor Co., Inc.'s

- 1 -
DECLARATION OF SCOTT A. GEORGE IN REPLY TO DEFENDANT'S FURTHER OPPOSITION TO
PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS
Case No. 4:16-cv-04384-JST

Response in Further Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 471) ("Response").

2. Defendant continues to generate unnecessary disputes and litigation, in contravention of the Supreme Court's teaching that, in determining recoverable fees and costs, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the Court is to "do rough justice, not to achieve auditing perfection." *Id.* Having objected to all but $109,458.66 of Plaintiffs' litigation expenses, Honda now concedes as appropriate an additional $748,816.57 of those expenses, but now further disputes, incorrectly, three categories of expenses paid from the Litigation Fund. For these three remaining categories of expenses, Defendant does not challenge that such payments were made and tacitly acknowledges that these costs were incurred in the course and in furtherance of the litigation of Plaintiffs' claims. Rather, it continues to create issues where none exist, forcing Plaintiffs to incur additional attorney time and the Court to dedicate more labor to this protracted matter, and making demands in excess of what is required to support a fee petition.

3. First, the payment of $11,187.75 to Honda's former counsel related to one of the inspections of a Plaintiffs' vehicles that was an expense borne by Plaintiffs alongside the expenses they incurred during these inspections. In its Response, Defendant concludes that "there is not enough supporting detail provided to be able to identify the purpose and necessity of the outlay." Response at 2. However, this challenge is baseless because Defendant itself provides the declaration of one of its former counsel, Michael Shortnacy, confirming that the expense related to the inspection of one of Plaintiffs' vehicles. ECF No, 471-1. Moreover, the supporting Shortnacy Declaration misstates the reason for the payment, stating that it "was a reimbursement by Plaintiffs to King & Spalding for expenses AHM incurred due to Plaintiffs' counsel not appearing at a previously-scheduled vehicle inspection." ECF No. 471-1 ¶ 4. Rather, the Plaintiff whose vehicle was being inspected mistakenly

brought it to the wrong dealership in Delaware. The Parties agreed to reschedule the inspection and that Plaintiffs would cover some costs incurred for that initial inspection—which were held as reimbursable client costs.

4. Second, Plaintiffs engaged the services of Amy Hall, a trial consultant, as part of trial preparations and paid her $10,000 for these services. Honda does not challenge the existence of this expense. Rather, going beyond the scope of its opening opposition to Plaintiffs' requests for costs, Honda further parses this objection to this expense because, it asserts, Plaintiffs don't explain "what aspects of trial Ms. Hall consulted on, why her work was useful," and further suggests that Plaintiffs did not *need* to use a consultant because of the "experience and sophistication of Plaintiffs' lead trial lawyers." Response, at 2. The lawyers at Seeger Weiss, like trial lawyer of all stripes, routinely use the services of trial consultants and focus groups in preparation for trials, and have used the services of Ms. Hall for trial preparation in other litigation. My firm has found that she offers unique insights into the development of visual trial aids for use in jury trials, which are the services we believed were appropriate for this litigation, and resulted in the development of several demonstrative exhibits and refined trial themes.

5. Additionally, the three payments made to National Economic Research Associates ("NERA") for the valuation of various settlement models, including the one ultimately agreed to by the Parties, were undeniably related to the litigation. Indeed, NERA's valuation of some preliminary models facilitated the negotiations that ultimately led to the Settlement Agreement. In its Response, Honda mounts three challenges.

6. First, it argues that there is not sufficient detail (Response, at 3), yet one of these reports was submitted to the Court in support of the underlying Fee Petition and Plaintiffs offered to provide any invoices the Court or Honda may have questions about. ECF No. 470 at ¶ 5. Rather than request the invoices for this and the other challenges items, Honda instead chose to file further

opposition to the Fee Petition.  Second, Honda points to the disparity between NERA's valuation and the claims made for benefits. Response, at 3.  As was made clear in the report submitted to the Court, however, NERA modeled the anticipated incidents of failure and remediation (e.g. replacement or disconnection of an HFL unit) and, based on available benefits, the total potential value of a settlement—which under controlling law is relevant to a fee petition.  *See, e.g.,* ECF No. 448 at 5-8.  Third, Defendant calls up *Lowery* to argue that such a model is improper.  But *Lowery* addressed, attorneys' fees in the context of a fee petition filed under the federal copyright laws (17 U.S.C. § 101, *et seq.*), it did not involve state law consumer protection claims; it also did not address the issue of reimbursement of costs and expenses, and, as mentioned above, a key use of the NERA reports was to facilitate the negotiations that lead to the Settlement Agreement that is awaiting potential Final Approval.

      7.    Finally, Honda ignores that the fees incurred by Class Counsel as a result of the fee-related litigation that has Honda has perpetuated since after the Plaintiffs filed their opening fee petition, yet for which Class Counsel is not seeking an award, easily exceeds $175,000, *see* George Decl. ECF No. 463-1, at ¶ 23; O'Brien Decl., ECF No. 463-2, at ¶ 16, and more than offsets the $109,458.66 of Plaintiffs' litigation expenses that Honda now challenges.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of September, 2024.

      Respectfully submitted,

By:   */s/ Scott A. George*
Scott A. George (admitted *pro hac vice*)
SEEGER WEISS LLP
325 Chestnut St., Suite 917
Philadelphia, PA 19106

- 4 -

DECLARATION OF SCOTT A. GEORGE IN REPLY TO DEFENDANT'S FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS
Case No. 4:16-cv-04384-JST

Telephone: (215) 553-7982
Email: sgeorge@seegerweiss.com

DECLARATION OF SCOTT A. GEORGE IN REPLY TO DEFENDANT'S FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS
Case No. 4:16-cv-04384-JST