# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ABERIN, *et al.*, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | Case No. 4:16-cv-04384-JST <br><br> [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT <br><br> Judge: Honorable Jon S. Tigar |

THIS MATTER having come before the Court for consideration of the parties' application for Final Approval of Class Action Settlement and the parties' briefing related to Plaintiffs' application for an Award of Attorneys' Fees, Reimbursement of Expenses and Plaintiffs' Service Awards. The terms used in this Order that are defined in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

WHEREAS, Defendant American Honda Motor Co., Inc. ("Defendant" or "AHM") and Plaintiffs Lindsay and Jeff Aberin (a married couple), Don Awtrey, Charles Burgess, John Kelly, and Joy Matza ("Named Plaintiffs") reached a Class settlement (the "Settlement");

WHEREAS, the parties submitted the Settlement Agreement together with their motion for preliminary approval of the proposed settlement to the Court;

WHEREAS, the Court gave its preliminary approval of the Settlement on February 1, 2024 (the "Preliminary Approval Order") and directed the parties to provide notice to the Class of the

proposed Settlement and the Final Approval Hearing by first class mail, postage prepaid, and electronically by email if possible under the terms of the Settlement Agreement;

WHEREAS, the court-appointed Notice Administrator, JND Legal Administration, effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, Named Plaintiffs submitted their motion for final approval of class settlement, and motion for award of attorneys' fees and expenses, and approval of incentive awards on April 4, 2014 and AHM submitted its opposition to Plaintiffs' motion on June 26, 2024;

WHEREAS, on August 15, 2024, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court, whether Class Counsel's request for attorneys' fees in the amount of $10,900,000, and reimbursement of expenses in the amount of $1,037,458.66 should be awarded; and whether the request for an incentive award to each of the Named Plaintiffs in the amount of $7,500 should be approved; and

WHEREAS, the parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the pleadings and evidence filed in support of final approval of the Settlement as well as Plaintiffs' requested award for attorneys' fees, reimbursement of expenses and incentive awards and supporting documentation and AHM's Opposition, and hearing the attorneys for the parties,

IT IS ON THIS 11th day of June, 2025, ORDERED and, ADJUDGED that the Settlement is finally approved and the Court hereby finds and orders as follows:

1.  The Court finds, upon review of the Settlement and consideration of the relevant factors listed under Rule 23(e)(2) and discussed in *In re Bluetooth Headset Prod. Liab. Litig.*, 654

1 F.3d 935, 946 (9th Cir. 2011), that the Settlement is fair, reasonable and adequate. Accordingly, the Settlement is hereby finally approved by the Court.

2. The Settlement is in the best interests of all Class Members and Defendant.

3. This Final Approval Order and Judgment incorporates and makes part hereof the Settlement Agreement and all Exhibits thereto.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). Further, the Court has personal jurisdiction over the Plaintiffs and Defendant, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Approval Order, and for any other necessary purpose.

5. In addition to having personal jurisdiction over the Plaintiffs, the Court also has personal jurisdiction over all Settlement Class Members because they received the requisite notice and due process. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)).

6. Based upon the record before the Court, its earlier Order Granting Motion for Class Certification (ECF No. 291), all submissions in support of the Settlement and for modification of the earlier Order Granting Motion for Class Certification (ECF No. 291), the 10 objections and 57 opt-out requests, as well as the Settlement Agreement itself, the Court hereby certifies a Class of all persons who purchased the following Acura vehicles before the vehicles reached 10 years/120,000 miles: 2004-2008 TL, 2005-2008 MDX, or 2007-2009 RDX in the States of California, Kansas, New York and Washington,

7.  Excluded from the Class are Defendant and its parents, subsidiaries, and affiliates; all persons who properly elect to be excluded from the Classes; governmental entities; and the undersigned Judge to whom this case is assigned and his immediate family.

8.  In so holding, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Class for settlement purposes because: Class members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims and defenses of the Named Plaintiffs are typical of the claims and defenses of the Class Members they represent; the Named Plaintiffs have fairly and adequately protected the interests of the Class with regard to the claims of the Class they represent; common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Class sufficiently cohesive to warrant a class settlement; and the certification of the Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class based, *inter alia*, upon the Court's familiarity with the claims and parties in this case.

9.  The Settlement Agreement and the proposed Settlement were reached after lengthy and rigorous arm's-length negotiations between the parties. The Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate.

10.  The Settlement was the result of the parties' good faith negotiations and counsel has adequately assessed this case's strengths and weaknesses and structured the Settlement in a way that adequately accounts for those strengths and weaknesses.

11. The Court finds that in negotiating, entering into, and implementing the Settlement, the Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

12. Notice in the form approved by the Court was provided, and it constituted the best practicable notice under the circumstances. The Court further finds that the forms of Notice were concise, clear, and in plain, easily understood language and were reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to be excluded from the Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members; and were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.

13. The terms of the Settlement Agreement and the Final Approval Order are binding on the Named Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns.

14, As set forth in the Settlement Agreement and by operation of law, and incorporated by reference hereto, the terms of the Settlement Agreement and the Final Approval Order shall release any and all claims, actions, causes of action, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, causes of action, allegations of wrongdoing, liabilities, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade

practices, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal law, state law, common law, or local law, which the Named Plaintiffs and/or any Settlement Class Member had, have, or may in the future have, with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences relating to or arising out of the HFL System, as asserted in the Litigation, including via the use of a class action procedural device by the Named Plaintiffs and/or Settlement Class Members whether at law or equity, against AHM and all of the Releasees for injunctive relief, declaratory relief, and economic injury or damages. The Released Claims do not include claims for personal injury or wrongful death.

14. The parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

15. All claims against AHM in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

16. The Release set forth in the Settlement Agreement is incorporated by reference and shall mean AHM, its parent, subsidiaries, affiliates and related entities and all of its past and present directors, officers, employees, partners, principals, agents, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, Authorized Honda and Acura dealers, distributors, suppliers, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries.

17. The Court hereby grants Class Counsel an award of reasonable attorneys' fees, in the amount of $8,555,519.50, and reimbursement of costs and expenses in the amount of

$1,026,270.91, in the total amount of $9,581,790.41.  The Court also grants each Named Plaintiff an incentive award in the amount of $5,000.

18.     Within forty-five (45) days after the Effective Date, provided that the order(s) awarding Class Counsel Fees and Expenses and/or Service Awards have become Final, and provided that Class Counsel has provided AHM with requisite W-9s and completed wire transfer forms, AHM shall pay, by wire transfer to the trust account of Seeger Weiss LLP, the Class Counsel Fees and Expenses and Service Awards.

19.     Nothing in this Settlement Agreement or Settlement shall be construed or admissible as an admission by AHM of any wrongdoing whatsoever including an admission of a violation of any statute or law, or of liability on the claims or allegations in the Litigation; and the Parties agree and understand that neither this Settlement Agreement nor the settlement it represents shall be construed or admissible as an admission by AHM in the Litigation or any other proceedings that the Named Plaintiffs' claims, or similar claims, are or would be viable or suitable for class treatment if the Litigation proceeded through both litigation and trial.

20.     Without affecting the finality of the Final Approval Order and Judgment, the Court may retain continuing and exclusive jurisdiction over the parties, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

21.     There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

**IT IS SO ORDERED.**

Dated:  June 11, 2025

_____
JON S. TIGAR
United States District Judge